USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/13/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SABRINA HART, ON BEHALF OF HERSELF, ALL :
OTHERS SIMILARLY SITUATED, AND THE :
PROPOSED NEW YORK RULE 23 CLASS, : 09 Civ. 3043(JGK)(THK)
 :
Plaintiff, :
 :
-against- : SCHEDULING ORDER
 :
RICK'S CABARET INTERNATIONAL INC., RCI :
ENTERTAINMENT (NEW YORK) INC., and :
PEREGRINE ENTERPRISES, INC., :
 :
Defendants. :
 :
------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This FLSA action having been referred to this Court for general pretrial supervision; and the parties having participated in a conference with the Court to discuss discovery and scheduling matters on July 9, 2009; it is hereby ORDERED that:

1. Plaintiffs shall make initial disclosures as required by Fed. R. Civ. P. 26(a)(1) by no later than July 23, 2009.

2. As discussed during the July 9 conference, on the assumption that the necessary preliminary discovery has been accomplished, Plaintiffs shall move for conditional certification of a nation-wide collective action by October 30, 2009.

3. Plaintiffs shall move for certification of a New York class pursuant to Rule 23 on or before March 1, 2010.

4. Plaintiffs shall disclose the identity of class certification experts under Rule 26(a)(2)(A) on or before December 1, 2009 and provide the expert report on or before December 15,

2009. Defendants shall disclose the identity of their class certification experts on or before January 15, 2010 and provide the expert report on or before February 15, 2010. Plaintiffs shall be entitled to depose Defendants' class certification expert at least one week prior to filing the motion for class certification. Defendants shall be entitled to depose Plaintiffs' expert at least one week prior to filing Defendants' response to the class certification motion.

5. Dispositive motions shall be filed within 60 days after the end date for all discovery.

6. Information maintained in electronic form shall be produced in electronic form.

7. The parties will be permitted to take in excess of 10 depositions upon a showing of good cause.

8. The following rules shall govern all pretrial activity in this case:

If any discovery disputes arise during this case, the parties must make a good faith effort to resolve them. If disputes cannot be resolved, they should be brought to the Court's attention by letter. This letter should be brief and to the point so as to allow for expeditious resolution of discovery disputes without the need for formal motions. A responsive letter should be submitted within three days. Failure to bring disputes to my attention promptly and in advance of the discovery deadline will result in a

waiver of remedies as to such disputes.

Telephonic applications will be entertained only where disputes arise in the course of depositions or in genuine emergencies. In all other cases, applications must be made by letter to my chambers. If the application is for an extension of time, the letter-application (indicating whether all parties consent) must be delivered to my chambers at least ten days prior to the original due date.

Papers filed with the Court should be marked "Referred to Magistrate Judge Katz." The Clerk of the Court and my chambers must be advised of any change of address or telephone number.

SO ORDERED.

                                          Theodore H. Katz
                                    United States Magistrate Judge

Dated:    July 10, 2009
             New York, New York