**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **SABRINA HART, REKA FUREDI and SUZIANE MOREIRA GUBLER on behalf of themselves and all others similarly situated, and the Proposed New York Rule 23 Class,** | ) | **Case No. 09-CV-3043 JGK/THK** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **AFFIDAVIT OF E. MICHELLE DRAKE** |
| **RICK'S CABARET INTERNATIONAL INC., RCII ENTERTAINMENT (NEW YORK) INC., PEREGRINE ENTERPRISES, INC.,** | ) | |
| **Defendants.** | ) | |

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

E. Michelle Drake, being duly sworn, states as follows:

1. I am one of the attorneys for the Plaintiffs in the above-entitled matter. I have personal knowledge of the facts set forth in this Affidavit and if called as a witness for this purpose, I could and would testify competently under oath to them.

2. I submit this Affidavit in support of Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss.

3. A true and correct copy of the following documents are attached hereto to as exhibits:

**EXHIBIT 1:** Correspondence from Anna Prakash to Racquel Crespi Weintraub, dated August 25, 2009;

**EXHIBIT 2:** Correspondence from Racquel Crespi Weintraub to Anna Prakash, dated September 1, 2009;

**EXHIBIT 3:** Excerpts from Rick's Cabaret Int'l, Inc., Annual Report (Form 10-K), dated September 30, 2005;

**EXHIBIT 4:** Excerpts from Rick's Cabaret Int'l, Inc., Annual Report (Form 10-K), dated September 30, 2005 Amended;

**EXHIBIT 5:** Excerpts from Rick's Cabaret Int'l, Inc., Annual Report (Form 10-K), dated September 30, 2006;

**EXHIBIT 6:** Excerpts from Rick's Cabaret Int'l, Inc., Annual Report (Form 10-K), dated September 30, 2007;

**EXHIBIT 7:** Excerpts from Rick's Cabaret Int'l, Inc., Annual Report (Form 10-K), dated September 30, 2008;

**EXHIBIT 8:** Langan Exotic Dancer Article;

**EXHIBIT 9:** MN Entertainer Guidelines;

**EXHIBIT 10:** NY Entertainer Guidelines;

**EXHIBIT 11:** Excerpts from the Deposition of Eric Langan;

**EXHIBIT 12:** Excerpts from the Deposition of Caroline Ebert;

**EXHIBIT 13:** Excerpts from the Deposition of Anderson Studebaker taken March 26, 2009;

**EXHIBIT 14:** Excerpts from the Deposition of Anderson Studebaker taken June 10, 2008;

**EXHIBIT 15:** Excerpts from the Deposition of Travis Reese;

**EXHIBIT 16:** Excerpts from the Deposition of Michael Adragna;

**EXHIBIT 17:** Past Due Fees Posting;

**EXHIBIT 18:** No Show Fine Posting;

**EXHIBIT 19:** Excerpts from the Deposition of Phil Marshall;

**EXHIBIT 20:** Excerpts from Defendant Rick's International, Inc.'s (RCII) Discovery Responses to Plaintiffs, including Plaintiffs' Affidavit of Service of initial Discovery Requests on Defendants, as well as those portions Defendant Peregrine Enterprises, Inc.'s Discovery Responses to Plaintiffs referenced in RCII's Responses.

