**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SABRINA HART and REKA FUREDI on behalf of themselves, all similarly situated, and the Proposed New York Rule 23 Class,<br><br>Plaintiff,<br><br>v.<br><br>RICK'S CABARET INTERNATIONAL INC., RCI ENTERTAINMENT (NEW YORK) INC., PEREGRINE ENTERPRISES, INC.,<br><br>Defendants. | Case No. 09-CV-3043 JGK/THK<br><br><br><br><br><br><br><br>**DECLARATION OF**<br>**STEVEN ANDREW SMITH** |

I, Steven Andrew Smith, hereby declare the following:

1. I am a partner in the law firm of Nichols Kaster, PLLP ("Nichols Kaster"). I make this Declaration in support of Plaintiffs' Motion for Rule 23 Class Certification.

2. Nichols Kaster has its principal office in Minneapolis and also has an office in San Francisco. Nichols Kaster currently employs twenty-one attorneys as well as one new associate who has passed the bar exam but has not yet been sworn into practice. Nichols Kaster has been engaged in the practice of law for more than thirty years, has been practicing employment law for 25 years, and has represented employees almost exclusively for the past 15 years. Nichols Kaster has represented approximately 100,000 employees in more than 100 class and collective wage and hour actions in state and federal courts across the country.

3. In 2009, Nichols Kaster was ranked as one of the top ten busiest FLSA firms in the country by Litigation Almanac 360, which conducted a study of over 500,000 federal cases and received input from more than 200 law firms. Nichols Kaster was the only Plaintiffs' firm in the top ten FLSA firms.

4. Nichols Kaster has served as counsel of record in several large class/collective actions. The firm's second nationwide wage and hour case was <u>Casas v. Conseco Finance Corporation</u>, in which we represented nearly 2,900 current and former employees from across the country. After several years of discovery and litigation, the court granted our motion for summary judgment on the employer's liability, holding that the administrative exemption did not cover employees in the financial services industry. <u>Casas v. Conseco Fin. Corp.</u>, No. 00-1512 (JRT/SRN), 2002 WL 507059 (D. Minn. March 31, 2002). The reasoning of the court's order was later adopted by the Department of Labor in its 2004 revisions to the FLSA regulations on the administrative exemption. See <u>Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees</u>, 69 Fed. Reg. 22122-01, 2004 WL 865626 (Department of Labor Wage and Hour Division, April 23, 2004).

5. Nichols Kaster has represented numerous individuals in cases filed in New York. See, e.g., <u>Ruggles v. WellPoint, Inc.</u>, No. 1:08-cv-00201-LEK-RFT (N.D.N.Y. *filed* Feb. 21, 2008); <u>Westerfield, et al. v. Washington Mutual Bank</u>, No. 1:06-cv-02817-CBA-JMA (E.D.N.Y. *filed* June 5, 2006); <u>Jordan v. Washington Mutual Bank</u>, No. 1:08-cv-00287-CBA-JMA (E.D.N.Y. *filed* Jan. 18, 2008); <u>Graf, et al v. HSBC Mortgage Corporation (USA), et al</u>, 2:08-cv-03022-SJF-AKT (E.D.N.Y. *filed* July 22, 2008); <u>Levy v. HSBC Bank</u>, No. 1:08-cv-00796(WMS) (W.D.N.Y. *filed* April 3, 2008); <u>Pangborn v. Metlife, Inc., et al</u>, No. 1:09-cv-00976-DGT-JO (E.D.N.Y. *filed* March 10, 2009).

6. The firm has obtained favorable rulings on motions for collective and class certification in dozens of other cases, including cases in New York federal courts. See, e.g., <u>Ruggles v. WellPoint, Inc.</u>, 591 F. Supp. 2d 150 (N.D.N.Y. 2008) (granting motion for FLSA conditional certification), <u>Westerfield, et al. v. Washington Mutual Bank</u>, No. 1:06-cv-02817-

CBA-JMA (E.D.N.Y.) (January 31, 2007 minute entry authorizing judicial notice and October 8, 2009 order granting plaintiffs' motion for certification of FLSA and Rule 23 settlement classes); Tews, et al v. Renzenberger, Inc., No. 08-cv-2064-JWL/JPO (D. Kan.) (granting unopposed motion for FLSA conditional certification); and Pangborn v. Metlife, inc., et al, No. 1:09-cv-00976-DGT-JO (E.D.N.Y.) (August 21, 2009 text entry order on Stipulation for Proposed Order and Notice to Plaintiffs).

