Jeffrey A. Kimmel (JK 0584)
Racquel Crespi Weintraub (RW 1614)
Howard Davis (HD 4452)
MEISTER SEELIG & FEIN, LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
(212) 655-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA HART and REKA FUREDI on behalf of themselves, all similarly situated, and the Proposed New York Rule 23 Class,<br><br>Plaintiffs,<br><br>-against-<br><br>RCI ENTERTAINMENT (NEW YORK) INC. and PEREGRINE ENTERPRISES, INC.<br><br>Defendants. | **Case Number: 09-CV-3043 (JGK/THK)**<br><br>**DECLARATION OF <u>JEFFREY A. KIMMEL</u>** |

JEFFREY A. KIMMEL, under the penalties of perjury, declares:

1. I am a member of Meister Seelig & Fein LLP, attorneys for the defendants RCI Entertainment (New York), Inc. ("RCI NY") and Peregrine Enterprises, Inc. ("Peregrine") (collectively referred to herein as "Defendants") in the above referenced action. I submit this declaration in opposition to the motion of the plaintiffs Sabrina Hart and Reka Furedi ("Plaintiffs") for class certification pursuant to Rule 23.

2. Because Plaintiffs have failed to comply with their discovery obligations, the depositions of Plaintiffs have not yet been taken. As a result, there are insufficient facts before this Court to make a determination on Plaintiffs' Rule 23 motion.

3. In order to determine whether the elements of Rule 23(a) and Rule 23(b) have been met, the deposition testimony of the Plaintiffs is imperative. Despite the fact that Plaintiffs served deposition notices over five months ago, due to the fact that Plaintiffs have failed to provide complete responses to documentary discovery and have repeatedly taken positions that have thwarted Defendants' proper discovery efforts, these depositions have not been able to proceed.

**Plaintiffs' Discovery Responses are Deficient**

4. On August 11, 2009, Defendants served deposition notices for the depositions of Hart and Furedi (to be conducted on September 30th and October 6th).[1]

5. Also at this time, Defendants served their First Set of Interrogatories and First Request for the Production of Documents (collectively, "Defendants' Demands"). Plaintiffs served purported responses on or about September 21, 2009.[2]

6. Because the Plaintiffs' discovery responses were wholly inadequate and Plaintiffs did not produce a single responsive document, the depositions of Plaintiffs were adjourned.

7. By letter dated October 9, 2009, Defendants wrote to Plaintiffs and noted the deficiencies in Plaintiffs' response to Defendants' Demands.[3] On October 20, 2009 counsel for the parties met and conferred by telephone regarding the parties' discovery disputes, in compliance with Local Rule 37.2 and Magistrate Judge Katz's Individual Practices ¶ 2. On October 21, 2009, counsel for Defendants transmitted a letter to

---

1 Copies of the deposition notices are annexed hereto as Exhibit A.

2 Copies of Defendants' Demands and Plaintiffs' responses respectively are attached hereto as Exhibits B and C.

3 Defendants' October 9, 2009 letter is attached hereto as Exhibit D.

Plaintiffs summarizing the October 20, 2009 meet and confer. Plaintiffs transmitted a letter to Defendants, along with draft supplemental discovery responses, on October 22, 2009.[4] These draft supplemental responses were unexecuted and continued to be deficient.

8. Because the discovery disputes were not resolved by the parties, on October 28, 2009, Defendants wrote to Magistrate Judge Katz concerning the unresolved issues. Plaintiffs responded on November 5, 2009 and Defendants further responded on November 16, 2009.[5]

9. On November 30, 2009, counsel for the parties appeared for a conference before Magistrate Judge Katz concerning the parties' discovery issues. At the conference, Magistrate Judge Katz ruled that Plaintiffs produce information relating to their records of employment for the time periods prior to, during and subsequent to the time they performed services at Rick's NY. With respect to tax returns, Magistrate Judge Katz directed as follows:

> I am not going to preclude the discovery of certain information in tax returns. I think obviously immigration related material, personal investments that have nothing to do with earned income don't have to be disclosed, but matters relating to earned income and deductions which

---

[4] Copies of Defendants' October 21st letter and Plaintiffs' October 22nd letter, with attachments, respectively are annexed hereto as Exhibits E and F.

