## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA HART and REKA FUREDI on behalf of themselves and all others similarly situated, and the Proposed New York Rule 23 Class,<br><br>    Plaintiffs,<br><br>v.<br><br>RICK'S CABARET INTERNATIONAL INC., RCI ENTERTAINMENT (NEW YORK) INC., PEREGRINE ENTERPRISES, INC.,<br><br>    Defendants.<br>_____ | )<br>)  Case No. 09-CV-3043 JGK/THK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR PERMISSION TO INCLUDE THREE ADDITIONAL INDIVIDUALS IN THE
## CONDITIONALLY CERTIFIED FLSA COLLECTIVE

## **TABLES OF AUTHORITY**

**FEDERAL CASES**

Abubakar v. County of Solano,
No. S-06-2268, 2008 WL 550117 (E.D. Cal. Feb. 27, 2008) ................................................... 3

Kelley v. Alamo,
964 F.2d 747 (8th Cir. 1992) ...................................................................................................2

Monroe v. United Air Lines, Inc.,
 94 F.R.D. 304 (N.D. Ill. 1982)............................................................................................3, 4

Raper v. Iowa,
165 F.R.D. 89 (S.D. Iowa 1996)..............................................................................................4

Ruggles v. Wellpoint,
1:08-cv-00201-LEK-RFT, 2009 WL 3326115 (N.D.N.Y. Oct. 14, 2009) ........................ 2, 3

**STATUTES**

Fair Labor Standards Act ............................................................................................................*passim*

29 U.S.C. § 216(b) ......................................................................................................................4

29 U.S.C. § 256(b) ......................................................................................................................4

**PRELIMINARY STATEMENT**

Plaintiffs bring the instant Motion seeking leave to include in the conditionally certified Fair Labor Standards Act ("FLSA") collective three individuals whose consent forms were received after the June 9, 2010 opt-in deadline. Allowing this small number of additional plaintiffs to pursue their FLSA claims as part of this case will be far more efficient than forcing them to file a separate lawsuit. In the interest of judicial economy, and in furtherance of the remedial goals of the FLSA, these individuals should be allowed to participate in this case.

**RELEVANT BACKGROUND**

On December 16, 2009, the Court conditionally certified the New York FLSA collective in this case, approving the 90-day notice period for individuals to opt into the collective by filing consent forms with the Court. (Dkt. 79.) Notice was initially mailed on March 11, 2010 and, thus, the set opt-in period expired on June 9, 2010. (Prakash Aff. at ¶ 3.) As of June 9, 2010, the collective consisted of the two Named Plaintiffs and 51 opt-in plaintiffs. (Dkts. 86; 110, 112-117, 119, 121, 127, 129, 135, 140-142, 144-146, 158-163.)

Since then, Plaintiffs' Counsel have received three additional consent forms from individuals seeking to opt into this lawsuit: Ti'Lesa Clark, Tavonia Rivers, and Andrea Allstead. These consents are filed with this Motion as Exhibits 1 to 3.[1] Ms. Clark's consent form is dated June 7, 2010 (Ex. 1) and was received by Plaintiffs' Counsel by fax after business hours on June 9, 2010. (Prakash Aff. at ¶ 4.) Ms. Rivers' consent form is dated June 2, 2010 (Ex. 2) and was received by Plaintiffs' Counsel on June 10, 2010. (Prakash Aff. at ¶ 5.) Ms. Allstead's consent form is dated May 29, 2010 (Ex. 3) and was received by Plaintiffs' Counsel on June 11, 2010. (Prakash Aff. at ¶ 6.)

---

[1] A true and correct copy of all exhibits cited herein are attached to the Affidavit of Anna P. Prakash ("Prakash Aff.").

1

Plaintiffs' Counsel met and conferred with Defendants' Counsel on June 11, 2010 regarding the filing of these consents and the inclusion of these individuals in the conditionally certified FLSA collective. As the parties did not reach agreement, Plaintiffs bring the instant Motion.

## ARGUMENT

**I. IN THE INTEREST OF JUDICIAL ECONOMY, THE INDIVIDUALS WHOSE CONSENT FORMS WERE RECEIVED FOLLOWING THE JUDICIAL NOTICE PERIOD SHOULD BE INCLUDED IN THE CONDITIONALLY CERTIFIED FLSA COLLECTIVE.**

Plaintiffs request that the Court grant Plaintiffs permission to include in the conditionally certified FLSA Collective the three individuals whose consent forms were received within two days of the June 9, 2010 opt-in deadline. Allowing this small number of additional individuals to participate will advance the remedial purpose of the FLSA, and will further the interest of judicial economy.

