UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SABRINA HART and REKA FUREDI      :     Case Number: 09-CV-3043 (JGK/THK)
on behalf of themselves, all                  :
similarly situated, and the Proposed     :
New York Rule 23 Class,                      :
                                                              :
               Plaintiffs,              :
                                                              :
    -against-                                       :
                                                              :
RCI ENTERTAINMENT (NEW YORK) INC.  :
and PEREGRINE ENTERPRISES, INC.       :
                                                              :
              Defendants.           :
------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR PERMISSION TO INCLUDE FIVE ADDITIONAL INDIVIDUALS IN THE CONDITIONALLY CERTIFIED FLSA COLLECTIVE

Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*

# **TABLE OF AUTHORITIES**

## **Cases**

*Ayers v. SGS Control Svcs., Inc.*,
   Nos. 03 Civ. 9078(RMB), 06 Civ. 7111(RMB), 2007 WL 3171342 (S.D.N.Y.
   Oct. 9, 2007) ..................................................................................................3, 4, 5, 6

*Cox v. Appliance Direct, Inc.*,
   No. 6:08-cv-216-Orl-22DAB, 2008 WL4790729 (M.D. Fla. Oct. 29, 2008) .................4, 7

*Monroe v. United Airlines, Inc.*,
   94 F.R.D. 304, 305 (N.D. Ill. 1982) ..............................................................................5

*Moya v. Pilgrim's Pride Corp.*,
   No. 06-1249, 2006 WL 3486739 (E.D. Pa. Nov. 30, 2006) ..............................................4

*Reyes v. Texas Ezpawn, L.P.*,
   459 F Supp. 2d 546 (S.D. Tex. Sept. 28, 2006) ..............................................................3

*Rios v. Neighborhood Construction Corp.*,
   2007 WL 3335354 (S.D.N.Y. Oct. 14, 2009) ..................................................................7

*Said v. SBS Electronics, Inc.*,
   010 WL 1265186 (E.D.N.Y. Feb. 24, 2010) ...................................................................7

*2680-006 Doc #1583*

## INTRODUCTION

Defendants Rick's Cabaret International, Inc. ("RCII"), Rick's Cabaret (New York) Inc. ("RCI NY") and Peregrine Enterprises, Inc. ("Peregrine") (collectively, "Defendants") submit this memorandum of law in opposition to the Plaintiffs' motions for permission to include five additional individuals into the conditionally certified FLSA collective.[1]

## PRELIMINARY STATEMENT

By this motion, Plaintiffs seek to add five additional opt-in plaintiffs to this lawsuit, who failed to file their Consent Forms by the June 9, 2010 Court-imposed opt-in deadline. This application for permission to join this action after the conclusion of the Court authorized opt-in period should be denied. First, Plaintiffs have not even attempted to establish "good cause" to justify the failure of the individuals who seek to file late opt-in notices to timely join this action. Since Plaintiffs cannot show that there was "good cause" for missing the 90 day opt-in deadline, Plaintiffs argue that even without good cause, judicial economy favors permitting these late filings. This argument is unpersuasive and conveniently ignores precedent from this Court (via the Honorable Richard M. Berman) and other District Courts that have held that good cause must be shown in order to allow the late filing of Consent Forms.

Plaintiffs' argument disregards that the Court authorized Notice in this action sets forth a clear and unambiguous deadline of June 9, 2010 for persons wishing to opt-in to Plaintiffs' conditionally certified FLSA collective action. In fact, it was the Plaintiffs who specifically

---

[1] This Memorandum of Law is submitted in opposition to both Plaintiffs' Motion for Permission to Include Three Additional Individuals in the Conditionally Certified FLSA Collective (Docket 190) and Plaintiffs' Motion for Leave to Supplement the Motion for Permission, to include two additional consent forms (Docket 204). On June 23, 2010, Defendants advised Plaintiffs that they would not object to Plaintiffs' Motion for Leave to Supplement, other than reserving their right to object to the ultimate relief sought in Plaintiffs' underlying motion to file the late consents.

