Jeffrey A. Kimmel (JK 0584)
Racquel Crespi Weintraub (RW 1614)
Howard Davis (HD 4452)
MEISTER SEELIG & FEIN, LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
(212) 655-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA HART and REKA FUREDI, on behalf of themselves and all others similarly situated, and the Proposed New York Rule 23 Class,<br><br>Plaintiffs,<br><br>-against-<br><br>RICK'S CABARET INTERNATIONAL INC., RCI ENTERTAINMENT (NEW YORK) INC. and PEREGRINE ENTERPRISES, INC.,<br><br>Defendants. | **Case Number: 09-CV-3043 (JGK/THK)**<br><br>**DECLARATION OF JEFFREY KIMMEL** |

JEFFREY A. KIMMEL, under the penalties of perjury, declares:

1. I am a member of Meister Seelig & Fein LLP, attorneys for the defendants Rick's Cabaret International, Inc. ("RCII"), RCI Entertainment (New York), Inc. ("RCI NY") and Peregrine Enterprises, Inc. ("Peregrine") (collectively referred to herein as "Defendants") in the above referenced action. I make this declaration in opposition to Plaintiff's Motion for Class Certification pursuant to Fed. R. Civ. P. 23.

2. A copy of the 216(b) Notice and Consent Form in the captioned action is attached hereto as Exhibit A.

3. A true and accurate copy of the Third Amended Complaint is attached hereto as Exhibit B.

4. A true and accurate copy of the relevant portions of the Sabrina Hart deposition transcript dated April 7, 2010 is annexed hereto as Exhibit C.

5. A true and accurate copy of the relevant portions of the Reka Furedi deposition transcript dated April 13, 2010 is annexed hereto as Exhibit D.

6. A true and accurate copy of the relevant portions of the Rubia Alves deposition transcript dated December 29, 2009 is annexed hereto as Exhibit E.

7. A copy of Plaintiff Furedi's Responses to Defendants' Requests for Admissions, dated June 2, 2010, is attached hereto as Exhibit F.

8. A copy of Plaintiff Hart's Responses to Defendants' Requests for Admissions, dated May 21, 2010, is attached hereto as Exhibit G.

9. A true and accurate copy of the relevant portions of the Robert Hart deposition transcript dated January 7, 2010 is annexed hereto as Exhibit H.

10. Copies of Plaintiff Hart's Declaration dated June 9, 2009 and Plaintiff Furedi's Declaration, dated June 15, 2009, are attached collectively hereto as Exhibit I.

11. A copy of documents received pursuant to a subpoena served upon 44 Enterprises Corp. (Lace 2) is annexed hereto as Exhibit J.

12. A copy of relevant portions of Plaintiff Hart's tax returns are annexed hereto as Exhibit K.

13. A true and correct copy of the relevant portions of the December 16, 2009 transcript of the oral argument before Your Honor is annexed hereto as Exhibit L.

14. A true and accurate copy of the relevant portions of the Ken Sistrunk deposition transcript dated October 29, 2009 is annexed hereto as Exhibit M.

15. A true and accurate copy of a letter from Plaintiffs' counsel, E. Michelle Drake, to Defendants' Counsel, dated June 10, 2010, is annexed hereto as Exhibit N.

16. In December 2009, Defendant Peregrine, at the direction of Magistrate Judge Katz, produced login/logout reports, entertainer charge summaries and dance dollar reports for a "representative sample" of entertainers to Plaintiffs. Plaintiffs attach a login/logout report, entertainer charge summary and dance dollar report for one entertainer as Exhibit 10 to the Prakash Aff. Plaintiffs' MOL, at p. 5, n.11. However, many of the other entertainer reports in the "representative sample" do not support the conclusions that Plaintiffs seek to draw regarding the report they attached. For example, the entertainer charge summaries for 51 entertainers within the "representative sample" show that these entertainers were not charged any fines. Copies of these entertainer charge summaries are annexed hereto as Exhibit O.[1] In addition, there are login/logout reports that show that certain entertainers did not perform a certain number of days per week, did not work on a Sunday or a Monday, and only performed at Rick's NY for a short period of time. Copies of these login/logout reports are annexed hereto as Exhibit P.

17. A copy of the Order dated July 21, 2009 in the action filed by Plaintiffs' counsel in the Fourth Judicial District Court of the State Minnesota, County of Hennepin, Court File No. 27 CV 07-26436 (the "MN Order") is annexed hereto as Exhibit Q.

18. Copies of the January 28, 2010 transcript of oral argument on plaintiffs' Rule 23 motion, as well as Judge Cedarbaum's March 15, 2010 decision granting the defendant's motion

---

[1] Seven of the entertainer charge summaries show "no show" charges at the end of the reports. These charges were never actually sought or collected from the entertainers because these entertainers stopped performing prior to the date of the "no show" charges. *See* Accompanying Declaration of Ken Sistrunk at ¶ 10.

for a stay pending appeal in *Shahriar, et al. v. Smith & Wollensky Restaurant Group Inc. et al.*, case no. 08 cv 00057 (MGC), are collectively annexed hereto as Exhibit R.

19. It should be noted that the Named Plaintiffs refused Defendants' request to incorporate into the proposed FLSA Consent Form language that would have made it clear that the issue in this case was whether entertainers were misclassified as independent contractors. Eleven of the entertainers who filed Consent Forms previously signed entertainer affidavits confirming that they were independent contractors and had no desire to be employees. *See* the joint letter of the parties to Your Honor dated January 8, 2010 attached hereto, without exhibits, as Exhibit S.

20. Attached hereto as Exhibit T are true and accurate copies of unpublished decisions cited in the accompanying Memorandum of Law, not previously cited by Plaintiffs in their moving brief, in alphabetical order, for the Court's convenience.

I declare under the penalty of perjury that the forgoing is true and accurate.

Executed: July 1, 2010.

JEFFREY A. KIMMEL