UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SABRINA HART and REKA FUREDI,       :       **Case Number: 09-CV-3043 (JGK/THK)**
on behalf of themselves, all        :
similarly situated, and the Proposed :
New York Rule 23 Class,             :
                                    :
                Plaintiffs,         :
                                    :
        -against-                   :
                                    :
RICK'S CABARET INTERNATIONAL INC.,  :
RCI ENTERTAINMENT (NEW YORK) INC. and :
PEREGRINE ENTERPRISES, INC.         :
                                    :
                Defendants.         :
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ....................................................................................................... 1

BACKGROUND ......................................................................................................... 1

      Procedural Background .......................................................................................... 1

ARGUMENT .............................................................................................................. 3

I.     General Pleading Standard ................................................................................... 3

II.    The Counterclaim ................................................................................................ 3

III.   Defendants Have Properly Pled the Elements of an Unjust Enrichment Claim ................. 5

        A.    Defendants Have Properly Pled that Plaintiffs Were Enriched at
              Defendants' Expense ................................................................................. 7

        B.    Defendants' Claim of Unjust Enrichment Is Allowable in Equity and Good
              Conscience ............................................................................................. 10

        C.    Plaintiffs Ignore That the Unjust Enrichment Claim is Properly Pled and Delve
              into Merits-Based and Policy Arguments, Which Are Not Relevant at this
              Stage in the Litigation .............................................................................. 13

IV.   Defendants' Counterclaim is Supported by Case Law ..................................................... 15

V.    Defendants Will Rely on Their Affirmative
     Defenses to Offset the Claims of the Rule 23 Class ...................................................... 17

CONCLUSION ........................................................................................................... 19

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*ABN AMRO Bank, N.V. v. MBIA Inc.,*
   81 A.D.3d 237, 916 N.Y.S.2d 12 (1st Dep't 2011) ............................................................8

*Allapattah Servs., Inc. v. Exxon Corp.,*
   333 F.3d 1248 (11th Cir. 2003) ...........................................................................18

*Am. Broad. Cos., Inc. v. Roberts,*
   61 N.Y.2d 244, 473 N.Y.S. 2d 370 (1984) ................................................................12 n.14

*Amusement Indus., Inc. v. Stern,*
   No. 07 Civ. 11586 (LAK), 2011 WL 867274 (S.D.N.Y. Mar. 11, 2011)............................8

*Ashcroft v. Iqbal,*
   129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ...............................................................3

*Barrentine v. Arkansas-Best Freight Sys., Inc.,*
   450 U.S. 728, 101 S.Ct. 1437 (1981)...................................................................12 n.14

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S.Ct. 1955 (2007) .....................................................................3

*Bruce Lee Enters. LLC v. A.V.E.L.A., Inc.,*
   No. 10 Civ. 2333 (LTS), 2011 WL 1327137 (S.D.N.Y. Mar. 31, 2011)............................3

*Chan v. Triple 8 Palace, Inc.,*
   No. 03 Civ. 6048 (GEL), 2006 WL 851749 (S.D.N.Y. Mar. 30, 2006) ............................9

*Chao v. Gotham Registry, Inc.,*
   514 F. 3d 280 (2d Cir. 2008).............................................................................12 n.14

*Conzo v. City of N.Y.,*
   667 F. Supp. 2d 279 (S.D.N.Y. 2009)...................................................................12, 13

*Doe v. Cin-Lan, Inc.,*
   08-cv-12719-SJMR-MJH, 2010 WL 726710 (E.D. Mich. Feb. 24, 2010)........5, 11, 15, 16

*Donson Stores, Inc. v. Am. Bakeries Co.,*
   58 F.R.D. 485 (S.D.N.Y. 1973) ...........................................................................18

*Grandon v. Merril Lynch & Co., Inc.,*
   147 F.3d 184 (2d Cir. 1998)................................................................................3

*Hai Ming Lu v. Jing Fong Rest., Inc.*,
    503 F. Supp. 2d 706 (S.D.N.Y. 2007)..............................................................14

*Harrell v. Diamonds A Entm't., Inc.*,
    992 F. Supp. 1343 (M.D. Fl. 1997)...........................................................9 n.11

*Imars v. Contractors Mfg. Srvs., Inc.*,
    No 97-3543, 1998 WL 598778 (6th Cir. Aug. 24, 1998) ...........................12 n.14

*Jeffery v. Epstein*,
    366 F. Supp. 1281 (S.D.N.Y. 1973)...............................................................16

*Kaye v. Grossman*,
    202 F.3d 611 (2d Cir. 2000)...........................................................................8

*Kohler v. Errico*,
    No. 3:09-cv-7290 (WWE), 2011 WL 1077722 (S.D.N.Y. Feb. 23, 2011)......................3, 5

*Lanzetta v. Florio's Enter., Inc.*,
    No. 08 Civ. 6181 (DC), 2011 WL 253961 (S.D.N.Y. Jan. 25, 2011).................12 n.14, 15

*Marino v. Grupo Mundial Tendora, S.A.*,
    No. 10 Civ. 4126, 2011 WL 1142887 (S.D.N.Y. Mar. 17, 2011) ...........................7 n.10

*Matson v. 7455, Inc.*,
    No. CV 98-788-HA, 2000 WL 1132110 (D. Or. Jan. 14, 2000) .................9, 9 n.11, 13, 14

*Pawaroo v. Countrywide Bank*,
    No. 09-CV-2924(ARR)(SMG), 2010 WL 1048822 (E.D.N.Y. Mar. 18, 2010)..........6 n.10

