**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SABRINA HART and REKA FUREDI | ) | Case No. 09-CV-3043 JGK/THK |
| on behalf of themselves and all others similarly | ) | |
| situated, and the New York Rule 23 Class, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ANSWER TO AMENDED** |
| | ) | **COUNTERCLAIM** |
| RICK'S CABARET INTERNATIONAL INC., | ) | |
| RCI ENTERTAINMENT (NEW YORK) INC., | ) | |
| PEREGRINE ENTERPRISES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————————————— | ) | |

Counterclaim-Defendants Sabrina Hart and Reka Furedi and those similarly situated (collectively, "Plaintiffs") provide the following Answer to the Amended Counterclaim filed by Counterclaim-Plaintiffs Rick's Cabaret International, Inc. ("RCII"), RCI Entertainment (New York), Inc. ("RCI NY"), and Peregrine Enterprises, Inc. ("Peregrine"), (collectively, "Defendants").

## <u>ANSWER</u>

1.     Plaintiffs admit the allegations in paragraph 290 of the Amended Counterclaim.

2.     Plaintiffs admit the allegations in paragraph 291 of the Amended Counterclaim.

3.     Plaintiffs admit the allegations in paragraph 292 of the Amended Counterclaim.

4.     Plaintiffs admit that Defendants have defined the "Counterclaim-Defendants" as any of the named plaintiffs and anyone who has opted into the 29 U.S.C. § 216(b) collective, and Plaintiffs deny the remainder of the allegations in paragraph 293 of the Amended Counterclaim.

5.     Paragraph 294 of the Amended Counterclaim states Defendants' legal conclusion, and no response is required.

6.     Paragraph 295 of the Amended Counterclaim states Defendants' legal conclusion, and no response is required.

7.     Plaintiffs deny the allegations in paragraph 296 of the Amended Counterclaim, except Plaintiffs admit the following: Plaintiffs admit that they retained the full value of cash customers provided them and $18 from every dance dollar Plaintiffs redeemed for cash less any amounts they were required to pay to Defendants' New York club or Defendants' agents.

8.     Plaintiffs deny the allegations in paragraph 297 of the Amended Counterclaim.

9.     Plaintiffs deny the allegations contained in paragraph 298 of the Amended Counterclaim.

10.     Plaintiffs deny the allegations in paragraph 299 of the Amended Counterclaim, except Plaintiffs admit the following: Plaintiffs admit that Defendants set the gratuity amount for one lap dance at Defendants' New York club at $20.

11.     Plaintiffs deny the allegations in paragraph 300 of the Amended Counterclaim, except Plaintiffs admit the following: Plaintiffs admit that Defendants set the gratuity amount for one lap dance at Defendants' New York club at $20 and that Defendants' patrons could tip additional amounts if they so chose.

12.     Plaintiffs lack knowledge or information sufficient to form a belief about truth of the allegations in paragraph 301 of the Amended Counterclaim.

13.     Plaintiffs deny the allegations in paragraph 302 of the Amended Counterclaim.

14.     To the extent paragraph 303 states Defendants' legal conclusion, Plaintiffs are not required to answer.  Plaintiffs respond as follows to the remainder of the allegations in paragraph 303 of the Amended Counterclaim (a) Plaintiffs admit that they were allowed to retain $18 in exchange for each Dance Dollar they presented to Defendants (b) admit they collected gratuities

2

from customers, including but not limited to the $18 referenced above, but deny that all such gratuities were not reported to Defendants; (c) deny that Plaintiffs determined the dates and times of work without control by Defendants (d) deny that Plaintiffs did not perform services for Defendants but admit that Plaintiffs were entertainers and not bartenders or waitresses (e) lack knowledge or information sufficient to form a belief about the truth of Defendant's allegation that Plaintiffs performed "sporadically" or for "relatively short durations at Rick's NY" as these terms are inherently ambiguous, but note that Defendants maintained records of when Plaintiffs performed at Rick's NY; (f) admit that there was no rule prohibiting Plaintiffs from performing at other adult entertainment clubs during the same time period they were performing at Rick's NY; (g) deny that Plaintiffs were not supervised by management at Rick's NY; (h) admit that they did not receive fringe benefits but note that they were permitted food and alcohol at Rick's NY; (i) admit they were not on Peregrine's payroll insofar as they did not receive paychecks from Peregrine and (j) admit that Peregrine did not withhold taxes from amounts Peregrine paid them in exchange for Dance Dollars.

