**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
──────────────────────────────────

**SABRINA HART and REKA FUREDI on behalf of themselves and all others similarly situated, and the New York Rule 23 Class,**

           **Plaintiffs,**

    - against -

**RICK'S CABARET INTERNATIONAL, INC., RCI ENTERTAINMENT (NEW YORK) INC., PEREGRINE ENTERPRISES, INC.,**

           **Defendants.**
──────────────────────────────────

09 Civ. 3043(JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

    The defendant has filed objections to the Order of Magistrate Judge Katz, dated May 31, 2011, that limited interrogatories and document requests to a sample of twenty out of roughly fifty-three plaintiffs who opted into the collective action under the Fair Labor Standards Act. The Magistrate Judge also limited the specific interrogatories and document requests to which the sample of opt-in plaintiffs would be required to respond.

    An objection to a Magistrate Judge's ruling on a discovery issue should only be sustained if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Rulings by Magistrate Judges on discovery issues should be afforded considerable deference given their familiarity with the course of discovery.

See U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

In this case, the defendant argues that the Magistrate Judge erred as a matter of law because it was "entitled" to the discovery it sought, and that other courts have not limited discovery in a collective action to a sample of the plaintiffs who have opted in. However, there is no such rule. Other courts have allowed sampling as a discovery mechanism in collective action cases. See, e.g., Barrus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224, 231-32 (W.D.N.Y. 2006) ("the Court *does* have the authority to limit post-notice discovery to a reasonable sampling. . . .")(emphasis in original); Prentice v. Fund for Pub. Interest Research, Inc., C-06-7776 SC, 2007 WL 2729187, at *5 (N.D. Cal. Sept. 18, 2007)("individualized discovery is rarely appropriate in FLSA collective actions.") The scope of discovery must be determined in each case. Indeed, "the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the

discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Given the amount of discovery available in this case, along with the information sought and its relevance to the issues in the case, it cannot be said that the Magistrate Judge's Order was clearly erroneous or contrary to law.

## CONCLUSION

The objections are overruled. The Clerk is directed to close Docket No. 281.

SO ORDERED.

Dated:  New York, New York
        JULY 26 , 2011

                                      John G. Koeltl
                               United States District Judge