UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SABRINA HART and REKA FUREDI,                : **Case No: 09-CV-3043 (PAE/RLE)**
on behalf of themselves, all others similarly    :
situated, and the New York Rule 23 Class,       :
                                                :
                Plaintiffs,                     :
                                                :
        -against-                               :
                                                :
RICK'S CABARET INTERNATIONAL INC.,              :
RCI ENTERTAINMENT (NEW YORK) INC.               :
and PEREGRINE ENTERPRISES, INC.,                :
                                                :
                Defendants.                     :
------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO SUPPLEMENT THE RECORD**

Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*

**PRELIMINARY STATEMENT**

Defendants submit this memorandum of law in opposition to Plaintiffs' motion to supplement the record.

**ARGUMENT**

Despite that Plaintiffs have submitted 290 exhibits on their motion for summary judgment and 603 "material facts" in their 56.1 statement, Plaintiffs now ask this Court for permission to supplement the record in connection with Plaintiffs' and Defendants' motions for summary judgment and for permission to submit additional documents that they claim are "evidence." However, not only have Plaintiffs rehashed the arguments they made in connection with the summary judgment motions, the documents upon which Plaintiffs seek to rely, *i.e.*, an interview conducted by Fox Business Network of Ed Anakar and a March 16, 2013 post on Twitter by an entity affiliated with Rick's Cabaret International, Inc. ("RCII"), are not relevant, are not in proper evidentiary form to be considered on a motion for summary judgment, and should not be considered.

First, Plaintiffs claim that the television interview by Fox Business Network of Mr. Anakar is evidence that RCII is an employer of Plaintiffs. They refer to graphical text that they claim indicates that Mr. Anakar is "Rick's Cabaret Intl. Dir of Operations" and "Rick's Management Services President" and direct the Court to the URL address listed at footnote 1 of their memorandum. However, there is no evidence that Mr. Anakar, nor anyone else at RCI Management Services, Inc. ("RCIM"), had any control over the graphical text that Fox Business Network decided to use in the interview it conducted of Mr. Anakar.[1] In fact, Mr. Anakar did not even see the text that was being posted on the screen as the interview was being conducted. *Id.*

---

[1] *See* Declaration of Ed Anakar in opposition to Plaintiffs' Motion to Supplement the Record, dated April 15, 2013 ("4/15/13 Anakar Decl.") at ¶¶4-6 and submitted herewith.

Moreover, Plaintiffs' contention that Mr. Anakar referred to RCII's affiliated locations nationwide have no bearing on whether RCII is an employer of Plaintiffs at Rick's NY. The statements Mr. Anakar made during the interview also do nothing to impeach Mr. Anakar's March 15, 2013 Declaration.

Moreover, the Twitter posting on the Rick's Cabaret DFW Twitter page also should not be considered. The posting refers to and is taken from the Fox Business News page. The "tweet" was posted by Rick's Cabaret Dallas Forth Worth, an affiliated club who is not a defendant in the case, and not by RCII. Therefore Plaintiffs' statement that "Defendants themselves affirmed [Mr. Anakar's] title in a Tweet" is erroneous. Neither the interview nor the Twitter posting is evidence of anything material and they should not be considered.

Finally, contrary to Plaintiffs' statement on page 3 of their memorandum of law, the March 15, 2013 Declaration in Opposition of Ed Anakar rebuts the unfounded statements made by Plaintiffs in their moving papers, is not self-serving and does not contradict the record.

## CONCLUSION

For all the reasons set forth above, in the accompanying 4/15/13 Anakar Decl., the Court should deny Plaintiffs' motion to supplement the record in its entirety.

Dated: New York, New York
April 17, 2013

                               MEISTER SEELIG & FEIN LLP

                                     /s/ Jeffrey A. Kimmel
                               By: Jeffrey A. Kimmel
                                    Racquel Crespi Weintraub
                                    Howard Davis
                               Two Grand Central Tower
                               140 East 45th Street, 19th Floor
                               New York, New York 10017
                               212-655-3500

                               *Attorneys for Defendants*