**EXHIBIT 21:** William Imbeault Complaint;

**EXHIBIT 22:** Dance Dollar Report for William Imbeault;

**EXHIBIT 23:** Hart Entertainer Charge Summaries, Login Reports and Dance Dollar Reports;

**EXHIBIT 24:** Furedi Entertainer Charge Summaries, Login Reports and Dance Dollar Reports;

**EXHIBIT 25:** Entertainer Guidelines;

**EXHIBIT 26:** Correspondence from E. Michelle Drake, dated July 21, 2009;

**EXHIBIT 27:** Correspondence from E. Michelle Drake, dated July 27, 2009;

**EXHIBIT 28:** Side-by-side comparison of damage calculations;

**EXHIBIT 29:** Hart damages spreadsheet;

**EXHIBIT 30:** Furedi damages spreadsheet;

**EXHIBIT 31:** Sec'y of Labor v. Labbe, No. 08-12120, 2008 WL 4787133 (11th Cir. Nov. 4, 2008);

**EXHIBIT 32:** Nichols v. Mahoney, --- F. Supp. 2d ----, 2009 WL 928092 (S.D.N.Y. 2009);

**EXHIBIT 33:** Reich v. ABC/York-Estes Corp., 91 Civ. 6265(BM), 1997 WL 264379 (N.D. Ill. May 12, 1997);

**EXHIBIT 34:** Chan v. Sung Yue Tung Corp., Case No. 03 Civ. 6048 (GEL), 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007);

**EXHIBIT 35:** Yeboah v. Central Parking Systems, No. 06-CV-0128 (RJD)(JMA), 2007 WL 3232509 (E.D.N.Y. Nov. 1, 2007);

**EXHIBIT 36:** Reyes v. Carnival Corp., 04-21861-CIV, 2005 WL 4891058 (S.D. Fla. May 25, 2005);

**EXHIBIT 37:** Reed v. TJX Cos., Inc., No. 04 C 1247, 2004 WL 2415055 (N.D. Ill. Oct. 27, 2004);

**EXHIBIT 38:** Davis v. Abercrombie & Fitch Co., No. 08 Civ. 1859(PKC), 2008 WL 4702840 (S.D.N.Y. Oct. 23, 2008);

**EXHIBIT 39:** Raney v. Young & Brooks, No. Civ. A H-05-0410 (SL), 2005 WL 1249265 (S.D. Tex. Apr. 26, 2005);

**EXHIBIT 40:** Weiss v. Fein, Such, Kahn & Shepard, P.C., No. 01 Civ. 1086, 2002 WL 449653 (S.D.N.Y. March 22, 2002);

**EXHIBIT 41:** Silva v. Nat'l Telewire Corp., No. 99 Civ. 219, 2001 WL 1609387 (D. N.H. Dec. 12, 2001);

**EXHIBIT 42:** Janikowski v. Lynch Ford, Inc., No. 98 Civ. 8111, 1999 WL 608714 (N.D. Ill. Aug. 5, 1999);

**EXHIBIT 43:** Correspondence from Anna Prakash to Racquel Crespi Weintraub dated September 4, 2009; and

**EXHIBIT 44:** 30(b)(6) Deposition Notices for Rick's Cabaret International, Inc. and RCI Entertainment (New York), Inc..

4. The parties have met and conferred with respect to numerous other discovery disputes surrounding Defendants refusal to provide discovery relating to any club except the club located in New York. Plaintiffs anticipate that these issues will shortly be before Magistrate Judge Katz.

5. Discovery in the case I litigated against RCII in Minnesota was strictly limited to RCII"s Minnesota location. My ability to ask questions about RCII's operations in other states was extremely curtailed by the Court.

6. My office performed an analysis of documents produced by Defendants in this matter in order to calculate whether Defendants' claim that dance dollar payments could be used to satisfy the minimum wage is credible. In performing this analysis, Plaintiffs do not concede that dance dollars count as wages. Rather, Plaintiffs performed this analysis to show that even if dance dollar payments can be counted as wage payments, the payments are still insufficient to satisfy Defendants' obligations.

7. In performing this analysis, we relied on records Defendants produced of the dates on which Plaintiffs Hart and Furedi performed services at Defendants' New York location. (Exs. 23 and 24.) Using Defendants' records, we calculated the hours each Plaintiff worked in a given calendar week (from Sunday-Saturday). Plaintiffs then used Defendants' records to calculate each Plaintiffs' net wages. Net wages were calculated as the dance dollar payout amount indicated on Defendants' records (Exs. 23 and 24), less fees indicated as paid on the Entertainer Charge Summary (Exs. 23 and 24), less a $20 DJ payout for each night. Notably, management fees and other fees mentioned

in Defendants' records were not included in Plaintiffs' calculations, making Plaintiffs calculations conservative and favorable to the Defendant.