7. The firm is currently lead or co-counsel in excess of 50 class or collective actions in state and federal courts across the country. Approximately half of these active cases have been certified as collective or class actions. See Bishop v. AT&T Corp., 256 F.R.D. 503 (W.D. Pa. 2009) (granting motion for FLSA conditional certification); Brasfield v. Source Broadband Serv., LLC, 257 F.R.D. 641 (W.D. Tenn. 2009) (same); Gil v. Solectron Corp., No. C-07-06414, 2009 WL 88346 (N.D. Cal. Jan. 9, 2009) (same); Kelly v. Bluegreen Corp., 256 F.R.D. 626 (W.D. Wis. 2009) (same); Loomis v. CUSA LLC, 257 F.R.D. 674 (D. Minn. 2009) (same); Monroe v. FTS USA, LLC, 257 F.R.D. 634 (W.D. Tenn. 2009) (same); Brennan v. Qwest Communications Int'l, Inc., No. 07-2024 ADM/JSM, 2008 WL 819773 (D. Minn. March 25, 2008) (same); Carter v. Anderson Merchandisers, LP, No. EDCV 08-25-VAP (OPx), 2008 WL 4948489 (C.D. Cal. Nov. 18, 2008) (granting motion for class certification); Carter v. Anderson Merchandisers, LP, No. EDCV 08-25-VAP (OPx), 2008 WL 2783193 (C.D. Cal. July 10, 2008) (granting motion for FLSA conditional certification); Harlow v. Sprint Nextel Corp., 254 F.R.D. 418 (D. Kan. 2008) (granting motion for class certification); Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150 (N.D.N.Y. 2008) (granting motion for FLSA conditional certification); Russell v. Illinois Bell Tel. Co., 575 F. Supp. 2d 930 (N.D. Ill. 2008) (same); Sibley v. Sprint Nextel Corp., 254 F.R.D. 662 (D. Kan. 2008) (granting motion for class certification); Wong v. HSBC

Mortgage Corp., No. C-07-2446 MMC, 2008 WL 753889 (N.D. Cal. March 19, 2008) (granting motion for FLSA conditional certification); Bastian v. Apartment Inv. and Mgmt. Co., No. 07 C 2069, 2007 WL 5234235 (N.D. Ill. Sept. 17, 2007) (same); Burch v. Qwest Communications Int'l, Inc., 500 F. Supp. 2d 1181 (D. Minn. 2007) (same); Henry v. Quicken Loans, Inc., No. 04-40346, 2006 WL 2811291 (E.D. Mich. Sept. 28, 2006) (same); Saunders v. Ace Mortgage Funding, Inc., No. 05-1437 (DWF/SRN), 2005 WL 3054594 (D. Minn. Nov. 14, 2005) (same); Pontius v. Delta Financial Corp., No. 04-1737, 2005 WL 6103189 (W.D. Pa. July 22, 2005) (same).

8.  I have personally been counsel on the following class and collective cases: Dan Ryan, et al v. Tradition Valet, Inc., 27-CV-08-1347 (Minn. Dist. Ct.), in which Plaintiffs brought suit for failure to pay gratuities; Darwin Roberts, et al v. Brunswick Corporation and Lund Boat Company, 56-CV-07-1307 (Minn. Dist. Ct.), in which Plaintiffs brought suit for failure to pay vacation pay; Dawn Smith, et al v. Heartland Automotive, Inc. d/b/a Jiffy Lube, 04-1403 RHK/AJB (D. Minn.), in which Plaintiffs brought suit for being misclassified as exempt from overtime; in John Matthew Saxe, et al v. TCF Financial Corporation, 04-1439 JMR/FLN (D. Minn.), Lana Larson, et al v. CTX Mortgage Corporation, LLC, JAMS Reference No. 1340005050, Amy Lord, et al v. New Equity Financial Corporation, 06-CV-3005 JNE/RLE (D. Minn.), and in Raelynn Fischer, et al v. New Equity Financial Corporation, American Arbitration Association File No. 52 160 00592 06, in which Plaintiffs brought suit for failure to pay overtime wages.

9.  Other significant reported decisions involving the firm include: Cervantez v. Celestica Corp., 618 F. Supp. 2d 1208 (C.D. Cal. 2009) (granting plaintiffs' motion for summary judgment on joint employer status); Russell v. Promove, LLC, No. 1:06-CV-00659, 2009 WL