[5] In subsequent correspondence, Plaintiffs also objected to certain non party subpoenas (the "Subpoenas") Defendants were in the process of serving on various non-party adult entertainment clubs at which Plaintiffs claimed they had performed, either prior to, during or subsequent to the time they performed at Rick's NY was also addressed. The Subpoenas sought, *inter alia*, documents concerning the dates and hours Plaintiffs worked at these various other clubs, information concerning the income they earned, documents concerning whether they were continuing to perform services at such club. Following services of these subpoenas, Plaintiffs advised that they intended to quash these subpoenas because, *inter alia*, they sought information which was the subject of the parties' discovery disputes, sought irrelevant information, were overbroad and were harassing. It was Defendants' position that the information sought in the Subpoenas was directly relevant to the issue of whether Plaintiffs have been properly classified as independent contractors. At the hearing the Court denied Plaintiffs' request to quash the Subpoenas.

> would bear on whether in these other jobs the person might have perceived themselves as an independent contractor or not is fair game.

11/30/09 Transcript at 45:17-24.[6]

10. On December 7, 2009, having not received the documents that Magistrate Judge Katz ordered to be produced, Defendants wrote to Plaintiffs requesting that Plaintiffs produce such documents. Given that Magistrate Judge Katz's rulings also related to several other discovery demands to which Plaintiffs had previously objected and had not yet responded, Defendants also requested that Plaintiffs provide documents in response to those demands. By letter dated December 8, 2009 Defendants again wrote to Plaintiffs specifically requesting production of the tax returns that Magistrate Judge Katz had ordered Plaintiffs to produce.[7]

11. On December 11, 2009, Plaintiffs responded to Defendants December 7th and 8th letters.[8] In their letter, Plaintiffs took an extremely limited view of Magistrate Judge Katz's directives, stating that he "specifically ruled that the scope of the required production is... limited to 'earned income and deductions.'" Plaintiffs also advised that they anticipated providing Second Supplemental Interrogatory Responses, as well as copies of what they deemed to be relevant portions of Ms. Furedi's tax returns, the following week and served Furedi's First Supplemental Interrogatory Responses. Moreover with respect to Plaintiff Hart, they advised that for reasons that were purportedly "attorney client privileged" they would not be able to speak with her until

---

6 A copy of a relevant portion of the transcript from the hearing before Magistrate Judge Katz is annexed hereto as Exhibit G.

7 Copies of Defendants' December 7th letter, as well as Defendants' December 8th follow up letter to Plaintiffs' counsel addressing these issues, are annexed hereto as Exhibit H.

8 A copy of Plaintiffs' December 11th letter is annexed hereto as Exhibit I.

December 18th and that they expected to provide supplemental document and interrogatory responses on her behalf after that time.

12. As to the other document requests that, in Defendants' view, were within the scope of Magistrate Judge Katz's ruling but were not specifically addressed at the conference, Plaintiffs continued to maintain their objections to these requests.

13. On December 15, 2009, Plaintiffs provided unsigned Second Supplemental Interrogatory responses and portions of Furedi's tax returns. A copy of Plaintiffs' December 15, 2009 letter and discovery responses and tax returns (marked confidential) are annexed hereto as Exhibit J.

CONFIDENTIAL PORTION FILED SEPARATELY UNDER SEAL

# CONFIDENTIAL PORTION FILED SEPARATELY UNDER SEAL

16. Therefore, because Plaintiffs' responses were still deficient Defendants wrote to Plaintiffs on December 23, 2009. A copy of this correspondence is attached hereto as Exhibit M. Defendants specifically requested that Hart produce executed responses and documents before the deposition of her husband, Robert Hart, then scheduled for January 4, 2009, or provide an explanation as to why same could not be provided.[9] Defendants also demanded that Plaintiffs provide executed versions of all previously unexecuted copies of Hart's First and Second Supplemental Interrogatory Responses, transmitted on October 22, 2009 and December 22, 2009 respectively, as well as Furedi's Second Supplemental Interrogatory Responses, transmitted on December 15, 2009.

17. By letter dated December 31, 2009, Plaintiffs transmitted their Second Supplemental Responses to Defendants' discovery requests, as well as executed versions of their Interrogatory Responses. However, a review of these Supplemental Responses demonstrated that critical information is still lacking. For example, Plaintiffs were

---

[9] The deposition of Robert Hart was conducted on January 7, 2010 and relevant portions of the transcript are annexed hereto as Exhibit N.

required to produce documents concerning other employment. However, in their Second Supplemental discovery response, Plaintiff Hart states that she "anticipates supplementing this response with pay records from her employment as hostess at Cheetahh [sic] and Pure Platinum," but still has not done so. Additionally, as in Furedi's tax returns, much of the information on Hart's tax returns has been redacted. Plaintiffs' counsel has also advised that there are still portions of tax returns which they had requested from the relevant government agencies, which have not been produced. A copy of Plaintiffs' December 31st response is annexed hereto as Exhibit O.