By way of background, an individual's action under the FLSA is commenced, and the statute of limitations tolled, when he or she files a written consent to join the action. See 29 U.S.C. §§ 216(b), 256(b). Plaintiffs have filed the consent forms with the Court as part of this Motion. The district court has broad discretion to manage the notice process and to set a cut-off date for the filing of consent forms, and should use this discretion in a manner that furthers the remedial purpose of the FLSA. As the Eighth Circuit Court of Appeals has put it, "[a] generous reading, in favor of those whom congress intended to benefit from the [FLSA], is . . . appropriate when considering issues of time limits and deadlines." Kelley v. Alamo, 964 F.2d 747, 750 (8th Cir. 1992).

Several district courts have employed this approach when considering what to do with opt-in plaintiffs whose consent forms are filed after the expiration of a judicially-imposed notice period, and have allowed the plaintiffs to join. For example, in Ruggles v. Wellpoint, the court in the Northern District of New York approved 10 consent forms that had been filed after the stipulated 90 day opt-in period. 1:08-cv-00201-LEK-RFT, 2009 WL 3326115, at * 10 (N.D.N.Y. Oct. 14, 2009). Despite the

fact that the Wellpoint plaintiffs had shown no good cause, the Court, focusing on the lack of prejudice to defendants, the fact that the consents were filed within one month of the opt-in deadline, judicial economy, and the remedial purposes of the FLSA, the court approved the 10 individuals for inclusion in the FLSA collective.  Id. at *10-12.  Here, where the consent forms at issue were received by Plaintiffs counsel within mere days of the deadline, and where one of the forms was received on the last day of the period but after business hours, surely this request should be allowed.

Similarly, in Abubakar v. County of Solano, the court allowed twenty-three plaintiff consent forms to be filed after the close of the judicial notice period.  No. S-06-2268, 2008 WL 550117, at *1 (E.D. Cal. Feb. 27, 2008).  In deciding to accept the additional plaintiffs, the court emphasized judicial economy, and the avoidance of duplicative litigation.  The court explained that, despite the defendant's claim that adding more plaintiffs would unfairly increase potential liability, complicate the similarly situated analysis, and add to discovery costs, "all of these consequences [would] be the same if a separate action is filed."  Id. at *2.  The only difference, the court explained, would be that these "consequences" would occur in the context of a second lawsuit, which would most likely be consolidated with the first.  Id.

Likewise, the district court in Monroe v. United Air Lines, Inc. allowed seven individuals to join the case even though their consent forms were filed after the court-imposed opt-in deadline.  94 F.R.D. 304, 305 (N.D. Ill. 1982).  Again, the court focused on the practical aspects of allowing the plaintiffs to stay in the case.  The court reasoned:

> This Court set the outside filing date as a practical matter, to permit ascertainment of the actual parties to the litigation well in advance of trial.  But we should not become slaves of that deadline beyond its reason for existence.  All seven new plaintiffs sought to be admitted into this action within approximately one month after the deadline and appear to have reasonable excuses for failing to meet the timetable.  Defendants have not shown any real prospect of prejudice from permitting these additional plaintiffs.  Individual discovery for any particular plaintiff is minimal, and trial is still a few months away.  And it should be remembered that in at least some of the cases the alternative may be to force the filing of individual lawsuits-scarcely productive of economy either for the litigants or for the courts.

3

Id. And the same result was also reached, for similar reasons, in Raper v. Iowa, 165 F.R.D. 89 (S.D. Iowa 1996). There, the plaintiffs sought to file seven consent forms after they had already prevailed on liability at the summary judgment stage. Id. at 91-92. Addressing the consideration of judicial economy, the court reasoned that if the individuals were not allowed to join the suit, they would have to file a separate action which "in all probability, would be consolidated with this one." Id. at 92. Since there was no unfair prejudice to the defendants, the individuals were allowed to join. Id.

The Court should reach the same result in this case. Foremost, the three consent forms at issue were signed before the June 9, 2010 deadline and were all received the evening of or within two days of the same. The potential prejudice to Defendants is nonexistent. Indeed, the parties have not even begun—or discussed the parameters of—discovery from the FLSA collective. Defendants have taken no depositions and have produced no entertainer files or records of the opt-in plaintiffs already in this case. Adding three more opt-in plaintiffs will have no practical impact on Defendants' discovery obligations.

Even more significantly, allowing these three individuals to join the case will promote judicial economy by eliminating the need for a separate lawsuit to be filed and consolidated with this one. Defendants will face a far greater burden in the event that these individuals are required to file a separate action to preserve their claims. In the interest of judicial economy, the individuals who consented to join after the opt-in deadline should be allowed to participate in this case.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion, and allow the three individuals whose consent forms are attached hereto to join the conditionally certified FLSA collective in this case.

Dated: June 14, 2010

NICHOLS KASTER, PLLP

s/Anna P. Prakash_____
Donald H. Nichols, NY Bar No. 725840
Michele R. Fisher (MF 4600)
Steven Andrew Smith, MN Bar No. 260836
(*admitted pro hac vice*)
E. Michelle Drake, MN Bar No. 0387366
(*admitted pro hac vice*)
Anna P. Prakash, MN Bar No. 0351362
(*admitted pro hac vice*)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

ATTORNEYS FOR PLAINTIFFS