1

requested the 90 day opt-in period. This Court granted Plaintiffs the generous 90-day opt-in period that they requested. During the 90 day opt-in period, Plaintiffs mailed opt-in notices to the members of the putative collective, mailed subsequent reminder notices in Russian, Spanish and English enclosing copies of the opt-in notices in Russian, Spanish and English. In addition, the opt in notice was posted at Rick's NY during the entire opt in period. Since Plaintiffs have failed to establish good cause for these late filings, their motion must be denied.

Finally, as set forth in the accompanying declaration of Ken Sistrunk, the claims of proposed plaintiff Andrea Allstead fall outside of the three-year FLSA statute of limitations and therefore her claims are barred.

## FACTUAL BACKGROUND

On March 11, 2010, the Notice of Pendency of Lawsuit (the "Opt-in Notice") was sent to 1104 independent contractor entertainers who had performed at Rick's NY.[2] (A copy of the Opt-in Notice is annexed to the Declaration of Jeffrey A. Kimmel dated June 28, 2010 (the "Kimmel Decl.) as Exhibit A). The Opt-in Notice contained a generous 90-day opt-in period. On May 19, 2010, a reminder notice was sent to the potential opt-in collective members, enclosing a copy of the original Opt-in Notice in three languages: English, Russian, and Spanish. The Opt-in Notice clearly and unambiguously informed recipients that that if they wanted to join the lawsuit they must send back the signed Consent Form in advance of the June 9, 2010 deadline, stating:

> The Plaintiff Consent Form must be received by Plaintiffs' Counsel in sufficient time for Plaintiffs' counsel to file it with Court on June 9, 2010.

(Kimmel Decl. ¶ 3, Exhibit A) In addition, the reminder notice, mailed to the putative collective on May 19, 2010, stated:

> **The June 9, 2010 deadline to join this lawsuit is approaching.**

---

[2] Rick's Cabaret, New York ("Rick's NY") is owned and operated by defendant Peregrine.

2

2680-006 Doc# 1583

> You should have already received a copy of the court-approved notice of this lawsuit brought on behalf of current and former entertainers at Rick's Cabaret in New York. If you would like to make a claim in this case for unpaid wages, you must complete and return the enclosed consent form before **June 9, 2010**. Copies of the notice and consent form are enclosed in **English**, **Spanish** and **Russian**.

(Kimmel Decl. ¶ 4, Exhibit B) (Emphasis in original).

## ARGUMENT

### PLAINTIFFS' REQUEST TO ADD PLAINTIFFS WHO FAILED TO SUBMIT CONSENT FORMSPRIOR TO THE CLEAR AND UNAMBIGUOUS OPT-IN DATE SHOULD BE DENIED

In their memo of law and the accompanying Affidavit of Anna P. Prakash (hereinafter the "Prakash Aff."), as well as in their motion to supplement, Plaintiffs acknowledge that proposed plaintiffs Ti'Lesa Clark, Tavonia Rivers, Andrea Allstead, Nicole Fernandez and Mirna Herrara missed the June 9 filing deadline. However, Plaintiffs have not submitted any evidence to establish "good cause" as to why these proposed filings are late and fail to offer any authority from this district which would permit them to add late opt-in plaintiffs absent a showing of "good cause."

In *Ayers v. SGS Control Svcs., Inc.*, Nos. 03 Civ. 9078(RMB), 06 Civ. 7111(RMB), 2007 WL 3171342 (S.D.N.Y. Oct. 9, 2007), Judge Berman specifically applied a "good cause" standard to deny two (2) untimely consent form filings (while at the same time accepting seven (7) late consent forms). The individuals whose consent forms he refused to permit mailed their consents after the opt-in date and "failed to submit affidavits offering 'good cause' for their untimely filings. *Id.* at *5. *See also Reyes v. Texas Ezpawn, L.P.*, 459 F Supp. 2d 546 (S.D. Tex. Sept. 28, 2006)(dismissing claims of potential plaintiffs whose consent forms were postmarked after the close of the opt in period).