*Pro Bono Invs., Inc. v. Gerry*,
    No. 03 Civ. 4347(JGK), 2005 WL 2429777 (S.D.N.Y. Sept. 30, 2005) ............................5

*Reich v. ABC/York-Estes Corp.*,
    No. 91 C. 6265(BM), 1997 WL 264379 (N.D. Ill. May 12, 1997)..............................9 n.10

*Reich v. Priba Corp.*,
    890 F. Supp. 586 (N.D. Tex. 1995) ...........................................................9 n.10

*Rodriguez v. It's Just Lunch Int'l*,
    No. 07 Civ. 9227 (SHS) (KNF), 2009 WL 399728 (S.D.N.Y. Feb. 17, 2009) .............3, 10

*Terry v. Sapphire Gentleman's Club*,
    Case No.: A602800
    (Dep't I, District Court, Clark Co., NV June 24, 2010)........................11, 11 n.13, 15 n. 15

2680-006 Doc #1945

*Touchtunes Music Corp. v. Rowe Int'l Corp.*,
    07 CIV. 11450, 2010 WL 1904326 (S.D.N.Y. May 11, 2010) ........................................10

*Van Gemert v. Boeing Co.*,
    590 F.2d 433 (2d Cir. 1978)................................................................................18, 18 n.18

## **Rules & Statues**

29 C.F.R. § 531.55 ...............................................................................................9 n.11, 14

29 C.F.R. § 778.502 ..............................................................................................................12

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ....................................................1

Fed. R. Civ. P. 15(a) ...........................................................................................................10

## INTRODUCTION

Defendants Rick's Cabaret International, Inc. ("RCII"), Rick's Cabaret (New York) Inc. ("RCI NY") and Peregrine Enterprises, Inc. ("Peregrine") (collectively, "Defendants") submit this memorandum of law in opposition to the motion of the plaintiffs, Sabrina Hart ("Hart") and Reka Furedi ("Furedi") (Hart and Furedi are collectively referred to herein as the "Named Plaintiffs"), on behalf of themselves, all others similarly situated (along with the Named Plaintiffs, "Plaintiffs"), and the New York Rule 23 Class (the "Rule 23 Class"), to dismiss Defendants' counterclaim set forth in Defendants' Answer, Affirmative Defenses and Counterclaim ("Answer" or "Answ.") to Third Amended Class Action Collective Action Complaint ("Complaint").[1]

## BACKGROUND

### Procedural Background

Sabrina Hart commenced this action on or about March 30, 2009 against RCI NY and Peregrine, as well as against RCII, asserting claims under The Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ("FLSA"), on behalf of herself and other allegedly "similarly situated current and former employees… for failure to pay a minimum wage."[2]  The complaint also alleges a Rule 23 class action for purported violations of various New York wage laws.[3]

---

[1]    Plaintiffs' Complaint can be found at ECF No. 153.  A copy of Defendants' Answer, Affirmative Defenses and Counterclaim to Plaintiffs' Complaint is annexed to the Declaration of Jeffrey A. Kimmel ("Kimmel Decl.") submitted herewith as Exhibit A.

[2]    On June 16, 2009, plaintiff Furedi opted into the action.

[3]    The first and second causes of action allege that Defendants failed to pay minimum wage under the FLSA and New York Labor Law ("NYLL").  The third, fourth and fifth causes of action assert claims against Defendants for violations of other provisions of the NYLL, including alleged unlawful taking of tips and deductions from wages.

On December 16, 2009, the Court granted Plaintiffs' motion for conditional certification of a collective of entertainers who had performed at Rick's NY.[4]   Notice was mailed to approximately 1100 entertainers who performed at Rick's NY during the previous three (3) years.  Only approximately 50 individuals opted-in to this action (less than 5% of the potential collective members).[5]  Also on December 16, 2009, the Court granted Defendants' motion to dismiss RCII as a defendant, and therefore, Plaintiffs' nationwide claims.

Subsequently Plaintiffs filed the third amended complaint and on May 18, 2010, Defendants moved to dismiss Plaintiffs' Complaint as to RCII.   On June 10, 2010, Plaintiff moved for Rule 23 certification of a class of all entertainers who performed at Rick's NY.  On December 17, 2010 the Court denied Defendants' motion to dismiss and granted Plaintiffs' motion for Rule 23 certification of the New York class.

On February 3, 2011 Defendants filed their Answer to the Complaint.   Defendants' Answer asserts a counterclaim against Plaintiffs and the Rule 23 Class for unjust enrichment. Defendants' counterclaim seeks an offset against Plaintiffs and the Rule 23 Class's claims based on amounts previously earned by them, in the event that the Court determines that entertainers at Rick's NY are employees rather than independent contractors.   Plaintiffs' motion to dismiss Defendants' counterclaim was filed on April 25, 2011.

---

[4]      While Plaintiffs purport to plead allegations in their Complaint on behalf of a nationwide collective, Plaintiffs have not moved for nationwide conditional certification.

[5]      There are presently 52 opt-in plaintiffs who make up the FLSA collective.  However, the claims of one of these individuals is time-barred pursuant to the FLSA – Shoshana Frost – who last performed at Rick's NY more than 3 years prior to filing her consent to join the action.