15.     Plaintiffs deny the allegations in paragraph 304 of the Amended Counterclaim, except Plaintiffs admit the following: Plaintiffs admit that they retained the full value of cash customers provided them and $18 from every dance dollar Plaintiffs redeemed for cash less any amounts they were required to pay to Defendants' New York club or Defendants' agents.

16.     Plaintiffs deny the allegations in paragraph 305 of the Amended Counterclaim, except Plaintiffs admit the following: Plaintiffs admit that they collected gratuities from Defendants' customers, and Plaintiffs admit that they retained the full value of cash customers provided them and $18 from every dance dollar Plaintiffs redeemed for cash less any amounts they were required to pay to Defendants' New York club or Defendants' agents.

17.     Plaintiffs deny the allegations in paragraph 306 of the Amended Counterclaim.

18.     Plaintiffs deny the allegations in paragraph 307 of the Amended Counterclaim, except Plaintiffs admit the following: Plaintiffs admit that, through this lawsuit, they are seeking a determination that they were misclassified as independent contractors; a determination that all amounts paid by customers to entertainers constitute gratuities; and the following jointly and severally from Defendants: payment of the minimum wage for every hour worked, the return of unlawful kickbacks and deductions, the return of unlawfully retained gratuities, liquidated damages, attorneys' fees, and any other penalties or relief as pled in Plaintiffs' Third Amended Complaint, incorporated here by reference (ECF No. 153).

19.     Plaintiffs deny the allegations in paragraph 308 of the Amended Counterclaim, except Plaintiffs admit the following: Plaintiffs admit that they collected gratuities from Defendants' customers, and Plaintiffs admit that they retained the full value of cash customers provided them and $18 from every dance dollar Plaintiffs redeemed for cash less any amounts they were required to pay to Defendants' New York club or Defendants' agents.

20.     Plaintiffs deny the allegations in paragraph 309 of the Amended Counterclaim, except Plaintiffs admit the following: Plaintiffs admit that, through this lawsuit, they are seeking a determination that they were misclassified as independent contractors; a determination that all amounts paid by customers to entertainers constitute gratuities; and the following jointly and severally from Defendants: payment of the minimum wage for every hour worked, the return of unlawful kickbacks and deductions, the return of unlawfully retained gratuities, liquidated damages, attorneys' fees, and any other penalties or relief as pled in Plaintiffs' Third Amended Complaint, incorporated here by reference (ECF No. 153).

21.     In response to paragraph 310 of the Amended Counterclaim, Plaintiffs reallege and incorporate paragraphs 1-20 above.

22.     Paragraph 311 states Defendants' legal conclusion, and no response is required.

23.     Plaintiffs deny the allegations in paragraph 312 of the Amended Counterclaim, except Plaintiffs admit the following: Defendants allowed Plaintiffs to retain gratuities paid to them by customers less $2 for every dance dollar redeemed and any amounts Plaintiffs were required to pay Defendants' New York club or Defendants' agents.

24.     Paragraph 313 states, in part, Defendants' legal conclusion, and no response is required.  Plaintiffs deny the remainder of the allegations in paragraph 313 of the Amended Counterclaim.

25.     Paragraph 314 states Defendants' legal conclusion, and no response is required.

26.     Paragraph 315 states Defendants' legal conclusion, and no response is required.

27.     Paragraph 316 states Defendants' legal conclusion, and no response is required.

## AFFIRMATIVE DEFENSES

28.     Plaintiffs plead the followings as affirmative defenses:

### First Affirmative Defense

29.     Plaintiffs are employees under the Fair Labor Standards Act and New York Labor Law, as demonstrated by Defendants' control over them, the factual allegations of which are detailed in Plaintiffs' Third Amended Complaint (ECF No. 153).