8. Based on these calculations, the results of which are attached to this Affidavit as Exhibits 29 and 30, Plaintiffs concluded that in 20 of the 50 total weeks that Plaintiff Hart performed services at Defendants' New York location, the amount she was paid in exchange for dance dollars was less than the minimum wage under New York Law. In 16 of the 50 weeks, Plaintiff Hart's wages were less than federal minimum wage. In 14 of the 23 total weeks that Plaintiff Furedi performed services at Defendants' New York location, the amount she was paid in exchange for dance dollars she turned in was less than the minimum wage under New York Law. In 14 of the 23 Plaintiff Furedi's wages were less than federal minimum wage.

9. Hart's attorneys' fees and costs as of the date of Defendants' Rule 68 Offer were $30,665.71.

10. For reasons set forth herein, Plaintiffs are not currently in a position to fully respond with essential facts necessary to adequately refute Defendants' arguments at the summary judgment stage on the following issues:

**I. Plaintiffs Cannot Present Essential Facts in Response to a Motion for Summary Judgment Regarding Whether Plaintiffs Have Failed to Join Indispensible Parties.**

**A. The Nature of Uncompleted Discovery.**

Plaintiffs have served Defendants with discovery requests going directly to the issue of whether Defendant Rick's Cabaret International, Inc. ("RCII") is an employer of Plaintiffs and members of the putative nationwide collective. Indeed, Plaintiffs' first set of discovery requests contains numerous requests asking for such nationwide discovery,

including requests for the names and contact information of Defendants' entertainers nationwide, information on persons with managerial authority over any of Defendants' clubs, and information on policies governing entertainer conduct at each of Defendants' various clubs. (Ex. 20.)

Plaintiffs have also served Defendants with numerous other discovery requests going to the issue of employer status, including information on Defendants' decision to categorize entertainers as independent contractors, hierarchical structure, and relationship to Plaintiffs (i.e., the ability to hire and fire, supervise, determine rate and method or pay, and whether Defendants' maintain Plaintiffs' employment or personnel records). (Exs. 1, 2, 20 and 43.) To date, Plaintiffs have not received fully responsive answers to any of these requests.

Plaintiffs have also served two notices of deposition on RCII's corporate deponents (Ex. 44); yet, no depositions have taken place and Plaintiffs have been forced to request that Defendants provide Plaintiffs with dates on which the deponents will be available to sit for a deposition (see Exs. 1, 2, 43). As soon as is practicable, Plaintiffs intend to re-notice this deposition and notice the depositions of the other Defendants and certain of Defendants' managers, officers, and persons with bookkeeping responsibilities, including Ed Anakar, Ken Sistrunk, Ashley Langan , Bonnie Langan, Phil Marshall, and various other regional managers.

### B. The Discovery Sought is Reasonably Expected to Create a Genuine Issue of Material Fact.

Defendants claim that their various subsidiaries were employers of the putative class members outside of New York and that, as such, the various subsidiaries are indispensible parties to this lawsuit. (Defs.' Mem. at pp. 5-12.) In short, Defendants

claim that RCII is not an "employer" under the FLSA. (Defs.' Mem. at p. 9.) The discovery described above goes directly to the issue of whether or not RCII is an employer of Plaintiffs and the putative nationwide collective. For example, based on the testimony and publicly available information cited in Plaintiffs' Response Memorandum, Plaintiffs believe that the nationwide discovery sought—such as information on policies governing entertainer conduct at Defendants' various clubs— will be uniform and come from the parent company, not the subsidiaries. In arguing that RCII is not an employer, Defendants appear to believe otherwise. Similarly and for the same reasons, Plaintiffs believe that the corporate depositions as well as documents or information on classification decisions, hierarchy, and control over Plaintiffs will reveal that the parent company is truly an employer under the FLSA. Again, Defendants appear to believe otherwise.