1285885 (N.D. Ga. May 5, 2009) (granting plaintiffs' motion for summary judgment on employer's retail sales exemption defense); Tews v. Renzenberger, Inc., 592 F. Supp. 2d 1331 (D. Kan. 2009) (granting plaintiffs' motion for summary judgment on employer's rail carrier defense and clarifying the limits of the Motor Carrier Exemption under the FLSA); Bastian v. Apartment Investment and Mgmt. Co., No. 07 C 2069, 2008 WL 4671763 (N.D. Ill. Oct. 21, 2008) (granting plaintiffs' motion for summary judgment on defendant's status as an employer under the FLSA); Kasten v. Saint-Gobain Performance Plastics Corp., 556 F. Supp. 2d 941 (W.D. Wis. 2008) (granting plaintiffs' motion for summary judgment for on donning and doffing claims and denying employer's motion to decertify the FLSA collective action); Wong v. HSBC Mort. Corp., No. C-07-2446 MMC, 2008 WL 753889 (N.D. Cal. March 19, 2008) (granting plaintiffs' motion for summary judgment on employer's administrative and retail sales exemption defenses); Saunders v. Ace Mortgage Funding, Inc., No. 05-1437 (DWF/SRN), 2007 WL 4165294 (D. Minn. Nov. 16, 2007) (granting plaintiffs' motion for summary judgment on individual liability of two owners of the defendant employer under the FLSA); Pontius v. Delta Fin. Corp., No. 04-1737, 2007 WL 1412034 (W.D. Pa. May 10, 2007) (granting plaintiffs' motion for summary judgment on employer's retail sales exemption defense); Saunders v. Ace Mortgage Funding, Inc., No. 05-1437 (DWF/SRN), 2007 WL 1190985 (D. Minn. April 16, 2007) (same).

  10. Donald H. Nichols founded the firm in 1974. Mr. Nichols was admitted to the bar of the State of Minnesota in 1971, the bar of the State of New York in 2007, and the bar of the State of Georgia in 2008. Mr. Nichols is also admitted to practice in the United States Supreme Court, the Eighth Circuit Court of Appeals, and the District Courts of Minnesota, Colorado, Wisconsin (Western District), Michigan (Eastern District), New York (Southern and Eastern

Districts), Oklahoma (Western District), and Texas (Western District).  Mr. Nichols is a fellow in The College of Labor and Employment Lawyers and has tried over 100 cases to verdict.  Mr. Nichols has been certified by the National Board of Trial Advocacy.  He is also a Minnesota State Bar Association Certified Trial Specialist.  Mr. Nichols has consistently been named one of Minnesota's "Top 40 Employment Law Lawyers," a "Super Lawyer," a "Top Lawyer" by Minneapolis St. Paul magazine, has been named as one of the top 100 lawyers in Minneapolis by Minnesota Law and Politics, and listed in the "Who's Who in Employment Law" list by Minnesota Law and Politics magazine.  Mr. Nichols is a member of the ABA, the National Employment Lawyers Association and its Minnesota chapter.  Mr. Nichols is an active member in the ABA's Federal Labor Standards Legislation Committee.  Mr. Nichols is a frequent lecturer on wage and hour litigation issues and the use of technology in litigation.  Mr. Nichols has lectured at annual meetings of the Upper Midwest Employment Law Institute, the ABA, the National Employment Lawyers Association, and the Eighth Circuit National Employment Lawyers Association.

11.   I have been practicing law for fourteen years.  I have tried over 15 cases to verdict, and argued multiple cases on the appellate level.  I have been named a "Super Lawyer" for each of the last eight years by *Minnesota Law and Politics*, and *Minneapolis St. Paul Magazine.*  I was named one of the Top 100 Attorneys in Minnesota for 2007 and have been named one of the Top 40 Employment Attorneys in Minnesota for each of the past five years.  I have authored numerous articles, participated in numerous legal seminars and conventions on employment and trial practice issues, and am a frequent lecturer on current employment related topics.

12. Michele R. Fisher has been an attorney with Nichols Kaster since 2001 and a partner since 2008. Ms. Fisher's practice has focused exclusively on plaintiffs' employment litigation, with a primary focus on nationwide class and collective actions involving wage violations under state and federal laws. Ms. Fisher is a member of the Federal Labor Standards Legislation Committee, and has been continually named a "Rising Star" in Minnesota Law and Politics magazine, Minneapolis/St. Paul Magazine, and the Minnesota Business Journal. She is a member of the bar of the State of Minnesota, the State of New York, and the State of Georgia. She is also admitted to practice in the Eighth Circuit Court of Appeals and the District Courts for Minnesota, Colorado, Illinois (Northern District), Michigan (Eastern District), Georgia (Northern District), New York (Southern District), Oklahoma (Western District), Texas (Western District), and Wisconsin (Eastern District). She has lectured at meetings of the ABA, National Employment Lawyers Association, and other bar associations.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

Signed this 25th day of November, 2009.      s/Steven Andrew Smith
                                              Steven Andrew Smith