18. On January 11, 2010, Plaintiffs' counsel transmitted additional portions of Hart's tax returns.[10]

19. Both prior to and since Magistrate Judge Katz's ruling, Defendants have been trying to resolve the discovery issues and obtain documents from Plaintiffs in advance of the depositions of Plaintiffs. Therefore, in early December 2009, we advised Plaintiffs to provide us with dates on which they were available to be deposed after January 18th, which we hoped would be sufficient time within which to obtain all responsive documents in advance of Plaintiffs' depositions. Thus, because Plaintiffs have only recently provided tax returns for Furedi and Hart and have advised that certain tax return information has not yet been produced, Defendants have not been in a position to take meaningful depositions of Plaintiffs.

**Plaintiffs' Misstatements Concerning the Imbeault Action**

20. In their moving papers, Plaintiffs attempt to make much of the case of *Imbeault v. Rick's Cabaret Int'l, Inc., RCI Entertainment (NY) and Peregrine Enterprises, Inc.*, No. 08-CV-5458 (S.D.N.Y.), an action involving virtually identical

[10] Copies of these tax returns are annexed hereto as Exhibit P.

claims commenced against Defendants and prosecuted by Plaintiffs' counsel herein, and argue that the procedural history in this action somehow began with the *Imbeault* case. *See* Plaintiffs' Memorandum of Law p. 3. A copy of the First Amended Complaint in the *Imbeault* action is annexed hereto as Exhibit Q. The *Imbeault* case involved only one named plaintiff and despite that the action had been pending for nine months and Plaintiffs' counsel advertised for additional plaintiffs, no other plaintiffs opted in.

21. Indeed, Named Plaintiffs, in the "Procedural Context" section of their Memorandum of Law try to mislead the Court by indicating that Defendants refused to comply with nationwide discovery ordered by the Court in the *Imbeault* – this is not the case. Plaintiffs' MOL, at p. 3 ("Despite the case being pled as both an FLSA collective and a Rule 23 class action, Defendants refused to comply with Imbeault's requests seeking discovery on a nationwide and statewide basis. After conducting a hearing on the issue, Judge Lynch ordered Defendants to produce a list of class members.") In fact, Plaintiffs mischaracterize the Court's order in the *Imbeault* case. The Court did not order nationwide discovery of names and addresses of potential class members therein. Plaintiffs' counsel, E. Michelle Drake, personally confirmed by email on February 4, 2009 and letter dated February 9, 2009, that, pursuant to Judge Lynch's Order, Defendants were to produce "a list of all entertainers who worked at Rick's New York during the same period Ms. Imbeault worked there, as well as of all entertainers who have worked there since January 1, 2009."[11] Ultimately the information was not exchanged because Ms. Imbeault accepted the Defendants' Rule 68 Offer of Judgment.

---

[11] Copies of the February 4, 2009 email and February 9, 2009 letter from Plaintiffs' counsel are annexed hereto as Exhibit R.

**Additional Exhibits**

22. A copy of the Order dated July 21, 2009 in the action filed by Plaintiffs' counsel in the Fourth Judicial District Court of the State Minnesota, County of Hennepin, Court File No. 27 CV 07-26436 is annexed hereto as Exhibit S.

23. A copy of the documents received pursuant to the subpoena served upon 44 Enterprises (Lace 2) is annexed hereto as Exhibit T.

24. Copies of the declarations submitted by Hart and Furedi in support of Plaintiffs' motion for conditional certification are respectively annexed hereto as Exhibits U and V.

25. Copies of Affidavits of recent or current Rick's NY entertainers are annexed hereto as Exhibit W.

26. Relevant portions of the Transcript from December 16, 2009 oral argument before this Court referred to in the accompanying Memorandum of Law are annexed hereto as Exhibit X.

27. A copy of the Second Amended Complaint in this action is annexed hereto as Exhibit Y.

28. Relevant portions of the deposition transcript of Rubia Alves referred to in the accompanying Memorandum of Law are annexed hereto as Exhibit Z.

29. A copy of the declaration submitted by Phil Marshall, dated September 24, 2009, in support of Defendants' motion to dismiss, is annexed hereto as Exhibit AA.

30. Attached hereto as Exhibit BB are true and accurate copies of unpublished decisions cited in the accompanying Memorandum of Law, in alphabetical order, for the Court's convenience.

I declare under the penalty of perjury that the forgoing is true and correct.

Executed: January 15, 2010.

JEFFREY A. KIMMEL