3

2680-006 Doc# 1583

Further supporting denial of Plaintiffs' motion is the district court's decision in *Cox v. Appliance Direct, Inc.*, No. 6:08-cv-216-Orl-22DAB, 2008 WL4790729 (M.D. Fla. Oct. 29, 2008). In *Cox*, the plaintiffs filed a motion to add twenty-one (21) opt-in plaintiffs that submitted their opt-in consent forms after the applicable deadline. *Id.* at *1. Much like the instant matter, the plaintiff's only argument in support of his request was that "the judicial resources of this Court would be best utilized by allowing the aforementioned opt-in Plaintiffs to join the instant case." *Id.* The defendant objected, noting that the plaintiff failed to offer any good cause to excuse the tardiness of the filing. *Id.* The court ultimately denied the plaintiff's motion, stating:

> Plaintiff offers no showing as to why the opt-in notices are untimely, save for merely acknowledging that he received them after the deadline. This is insufficient. The issue is not, as framed by Plaintiff's counsel, why the Court shouldn't allow the additional opt-ins, the issue is why the Court *should*.... Deadlines are placed for a reason and absent a showing of good cause, extensions are disfavored. Id. (emphasis in original).

The court also rejected the plaintiff's argument that the additional opt-ins should be allowed in the interest of judicial resources, noting that because the case was a collective action under the FLSA, opt-ins are not barred from filing their own action or actions. *Id.*

Similarly, in *Moya v. Pilgrim's Pride Corp.*, No. 06-1249, 2006 WL 3486739 (E.D. Pa. Nov. 30, 2006), the court, much like Judge Berman in *Ayers, supra*, stated that courts considering requests for the inclusion of untimely opt-in notices "have generally subjected each request to a general 'good cause' analysis." *Id.* at *1. In *Moya*, the plaintiffs requested the acceptance of eight late-filing members, and the court found that three of these individuals had shown good cause for their tardiness, while five had not. *Id.* at *2. A long delay in receiving the notice caused by the circumstances of incarceration was considered "good cause," while a recipient's misplacing of the letter among "junk mail" was not. *Id.* Regardless, in both *Moya*

4

and *Ayers*, the litigant requesting permission to allow additional opt in plaintiffs to join the lawsuit after the conclusion of the opt-in period submitted affidavits from those individuals to demonstrate the reasons for their tardiness.

In their motion, Plaintiffs offer absolutely no good cause for the late filing of Consent Forms. Plaintiffs do not even bother to submit declarations from these proposed additional opt-in plaintiffs that verify the dates they allegedly signed and mailed the Consent Forms, or that provide any explanation whatsoever as to why they missed the deadline.[3] It would be improper for Plaintiffs to attempt to demonstrate good cause in any papers they submit in further support of their motion, to which Defendants will not have an opportunity to respond without leave of Court.[4]

With respect to the late Consent Forms of Tavonia Rivers, Andrea Allstead and Mirna Herrara, Plaintiffs' counsel claims that these were not received by their office until after the opt-in deadline. With respect to the Consent Forms of Andrea Allstead and Tavonia Rivers, Plaintiffs contend that they are dated prior to the close of the opt-in period and therefore, should be accepted. This argument is not only irrelevant but is conclusory and unsupported by any evidence that establishes the date these individuals signed or mailed these consents. This argument also simply disregards the plain language of the Opt-In Notice, which specifically informed potential collective members that the consent forms had to be received by Plaintiffs' counsel prior to the deadline in order to be filed by the deadline. Mirna Herrara's consent form

---

[3]   It is respectfully submitted that Plaintiffs' counsel's purported explanation that their firm received, but did not file, a Consent Form on the last day of the opt in period does not constitute "good cause" for allowing the Consent Form to be filed after the deadline.

[4]   Plaintiffs also attempt to argue that a defendant must show prejudice in order for a court to reject untimely opt-in notices. However, *Monroe v. United Airlines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill. 1982), which Plaintiffs rely on for this theory, merely stated that it is a factor to consider. Moreover, in that case, the court specifically noted that the potential class members who had submitted untimely notices had provided reason to the court for the same in support of their request to join the action. *Id.* at 305.

5

is dated after the close of the opt-in period and she also should not be permitted to join the FLSA collective.

With respect to the late consent form of Nicole Fernandez, Plaintiffs attach a piece of allegedly damaged mail to support allowing Ms. Fernandez to opt in late. However, Plaintiffs fail to submit a declaration from her confirming when she actually mailed the Consent Form or explaining any other facts surrounding the reason for the delay. The fact that Nicole Fernandez's late consent form contains a date of April 20, 2010 does not establish that the form was signed on April 20, 2010 or that it was mailed on that date. It is respectfully submitted that without more evidence, we have no idea when her Consent Form was actually mailed.