# ARGUMENT

## I.    General Pleading Standard

It is well-settled on a motion to dismiss that the court must accept all of the factual allegations in the cause of action as true, and draw all reasonable inferences in the pleader's favor. *Bruce Lee Enters. LLC v. A.V.E.L.A., Inc.*, No. 10 Civ. 2333 (LTS), 2011 WL 1327137, at *4 (S.D.N.Y. Mar. 31, 2011);[6] *see also Grandon v. Merril Lynch & Co., Inc.*, 147 F.3d 184, 188 (2d Cir. 1998). "At the pleading stage, no obligation is placed on [the pleader] to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Rodriguez v. It's Just Lunch Int'l*, No. 07 Civ. 9227 (SHS) (KNF), 2009 WL 399728, at *3 (S.D.N.Y. Feb. 17, 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Thus, "[t]he function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Kohler v. Errico*, No. 3:09-cv-7290 (WWE), 2011 WL 1077722, at *6 (S.D.N.Y. Feb. 23, 2011). In this case, the elements of a claim of unjust enrichment have been more than adequately pled.

## II.    The Counterclaim

Defendants' counterclaim against Plaintiffs seeks an offset against any award of wages or other accouterments of employment that Plaintiffs may ultimately be awarded in the event that Plaintiffs are successful on their claims. *See* Answ. ¶ 314. Defendants seek an offset in the

---

[6]    Unpublished cases, unless stated otherwise herein, are annexed to the Kimmel Decl. as Exhibit E.

amount of mandatory service charges paid by customers to Rick's NY ("Performance Fees")[7] retained by or paid over to Plaintiffs as a result of their performing at Rick's NY. *See* Answ. ¶ 314.

The Named Plaintiffs concede that dance fees amount to fixed, mandatory charges paid by customers for each dance that they sell as entertainers.[8]   Named Plaintiffs have testified at their depositions that Performance Fees for personal dances and fees for time spent in private rooms are mandatory service charges, and that customers at Rick's NY could not pay less than the Performance Fee. Hart Deposition Transcript ("Hart Dep."), 71:25 – 72:23, April 7, 2010; Furedi Deposition Transcript ("Furedi Dep."), 93:5-14, 97:5-21, April 13, 2010.[9]   Neither of the Named Plaintiffs testified at deposition that they ever received a Dance Dollar or Dance Ticket as a "tip" in excess of the mandatory fees for dancing on stage, giving a personal dance or spending time with a customer in a private room.

---

[7]      Performance Fees are mandatory dance fees paid by customers to Rick's NY, for either a personal dance or time spent in a private room with an entertainer.  For the convenience of customers, Performance Fees for personal dances are collected by entertainers.

[8]      Plaintiffs Hart and Furedi have submitted declarations in this action in which they state:

> If a customer wanted me to dance for them for longer than the length of one song, I was **required to charge them for another dance**.  **Rick's set the price of personal dances**.  The price was the same for a personal dance regardless of which entertainer performed the dance.  **Entertainers were not allowed to charge a different price for a personal dance than the price established by Rick's**.  **Entertainers were required to charge customers $20** for a personal dance.  If a customer did not want to pay for the dance using US currency, entertainers were required to allow the customer to pay for the dance using one 'dance dollar'.... The price paid for time in private rooms was set by Rick's and was the same regardless of which entertainer was spending time in the private room with the customer(s).

Declaration of Sabrina Hart, dated June 9, 2009 ¶¶ 8 – 11 (emphasis supplied), ECF No. 18; *see also* Declaration of Reka Furedi, dated June 15, 2009, ECF No. 25-2.

[9]      Relevant portions of the Hart Dep. and the Furedi Dep. are attached to the Kimmel Decl. as Exhibits B and C, respectively.

### III.   Defendants Have Properly Pled the Elements of an Unjust Enrichment Claim

Plaintiffs assert a number of arguments based on their position on the ultimate merits of the counterclaim, skirt around the issues, assume facts that are disputed and cite no relevant case law whatsoever supporting their assertion that Defendants' counterclaim should be dismissed. *See* Plaintiffs' Memorandum of Law in Support of Their Motion to Dismiss Defendants' Counterclaim ("Plaintiffs' Br."). The simple fact, and all that should be considered on a motion to dismiss, is whether the claim is properly pled. Defendants' counterclaim for unjust enrichment is properly pled.

To plead a claim for unjust enrichment, a party must show: (1) the defendant was enriched; (2) at the plaintiff's expense, and that (3) the "circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Kohler v. Errico*, No. 3:09-cv-7290 (WWE), 2011 WL 1077722, at *9 (S.D.N.Y. Feb. 23, 2011) (upholding plaintiff's unjust enrichment claim); *see also Pro Bono Invs., Inc. v. Gerry*, No. 03. Civ. 4347(JGK), 2005 WL 2429777, at *9 (S.D.N.Y. Sept 30, 2005) (denying defendants' motion for summary judgment on the unjust enrichment claim); *Doe v. Cin-Lan, Inc.*, 08-cv-12719-SJMR-MJH, 2010 WL 726710, at *7 (E.D. Mich. Feb 24, 2010) (denying plaintiff dancer's motion to dismiss defendant club's counterclaim for unjust enrichment).

Here, Defendants have pled facts more than sufficient to satisfy each of the elements of unjust enrichment, allowing the Court to draw a reasonable inference that the Plaintiffs will be liable on the unjust enrichment claim for recovery of Performance Fees in the event that Plaintiffs are successful.

First, Defendants properly pled that Plaintiffs would be enriched if they were allowed to retain the mandatory Performance Fees <u>and</u> receive additional wages. *See* Answ. ¶ 310.