### Second Affirmative Defense

30.     Plaintiffs did not receive non-monetary benefits associated with independent contractor status.

5

**Third Affirmative Defense**

31.     Defendants did not pay Plaintiffs any wages whatsoever for their work at Defendants' New York club.

32.     Neither cash payments from customer nor dance dollar payments from customers can count towards Defendants' wage obligations because, for the reasons detailed in Plaintiffs' Third Amended Complaint (ECF No. 153), those payments are gratuities, not service charges.

**Fourth Affirmative Defense**

33.     Plaintiffs did not agree to any arrangement or agreement which was dependent on independent contractor status or under which Defendants would be entitled to any monies received by Plaintiffs from customers.

**Fifth Affirmative Defense**

34.     Plaintiffs plead illegality.

     i.     Defendants' alleged "agreement" and "arrangement" is unenforceable because it constitutes a waiver of Plaintiffs' rights under the Fair Labor Standards Act and New York Labor Law.

     ii.     Defendants are not entitled to an offset against amounts Plaintiffs paid in order to work (i.e., house fees, fines, and "tip outs" as alleged in Plaintiffs' Third Amended Complaint (ECF No. 153)).

     iii.     Any offset in excess of Plaintiffs' total recovery is unlawful.

     iv.     Defendants' claim that they have a right to Plaintiffs' gratuities amounts to a request that Defendants be allowed to engage in unlawful conversion.

**Sixth Affirmative Defense**

35.     Defendants have waived their right to bring a Counterclaim under Fed. R. Civ. P. 13(a) by not asserting it earlier.

**Seventh Affirmative Defense**

36.     Defendants have an adequate remedy at law.

**Eighth Affirmative Defense**

37.     Defendants' Counterclaim is barred by the equitable doctrines of estoppel, waiver, and unclean hands.

**Ninth Affirmative Defense**

38.     Defendants' Counterclaim is barred by the doctrines of res judicata and collateral estoppel.

**Tenth Affirmative Defense**

39.     Defendants' Counterclaim is barred by the statute of frauds.

**Eleventh Affirmative Defense**

40.     Defendants' Counterclaim is barred by the doctrine of avoidable consequences.

**Twelfth Affirmative Defense**

41.     Defendants' Counterclaim is barred by the doctrine of abandonment.

**Thirteenth Affirmative Defense**

42.     Defendants' Counterclaim is barred by the doctrine of ratification.

**Fourteenth Affirmative Defense**

43.     Defendants' Counterclaim is barred due to failure of a condition precedent.

**Fifteenth Affirmative Defense**

44.     Defendants' Counterclaim is barred for failure to state a claim.

**Additional Affirmative Defenses**

45.     Plaintiffs reserve the right to assert additional applicable defenses that may

become known to Plaintiffs as discovery continues.

WHEREFORE, Plaintiffs request judgment against Defendants:

1.      Dismissing the allegations in Defendants' Amended Counterclaim with prejudice;
        and
2.      Awarding Plaintiffs the relief requested in their Third Amended Complaint (ECF
        No. 153).


Dated: July 5, 2011                         NICHOLS KASTER, PLLP

                                            s/Anna P. Prakash
                                            Donald H. Nichols, NY Bar No. 725840
                                            Michele R. Fisher (MF 4600)
                                            Steven Andrew Smith, MN Bar No. 260836
                                            (*admitted pro hac vice*)
                                            E. Michelle Drake, MN Bar No. 0387366
                                            (*admitted pro hac vice*)
                                            Anna P. Prakash, MN Bar No. 0351362
                                            (*admitted pro hac vice*)
                                            4600 IDS Center, 80 South 8th Street
                                            Minneapolis, MN 55402
                                            Telephone: (612) 256-3200

                                            ATTORNEYS FOR PLAINTIFFS