**C. Plaintiffs have acted diligently in requesting discovery.**

Plaintiffs served their first set of discovery on Defendants on June 10, 2009. (Ex. 20.) Defendants did not respond for nearly two months. (Ex. 20.) Plaintiffs requested to meet and confer soon after receiving Defendants' discovery responses; however, Defendants did not make themselves available to do so until nearly three weeks later. (Ex. 1.) After meeting and conferring, the parties exchanged written correspondence on the issues in dispute, with Plaintiffs requesting the information described above. (Exs. 1, 2 and 43.) Plaintiffs intend to raise these issues with Magistrate Judge Katz if Defendants do not provide Plaintiffs with fully responsive answer to the inquiries, last raised in Plaintiffs' correspondence of September 4, 2009. (Id.)

**D. Plaintiffs have not been able to gather necessary information due to Defendants' unwillingness to provide responsive answers to Plaintiffs' discovery requests.**

Plaintiffs cannot adequately respond to this contention because Defendants have refused to provide a corporate deponent to testify on behalf of Defendant RCII (Exs. 1, 2 and 43) and have refused to provide responsive answers to any of Plaintiffs' discovery requests concerning any of Defendants' clubs outside of New York (Exs. 1, 2, 20 and 43). Indeed, despite Plaintiffs numerous requests for this information, Defendants remain steadfastly opposed to providing nationwide discovery (id.) and have gone so far as to appeal Magistrate Judge Katz's ruling that Plaintiffs' are entitled to the names and contact information of members of the putative nationwide collective. (See Defs.' Objections, Dkt. 37.) Defendants have also refused to provide Plaintiffs with other abovementioned discovery going to the issue of employer status, primarily citing such requests are irrelevant. (Exs. 1, 2, 20 and 43.) Further, Defendants refuse to provide Plaintiffs with requested information on how information responsive to Plaintiffs' discovery requests are electronically stored, calling into doubt the veracity Defendants' discovery responses to the extent that they state no responsive documents exist. (Exs. 1, 2 and 43.)

**II. Plaintiffs Cannot Present Essential Facts in Response to a Motion for Summary Judgment Regarding Whether Defendants' Fulfilled Their Obligation to Pay Minimum Wages.**

**A. The Nature of Uncompleted Discovery.**

Plaintiffs have served numerous requests seeking information related to Defendants' treatment of dance dollars and payment of wages, including Defendants'

policies on the sale and exchange of dance dollars, policies on compensation of entertainers, federal and state tax returns, quarterly income statements, entertainer charge summaries, and internal accounting of funds and gross receipts. (Ex. 20.) In addition to re-noticing the deposition of RCII and noticing the other above-mentioned depositions, Plaintiffs also intend to serve a second set of discovery directly addressing payments made to and fines assessed on members of the putative nationwide collective.

### B. The Discovery Sought is Reasonably Expected to Create a Genuine Issue of Material Fact.

Defendants argue that dance dollars are not gratuities (Defs.' Mem. at 20) and, as such, Defendants argue that they have paid Plaintiffs the minimum wage (Defs.' Mem. at 20-22). Based on the testimony cited in Plaintiffs' Response Memorandum, Plaintiffs fully anticipate that the discovery sought will show that dance dollar payments were not wages and that, regardless, members of the putative class did not receive the minimum wage. For example, this information will be apparent in documents showing what was or was not represented to customers with respect to dance dollars, whether Defendants' included dance dollar payments in their gross receipts, and, as another example, whether members of the putative class were reimbursed kickbacks they were required to pay. Based on the arguments they make in support of their Motion, Defendants appear to contest these and any related points. (See Defs.' Mem.)

### C. Plaintiffs have acted diligently in requesting discovery.

See Section 10(I)(C), supra.

**D. Plaintiffs have not been able to gather necessary information due to Defendants' unwillingness to provide responsive answers to Plaintiffs' discovery requests.**

See generally Section 10(I)(D) supra. Defendants have also refused to provide much of the requested discovery, claiming that the information sought is irrelevant to the present action. (Exs. 1, 2, 20 and 43.)

FURTHER YOUR AFFIANT SAYETH NOT.

s/E. Michelle Drake
E. Michelle Drake

Subscribed and sworn to before me
10th day of September 2009.

s/Heather J. O'Neil
Notary Public

My Commission Expires January 31, 2012