As to the late Consent Form of Ti'Lesa Clark, Plaintiffs assert that Ms. Clark's Consent Form was faxed to counsel for the Plaintiffs at about 7:30 p.m. on June 9, 2010. However, Plaintiffs fail to provide any explanation for why, on the known deadline of the opt-in period, no one from Plaintiff's counsel's office was present at 7:30 p.m. to receive and electronically file this Consent Form as required by the Court-authorized Notice.

In any event, with respect to proposed plaintiff Andrea Allstead, as set forth in the accompanying declaration of Ken Sistrunk dated June 28, 2010 (the "Sistrunk Decl."), she only performed services as an entertainer at Rick's NY on two (2) occasions: April 6, 2007 and April 7, 2007. (Sistrunk Decl. ¶ 4, Exhibit A). Because her consent form was not filed by June 7, 2010, it is clear that she has no claims that fall within the FLSA's three-year statute of limitations and therefore, she should not be permitted to opt-in to this action.

Realizing that good cause is lacking in the present case, Plaintiffs argue that judicial economy favors allowing these late notices because of the possibility that these individuals may file their own individual lawsuits. The "judicial economy" argument is directly contradicted by

on-point authority from this District Court (*see supra*, *Ayers*) which held that Plaintiffs must also demonstrate "good cause" in furtherance of their request to file untimely opt-in notices. Moreover, the court in *Cox* specifically found that this very same argument was not persuasive. The argument that these three proposed plaintiffs may have pursue their own litigation is not a sufficient basis to disregard a clear and unambiguous deadline. This is especially true since the FLSA contains a fee shifting provision specifically intended to incentivize attorneys to take on small, individual FLSA claims. *Rios v. Neighborhood Construction Corp.*, 2007 WL 3335354 (S.D.N.Y. Oct. 14, 2009); *Said v. SBS Electronics, Inc.*, 2010 WL 1265186 (E.D.N.Y. Feb. 24, 2010). If the possibility that other individuals may have to bring their own lawsuits was a sufficient reason to allow individuals to join a lawsuit after an opt-in deadline, anyone would be able to join a lawsuit after the conclusion of the opt-in period, and there would be no purpose of a "deadline." Judicial efficiency and economy, upon which Plaintiffs attempt to rely, is clearly not served under that scenario. Deadlines are not merely superfluous language included in a court's order. Accordingly, Plaintiffs' motion should be denied it its entirety.

Finally, Plaintiffs also briefly argue (solely in their supplemental filing, Docket 204, but not in their initial filing, Docket 190), that *inter alia*, the Court should "deem the consent forms of Nicole Fernandez and Mirna Herrara timely-filed and toll the statute of limitations on their claims as of June 23, 2010." (Plaintiffs' Memo of Law--Docket 205). Tellingly, Plaintiffs do not offer any reason as to why the Court should grant such relief and even more tellingly, Plaintiffs fail to articulate any authority in support of this request. As a result, if the Court does permit some or all of the individuals to join the conditionally certified FLSA collective, it should nevertheless

7

2680-006 Doc# 1583

deny Plaintiffs' request that Ms. Fernandez and Ms. Herrara's claims be tolled as of June 23, 2010.[5]

## CONCLUSION

For all the reasons set forth above, and in the accompanying Sistrunk Decl., the Kimmel Decl. and the exhibits annexed respectively thereto, the Court should deny Plaintiffs' motions in their entirety.

Dated:  New York, New York
        June 28, 2010

MEISTER SEELIG & FEIN LLP

By: /s/ Jeffrey A. Kimmel
      Racquel Crespi Weintraub
      Howard Davis
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
T: (212) 655-3500
F: (212) 655-3535

*Attorneys for Defendants*

---

[5] Even if the Court does entertain Plaintiffs' request to toll the statute of limitations for Ms. Fernandez and Ms. Herrara, which it should deny, as Plaintiffs have failed to request identical relief in support of Ms. Clark, Ms. Rivers and Ms. Allstead, the Court should deny any supplemental application requesting such relief.