Defendants pled that it was the parties' arrangement based on an oral agreement and/or in practice, in pursuit of a lawful objective, that Plaintiffs were allowed to retain mandatory Performance Fees as a result of their status as non-employee contractors and the parties' agreement as to that status. Answ. ¶¶ 296, 297, 305. Second, Defendants adequately pled that allowing Plaintiffs to retain the mandatory service fees was at Defendants' expense because the mandatory Performance Fees were owned by defendant Peregrine and it would have kept such amounts for itself but for this arrangement. Answ. ¶ 307. Third, Defendants sufficiently pled that the circumstances were such that equity and good conscience require Plaintiffs to make restitution. Defendants further pled that the entertainers as non-employee contractors were allowed numerous rights defendant Peregrine would have reserved for itself, including the right to select their own schedules, selecting patrons for whom they would perform, whether they would perform at all, avoiding participation in Peregrine's promotions and advertising, wearing clothing of their choice, exercising their option to perform at other unrelated and competitive dance venues, and not being assigned other duties by Peregrine. Answ. ¶ 307.

Indeed, as Defendants pled, if Plaintiffs are successful on their claims to receive additional monies, they will be unjustly enriched by receiving both wages and mandatory Performance Fees collected under the parties' arrangement, while at the same time having retained a substantial amount of the Performance Fees in addition to the non-monetary benefits pursuant to the parties' arrangement that Plaintiffs were non-employee contractors. Answ. ¶ 310. Because Defendants have properly pled all of the elements of an unjust enrichment claim, their counterclaim should not be dismissed.[10]

---

[10]  Plaintiffs cite *Pawaroo v. Countrywide Bank*, No. 09-CV-2924(ARR)(SMG), 2010 WL 1048822 (E.D.N.Y. Mar. 18, 2010) for the contention that an unjust enrichment claim must state the manner and extent a party was unjustly enriched. Plaintiffs' Br. at pp. 9, 10. In *Pawaroo* the plaintiff "allege[d] little more than the general notion that [defendant] unjustly received benefits," without discussing what the benefits were or how they

### A. Defendants Have Properly Pled that Plaintiffs Were Enriched at Defendants' Expense

Defendants have properly pled the first and second elements of a claim for unjust enrichment – that Plaintiffs were enriched at Defendants' expense. Defendants have pled that if Plaintiffs are successful on their claims, then to both receive additional monies in the form of allegedly unpaid "wages" and keep payments received from mandatory Performance Fees would result in their unjust enrichment. Answ. ¶ 310. Defendants have also pled that Plaintiffs received non-monetary benefits pursuant to the parties' arrangement that Plaintiffs were non-employee contractors. Answ. ¶ 307. In addition, Defendants have pled that allowing Plaintiffs to retain the mandatory Performance Fees was at Defendants' expense because the mandatory Performance Fees were moneys that defendant Peregrine would have kept for itself but for the agreement between the Plaintiffs and defendant Peregrine, that the Plaintiffs were properly independent contractors, not employees. Answ. ¶ 307.

Notwithstanding the plausibility of these allegations, Plaintiffs contend that Defendants' unjust enrichment counterclaim is insufficiently pled because Defendants have not pled "any facts that would make the Performance Fees Defendants' property." Plaintiffs' Br. at p. 14. This argument, however, not only is unsupported by any case law, but also improperly argues the merits of the case.

First, Plaintiffs have not cited any case law requiring that Defendants plead that the Performance Fees are their property. The law in this district holds that "[t]he essence of an unjust enrichment claim is that 'one party has received money or a benefit at the expense of

_____

were accrued. *Pawaroo*, 2010 WL 1048822, at *7. In striking contrast, here, Defendants explain what the benefits were – the mandatory Performance Fees  – and how they were accrued – *i.e.*, by Defendants allowing Plaintiffs to retain a significant amount of them based solely on the parties' understanding that Plaintiffs are independent contractors. Answ. ¶¶ 296-297. *Marino v. Grupo Mundial Tenora, S.A.*, No. 10 Civ. 4126, 2011 WL 1142887 (S.D.N.Y. Mar. 17, 2011) is also inapplicable. In *Marino*, the court held there was no enrichment at all. 2011 WL 1142887, at *6. Here, Plaintiffs clearly would be enriched if they are allowed to retain the mandatory Performance Fees and receive a windfall of "minimum wages."

another." *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586 (LAK), 2011 WL 867274 (S.D.N.Y. Mar. 11, 2011) (*citing Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)).    In *Amusement Industry, Inc.*, the Court held that the plaintiff stated a claim for unjust enrichment because it alleged that certain defendants received a benefit at the expense of plaintiffs when these defendants received possession of certain funds.  2011 WL 867274, at *1.

Here, although Plaintiffs attempt to analogize the New York state case of *ABN AMRO Bank, N.V. v. MBIA Inc.*, 81 A.D.3d 237, 916 N.Y.S.2d 12 (1st Dep't 2011), which is the only case that they cite to support their claim that Defendants are required to plead that they owned the Performance Fees (and have not done so), *ABN AMRO* is inapposite.    The court in *ABN AMRO* merely held that the plaintiffs' unjust enrichment claim did not allege that plaintiffs conferred a benefit upon the defendant.  81 A.D.3d at 246.    Thus, that case does not support Plaintiffs' argument that to plead an unjust enrichment claim, Defendants have to allege "facts that would make the Performance Fees Defendants' property." Plaintiffs' Br. at p. 14.    In fact, the counterclaim draws a clear distinction between mandatory Performance Fees and tips and clearly states that if the entertainers were employees they would not have agreed to an arrangement whereby entertainers were able to retain a substantial portion of the performance fees.  Because Defendants have sufficiently alleged that they conferred a benefit on Plaintiffs by permitting them to retain Performance Fees and agreeing that they could perform as independent contractors, and have alleged that they have received a financial benefit in connection therewith, Defendants' unjust enrichment counterclaim is proper.  *See* Answ. ¶¶ 307-308.

Moreover, Plaintiffs' argument that Defendants' counterclaim should be dismissed because it does not allege that Performance Fees enter into gross receipts again goes to the merits of the case.  This is a fundamental disputed legal issue in this action, a fact that Plaintiffs even

admit in their moving papers. Plaintiffs' Br. at p. 14 ("Defendants have taken the legal position that the gratuities at issue are not gratuities and can therefore count as wages.").

Contrary to Plaintiffs' argument, and as Defendants have contended in this action, the law does not provide that that any amount that does not get recorded as gross receipts must be a tip. *See Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048 (GEL), 2006 WL 851749, at *3 n.10 (S.D.N.Y. March 30, 2006). The Court in *Chan* observed:

> In providing examples of payments that are not tips, the regulations explain that 'service charges and other similar sums which become part of the employer's gross receipts are not tips for the purposes of' the FLSA. 29 C.F.R. § 531.55. The regulations do not purport to create a rule, however, that any sum given to a tipped employee that is not included in reported gross receipts must always be considered a tip. Service charges taken in by the employer may 'become part of the employer's gross receipts' for purposes of 29 C.F.R. § 531.55, even if they are not reported as such on the employer's tax returns. The regulations may not be reasonably read as providing that a restaurant employer who generally fails to properly report gross receipts is liable to a finding that any and all unreported payments to employees are 'tips.'

*Chan*, 2006 WL 851749, at *9; *see also Matson v. 7455, Inc.*, No. CV 98-788-HA, 2000 WL 1132110, at *5, 6 (D. Or. Jan. 14, 2000).[11] Plaintiffs' arguments on their motion to dismiss Defendants' unjust enrichment counterclaim, that Defendants have failed in their pleading obligations because of the Plaintiffs' position that Performance Fees are tips, hold no weight.

---

[11] The cases upon which Plaintiffs rely for their argument that any amount paid by a patron that is not recorded in an employer's "gross receipts," see *Reich v. ABC/York-Estes Corp.*, No. 91 C. 6265(BM), 1997 WL 264379, at *5-7 (N.D. Ill. May 12, 1997); *Harrell v. Diamonds A Entm't, Inc.*, 992 F. Supp. 1343 (M.D. Fl. 1997); *Reich v. Priba Corp.*, 890 F. Supp. 586, 595 (N.D. Tex. 1995), is not the state of the law. As the court held in *Matson v. 7455, Inc.*, which was cited with approval in this District in *Chan*, mandatory Performance Fees collected by entertainers in exchange for table dances are not "tips" and "[n]o limitation in the F.L.S.A. statute exists precluding the use of such fixed fees in the calculation of an employee's minimum wage." *See Matson*, 2000 WL 1132110, at *5-6; *see also* 29 C.F.R. § 531.55 (Service charges such as dance fees "may be used in their entirety to satisfy the monetary requirements of the Act").

### B. Defendants' Claim of Unjust Enrichment Is Allowable in Equity and Good Conscience

"The essence of a cause of action for unjust enrichment is that 'one party possesses money . . . that in equity and good conscience [it] should not have obtained or possessed because it *rightfully belongs to another.*'" *Rodriguez v. It's Just Lunch Int'l*, No. 07 Civ. 9227 (SHS)(KNF), 2009 WL 399728, at *7 (S.D.N.Y. Feb. 17, 2009) (internal citations omitted) (emphasis in original) (holding that the principles of equity and good conscience dictate that if plaintiffs prove the allegations that defendants retained payments to which they were not entitled, plaintiffs recover on their unjust enrichment action).

Defendants' claim of unjust enrichment is allowed in equity and good conscience. Plaintiffs are independent contractors, not employees. However, if it is determined in this action that they should have been classified as employees, they earned in excess of minimum wage at all times.[12] Defendants' counterclaim is only in the event that the Court deems Plaintiffs employees and Defendants were required to pay them the statutory minimum wage. Contrary to Plaintiffs' assertions, Defendants do not seek to avoid their obligations under the wage and hour laws. Indeed, through mandatory Performance Fees, even if they are determined to be employees, Plaintiffs have already been fully compensated according to the law. Defendants simply seek to avoid a result that confers an unjust windfall on the Plaintiffs by allowing them to keep Performance Fees and now be paid additional wages, liquidated damages, etc.

---

[12]     Plaintiffs cite to the language in the counterclaim that Plaintiffs "may have received Performance Fees in excess of minimum wage." Answ. ¶ 301. Plaintiffs were, in fact, always paid in excess of minimum wage in Performance Fees and the evidence will support this. In the event that the Court finds that more specific allegations are necessary to support Defendants' counterclaim, Defendants respectfully request leave to re-plead their counterclaim. Federal Courts "should freely give leave [to amend pleadings] when justice so requires." Federal Rule of Civil Procedure 15(a); *see also Touchtunes Music Corp. v. Rowe Int'l Corp.*, 07 CIV. 11450, 2010 WL 1904326, at *1 (S.D.N.Y. May 11, 2010) (granting leave to defendant to file a first amended answer with counterclaim).

Plaintiffs set forth several roundabout arguments.  For example, Plaintiffs make the conclusory statement that if an employer classifies workers as independent contractors and these workers are later found to be employees, the employer cannot have a counterclaim for unjust enrichment.   How Plaintiffs come to this self-serving conclusion is unclear.  Plaintiffs cite no case law or statutory authority, but simply declare that this is the case.   Case law, however, dictates an opposite conclusion.  In *Doe v. Cin-Lan, Inc.*, 2010 WL 726710 (E.D. Mich. Feb. 24, 2010), the court upheld the defendants' unjust enrichment claim, brought in the event that the plaintiff, who was classified as an independent contractor, was later determined to be an employee.  2010 WL 726710, at *7; *see also Terry v. Sapphire Gentleman's Club*, Case No.: A602800 (Dep't I, District Court, Clark Co., NV June 24, 2010).[13]

Plaintiffs next mischaracterize Defendants' position inferring that Defendants encouraged Plaintiffs to waive their statutory rights to minimum wage by citing case law that stands for the contention that one cannot contract away her rights to minimum wage.  Plaintiffs' Br. at pp. 11-12.   Defendants, however, did no such thing and at all times Plaintiffs earned at least, and usually well over, the minimum wage in Performance Fees, exclusive of tips.   Thus Plaintiffs' case law standing for the contention that it is against public policy for a worker to contract away her right to earn minimum wage (Plaintiffs' Br. at pp. 11-12) simply has nothing to do with the facts at bar.[14]  Defendants are not asking the Court to impose legal obligations on the parties that

---

[13]     The court in *Terry* denied the plaintiffs' motion to dismiss an adult entertainment club's counterclaim for unjust enrichment against entertainer plaintiffs.  Facing claims nearly identical to those asserted by Plaintiffs herein, the club in *Terry* countered that if the plaintiffs were successful in establishing that they were employees mischaracterized as independent contractors pursuant to Nevada law, the club would be entitled to recovery of the dance fees that had been retained by plaintiffs.  The Court upheld the counterclaim as a valid claim. The *Terry* decision is attached to the Kimmel Decl. as Exhibit D.

[14]     In *Chao v. Gotham Registry, Inc.*, 514 F. 3d 280, 289 (2d Cir. 2008), for example, the court held that an employer was not relieved of its duty to pay overtime even if the employee had voluntarily agreed to forgo it. This decision has nothing to do with the case at bar.  First, *Chao* is an overtime case, unlike the action at issue, and Plaintiffs here were simply not asked to voluntarily accept less than minimum wage.  Plaintiffs also cite *Barrentine*

applicable law forbids, as Plaintiffs contend (Plaintiffs' Br. at p. 10), because Defendants' counterclaim does not seek to have the Plaintiffs work for below minimum wage. Rather, it seeks return of mandatory fees retained by Plaintiffs in excess of the minimum wage.

Plaintiffs next curiously cite a Department of Labor Regulation about pseudo-bonuses, which disallows an employer from paying a fixed amount each week and calling it a bonus, regardless of the hours worked. Plaintiffs' Br. at p. 12 (*citing* 29 C.F.R. § 778.502). With a pseudo-bonus, as the employees' hours go up, the amount of the bonus goes down. *See* 29 C.F.R. § 778.502. How this Regulation is analogous to the facts at bar is perplexing at best. Plaintiffs were not paid a fixed rate, but were paid in excess of the minimum wage in relation to the amount of work performed.

Finally, Plaintiffs argue that if they prevail on their claims in the lawsuit, "equity and good conscience" do not require them to pay Defendants anything. Plaintiffs' Br. at p. 13. This argument is likewise misplaced since Defendants are not seeking that the Plaintiffs actually pay them anything. Rather, what Defendants are seeking is an "offset [of Performance Fees] against any award of wages or other accouterments of employment to which [Plaintiffs] claim to be entitled." Answ. ¶ 314. Offsets are allowed under the FLSA. *See generally Conzo v. City of N.Y.*, 667 F. Supp. 2d 279, 289 (S.D.N.Y. 2009) ("Pursuant to the FLSA, an employer may credit some payments it has already made to employees against the overtime it owes them.").

Indeed, the case is simpler than Plaintiffs make it out to be. If Defendants are found to owe Plaintiffs minimum wage, Plaintiffs in equity and good conscience should not be allowed to

---

*v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 1445 (1981), *Lanzetta v. Florio's Enter., Inc.*, No. 08 Civ. 6181 (DC), 2011 WL 253961, at *5 (S.D.N.Y. Jan. 25, 2011), and *Imars v. Contractors Mfg. Srvs., Inc.*, No 97-3543, 1998 WL 598778, at *5 (6th Cir. Aug. 24, 1998) which are likewise inapplicable because they merely hold that a plaintiff cannot waive his or her rights to minimum wage and/or overtime, which, as stated, *supra*, is not the case here. *Am. Broad. Cos., Inc. v. Roberts*, 61 N.Y.2d 244, 247, 249, 473 N.Y.S. 2d 370 (1984), while inapplicable as well, is an interesting case for Plaintiffs to cite as it holds the employees' waiver of their rest breaks under the NYLL was legal ("We perceive no overriding public policy that prevents waiver or modification of the precise statutory terms.").

double dip and (1) retain what belongs to defendant Peregrine – the Performance Fees – which Plaintiffs only received based on the understanding and agreement that they were independent contractors, plus (2) recover additional funds in the form of an award of back wages and other amounts they seek under the FLSA and the NYLL.  To allow such a windfall would unjustly enrich the Plaintiffs.

### C. Plaintiffs Ignore That the Unjust Enrichment Claim is Properly Pled and Delve into Merits-Based and Policy Arguments, Which Are Not Relevant at this Stage in the Litigation

Plaintiffs ignore the only relevant analysis when considering a motion to dismiss – whether the claim is properly pled – and delve into merits-based and policy arguments.  Because Plaintiffs cannot argue that Defendants' unjust enrichment claim is improperly pled, they attempt to distract the Court by assuming facts and mischaracterizing Defendants' claims.  While Plaintiffs' arguments are irrelevant, they are briefly discussed below.

First, Plaintiffs base their arguments on a flawed assumption and legal theory.  Specifically, Plaintiffs assume that the Performance Fees charged for dances are tips to which Plaintiffs are legally entitled.  The Court has not held this and Defendants certainly do not agree with this assumption.  The Performance Fees are mandatory service charges and therefore not tips at all.  Courts under similar fact patterns have in fact ruled that this is the case.  *See Matson*, 2000 WL 1132110, at *5, 6.  Yet Plaintiffs make the leap of logic that if the Plaintiffs are ultimately found to be employees and not independent contractors that the Performance Fees will also be found to be tips to which Plaintiffs are legally entitled.  Plaintiffs state with a certain bravado that Defendants' assertion that the Performance Fees are not tips "flies in the face of *Plaintiffs' allegations* that the dance fees are 'gratuities' within the meaning of the New York Labor Law, and are therefore Plaintiffs' property as a statutory matter."  Plaintiffs' Br. at p. 8

(emphasis added).   At this stage, <u>no</u> determination has been made concerning Plaintiffs'
allegations and it is hubris for Plaintiffs to base their entire argument on the premise that what
they allege is the last word.  Indeed, it is a possible outcome of this litigation that Plaintiffs could
be held to be employees, while the Performance Fees are ultimately held to be mandatory service
charges that belong to Peregrine and to which the entertainers, even if employees, are not
entitled, and which could, by established law, offset any wage claims.

Second, Plaintiffs mischaracterize Defendants' arguments.  Plaintiffs seemingly assert
that Defendants' argument is that just because Plaintiffs made at least the minimum wage in
"tips," they are not entitled to wages paid by Rick's NY.  Plaintiffs' Br. at p. 8.  Defendants,
however, make no such argument.  Defendants assert that Plaintiffs made the minimum wage in
mandatory service charges, *i.e.*, the Performance Fees, to which they have no legal entitlement.
Defendants, in fact, agree that Plaintiffs are allowed to keep actual tips and claim no property
right to the tips Plaintiffs received on top of the mandatory Performance Fees.  The law is
established that mandatory service charges can be used to offset wage obligations. *See Matson*,
2000 WL 1132110, at *6; *see also Hai Ming Lu v. Jing Fong Rest., Inc.*, 503 F. Supp. 2d 706,
710 (S.D.N.Y. 2007); *see also* 29 C.F.R. § 531.55 (Service charges "may be used in their entirety
to satisfy the monetary requirements of the Act").

Plaintiffs discuss at length *Lanzetta v. Florios' Enters., Inc.*, No. 08 Civ. 6181(DC), 2011
WL 253961 (S.D.N.Y. Jan. 25, 2011), which is futile because *Lanzetta* simply is not on point.
*Lanzetta* is an action concerning a waitress who <u>only</u> received tips and did not receive minimum
wage (and the opinion addresses a final judgment following trial, not a decision on a motion to
dismiss).   Here again, Plaintiffs assume the entertainers' "only income comes from tips
customers gave them."  Plaintiffs' Br. at p. 9.  Again, this is not the case.  The vast majority of

Plaintiffs' income came in the form of Performance Fees, to which Plaintiffs had no legal right and which Defendants allowed them to retain.

## IV.   Defendants' Counterclaim is Supported by Case Law

Plaintiffs unsuccessfully try to distinguish prevailing case law that supports Defendants' counterclaim under analogous facts. Plaintiffs' Br. at pp. 17-20 (*citing Cin Lan*, 2010 WL 726710).[15]

Like the case herein, *Cin Lan* was a wage and hour collective-class action hybrid case brought by an entertainer plaintiff against an adult entertainment club pursuant to the FLSA and the local labor laws.  The plaintiff in *Cin Lan* brought claims for, *inter alia*, defendants' failure to pay a minimum wage and unlawful retention of a portion of her alleged tips. 2010 WL 726710, at *1.  In *Cin Lan* the court denied the entertainer plaintiff's motion to dismiss defendants' unjust enrichment counterclaim for recovery of Performance Fees.  2010 WL 726710, at*7.

Plaintiffs attempt to distinguish *Cin Lan* on the basis that the parties in *Cin Lan* had a written contract.  This, however, is futile because the *Cin Lan* court held that the unjust enrichment claim was adequately pled.  The unjust enrichment claim was entirely independent of the contract claim and in fact the court recognized that the claim would only survive if the defendants' contract-based claims failed.  Plaintiffs' Br. at p. 18.  The *Cin Lan* court correctly observed that "if there is no valid agreement between the two, and the dance fees are determined to be service charges, rightfully the property of Cin-Lan, and not tips, an action in unjust enrichment will be the vehicle for recovering the dance fees." 2010 WL 726710, at *13, 14.  It is axiomatic that the quasi-contract claim of unjust enrichment can only survive where there is no actual contract.

---

[15]     Plaintiffs also fail to address the *Terry* decision discussed more fully *supra* at fn. 12.

Plaintiffs note that in *Cin Lan* the defendants also alleged that the *net* rather than the *gross* amount that the plaintiff earned "far exceeded" the minimum wage on each of the plaintiff's performance dates. Plaintiffs' Br. at p. 18 (*citing* 2010 WL 726710, at *3.) Answ. ¶¶ 312-315.   However, it is Defendants' contention in this case that Performance Fees retained by entertainers exceeded the minimum wage, free and clear of other charges.   Thus, Plaintiffs' assertion that "Defendants' counterclaim fails to account in any way for the 'house fee' payments, fines, and mandatory payments," is without merit.[16]   Moreover, the *Cin Lan* court did not address this issue in denying the plaintiff's motion to dismiss the defendants' unjust enrichment claim.   Nor are these allegations required elements of a cause of action for unjust enrichment.   *See supra* Section II.[17]

Finally, after Plaintiffs fail to distinguish prevailing case law, they again fall back on what are essentially merits arguments inappropriate for consideration on a motion to dismiss. Plaintiffs' Br. at pp. 19-20.   For example, Plaintiffs claim that "[t]here is no legal basis for the proposition that an entertainer 'in good conscience' cannot receive wages while also being allowed to retain money she receives from customers in exchange for dances." Plaintiffs' Br. at p. 19.   This is not a basis to dismiss Defendants' Counterclaim.   Defendants' Counterclaim sufficiently alleges that the parties had an arrangement that entertainers are independent contractors.   Under this arrangement, Rick's NY permitted entertainers to retain $18.00 for each dance they performed when paid in Dance Dollars and $20.00 when paid in cash.   Under

---

[16]     *See* fn. 11, *supra.*

[17]     Plaintiffs would also have this Court believe that to succeed on an unjust enrichment claim, Defendants must plead facts that, without a judgment in their favor, would "shock the conscience." Plaintiffs' Br. at p. 19 (*citing Jeffery v. Epstein*, 366 F. Supp. 1281 (S.D.N.Y. 1973)).   However there is simply no such pleading requirement for a claim of unjust enrichment. *See supra*, Section II.   In fact, the *Jeffery* decision on which Plaintiffs rely was not made on a motion to dismiss, but rather rejected the plaintiff's unjust enrichment claim only after making "findings of fact" that there was a valid and enforceable contract, obviating any quasi-contract unjust enrichment claim. 366 F. Supp. at 1282.

prevailing law, Rick's NY was entitled to retain all of this money.  In many cases, entertainers retained hundreds of thousands of dollars in cash and Dance Dollar redemptions.  If the Court determines that entertainers are employees, Plaintiffs will have received an enormous benefit at Defendants' expense, requiring restitution to avoid an unjust windfall.

Defendants allege that the parties' arrangement would have been different had the parties understood their relationship to be one of employer and employee.  Answ. ¶¶ 307, 310, 312. While Plaintiffs may disagree with this assertion, this is an issue to be determined by the finder of fact at a later stage and not a consideration for a motion to dismiss.

If this Court ultimately finds in Defendants' favor on the counterclaim, the Court necessarily will have determined that Plaintiffs are employees and are entitled to recovery of statutorily mandated wages.  Such a determination would not "have the effect of releasing Defendants from their obligations to pay wages and not make employees pay in order to work." Plaintiffs' Br. at p. 20; *see supra* Section II.  Only after the Court determines that Plaintiffs may recover damages from Defendants will Defendants be permitted to be awarded offset for retained Performance Fees, pursuant to the counterclaim.

## V.       Defendants Will Rely on Their Affirmative Defenses to Offset the Claims of the Rule 23 Class

Plaintiffs' cases which they claim prohibit counterclaims by defendants against a Rule 23 class, are distinguishable because they focus on the abuse and intimidation that would result from counterclaims being brought against absent class members. *See Van Gemert v. Boeing Co.*, 590 F.2d 433, 440 n.15 (2d Cir. 1978); *see also Donson Stores, Inc. v. Am. Bakeries Co.*, 58 F.R.D. 485 (S.D.N.Y. 1973).[18]  The cases observe that absent Rule 23 class members may be

---

[18]       A number of the cases cited by Plaintiffs are also distinguishable because they do not directly address the issue of counterclaims brought against Rule 23 absent class members, but rather refer to the issue by means of illustrating other unrelated points.  For example, although Plaintiffs cite to the *Boeing* decision, the case is

encouraged to opt-out in order to avoid the financial consequences of a counterclaim. In a case such as this, however, there is no possibility of abuse or intimidation because Defendants are merely seeking a set off against any award that Plaintiffs may be granted by the Court. Absent class members have nothing to lose.

Nevertheless, Defendants withdraw their counterclaim as against the Rule 23 Class, relying instead on their affirmative defenses for offset against the Rule 23 Class members. *See* Answ., Affirmative Defenses Eight, Twenty-Nine, Thirty-Five and Thirty-Seven. Defendants expressly reserve their right to seek to recover for any claims and setoffs against the Rule 23 Class at the damages phase of this action. *See Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259, 1260 (11th Cir. 2003).[19]

---

actually about whether absentees are parties for the purpose of awarding attorneys fees, rather than in the context of counterclaims. *Boeing*, 590 F.2d at 440 n.15.

[19]     Defendants also withdraw their claims for recovery of their costs, interest and attorneys' fees contained in the "Wherefore" clause of Defendants' counterclaim.

## CONCLUSION

For all the reasons set forth above, and in the accompanying Kimmel Decl. and the exhibits annexed thereto, the Court should deny Plaintiffs' motion to dismiss Defendants' counterclaim in its entirety.

Dated:  New York, New York
       May 26, 2011

MEISTER SEELIG & FEIN LLP

By:    Jeffrey A. Kimmel
        Racquel Crespi Weintraub
        Alyson C. Bruns
        Howard Davis
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
T:  (212) 655-3500
F:  (212) 655-3535

*Attorneys for Defendants*