UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SABRINA HART and REKA FUREDI,                :       Case No: 09-CV-3043 (PAE/RLE)
on behalf of themselves, all others similarly    :
situated, and the New York Rule 23 Class,       :
                                                :
                        Plaintiffs,             :
                                                :
        -against-                               :
                                                :
RICK'S CABARET INTERNATIONAL INC.,    :
RCI ENTERTAINMENT (NEW YORK) INC.    :
and PEREGRINE ENTERPRISES, INC.,        :
                                                :
                        Defendants.             :
------------------------------------------------------------X

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
CROSS-MOTION FOR SUMMARY JUDGMENT DISMISSING THE FIFTH
CLAIM OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

---

Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

Because The Court Has Held that Plaintiffs Were Not Paid Wages,
Defendants are Not Liable for Deductions "From Wages" Under NYLL §193 .............. 3

CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Matter of Hudacs v. Frito-Lay, Inc.*,
   90 N.Y.2d 342, 660 N.Y.S.2d 700 (1997) .................................................................... 4, 5

*Levion v. Societe Generale*,
   822 F. Supp. 2d 390 (S.D.N.Y. 2011), *aff'd*, 503 F. App'x 62 (2d Cir. 2012) ............................. 5

*Truelove v. Ne. Capital & Advisory Inc.*,
   268 A.D.2d 648, 702 N.Y.S.2d 147 (3d Dep't 2000),
   *aff'd*, 95 N.Y.2d 220, 738 N.E.2d 770 (2000) ............................................................. 4, 5, 6

*Xuedan Wang v. Hearst Corp.*,
   No. 12 CV 793 HB, 2013 WL 105784 (S.D.N.Y. Jan. 9, 2013) ........................................ 3, 4, 6

**Statutes**

29 U.S.C. § 201 et seq. ............................................................................................. 2, 3

N.Y. Lab. Law § 190 ............................................................................................... 4, 6

N.Y. Lab. Law § 193 ............................................................................................ *passim*

**Regulations**

29 C.F.R. § 531.52 .................................................................................................... 2

29 C.F.R. § 531.55 .................................................................................................... 2

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5 ........................................................ 2 n.1

N.Y. Comp. Codes R. & Regs. tit. 12 § 146-2.7(a)(4) ................................................. 2 n.1

Defendants Rick's Cabaret International Inc. ("RCII"), RCI Entertainment (New York) Inc. ("Rick's NY") and Peregrine Enterprises, Inc. ("Peregrine") (RCII, RCI NY and Peregrine are collectively referred to herein as "Defendants") respectfully submit this memorandum of law in support of their cross-motion for summary judgment dismissing the Fifth Claim of Plaintiffs' Third Amended Complaint (the "Complaint") (Dkt. 153), pursuant to the Court's September 10, 2013 Opinion and Order (Dkt. 460) ("Order"), and the Order of the Court dated October 2, 2013 (Dkt. 464).

## PRELIMINARY STATEMENT

In its September 10, 2013 Order, this Court directed the parties to move on the legal issue contained in the Fifth Claim of Plaintiffs' Complaint, that whether, to the extent any deductions were taken in the form of "house fees, fines and mandatory tip-outs," such deductions were taken "*from wages*" under New York Labor Law ("NYLL") § 193. Plaintiffs, in their cross-motion for summary judgment, had contended that such payments by Plaintiffs to Defendants were deductions from *wages*, and thus were prohibited under NYLL § 193. However, Plaintiffs also had stipulated and the Court held that Plaintiffs were not paid any "wages" by Rick's NY.

The legal authority is clear that under NYLL §193, for deductions to be prohibited, they have to be "*from wages.*" Thus, because the Court has determined that Plaintiffs were not paid "wages" and Plaintiffs have stipulated that Plaintiffs did not receive "wages," it is impossible for Plaintiffs to recover on the Fifth Claim of their Complaint under NYLL § 193. Accordingly, Defendants respectfully seek summary judgment as against Plaintiffs dismissing the Fifth Claim of the Complaint.

## BACKGROUND

On February 20, 2013, the parties filed cross-motions for summary judgment. In Plaintiffs' cross-motion for summary judgment, they sought judgment, *inter alia*, on the Fifth Claim of their Complaint, contending in their motion that Defendants unlawfully took deductions from Plaintiffs' wages under NYLL §193 by requiring Plaintiffs to pay "house fees, fines and mandatory tip-outs" to management. In their motion papers, despite their position that Defendants did not pay Plaintiffs any "wages" whatsoever, Plaintiffs asserted that "Defendants' imposition of "house fees, fines and mandatory tip-outs" constituted deductions from wages and was in violation of NYLL §193(2)'s prohibition on deductions "from wages."[1]

In contrast, Defendants in their memorandum of law in support of summary judgment claimed only that performance fees received by entertainers for performing dances for customers should *offset* any minimum wage obligations that Defendants may have under the FLSA.[2] Defendants contended not that amounts received by Plaintiffs were wages, but that because these performance fees were mandatory service charges and not tips, they could be used to *offset* any minimum wage obligation under the FLSA as provided for in 29 C.F.R. §§ 531.52 and 531.55. In making its ruling on this issue, among other things, the Court held that "[p]laintiffs here have

---

[1] In addition to Plaintiffs' allegations in the Fifth Claim of the Complaint that Defendants willfully violated NYLL §193, Plaintiffs also allege that Defendants "willful[ly] violat[ed] the supporting New York State Department of Labor Regulations, including but not limited to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5." Complaint, at ¶ 239-244. However, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5 applies to workers in the restaurant industry, and is thus plainly inapplicable here. Moreover, Plaintiffs, on page 33 of their memorandum of law in support of summary judgment, cite to N.Y. Comp. Codes R. & Regs. tit. 12 § 146-2.7(a)(4) for the proposition that "fines or penalties for lateness [and] misconduct..." are examples of prohibited deductions. Similarly, the Order relies on N.Y. Comp. Codes R. & Regs. tit. 12 § 146-2.7(a)(4), stating that this supporting regulation of the NYLL prohibits deductions from wages "for late[ness or] misconduct." *See* Order (Dkt. 460), at pp. 50-51. These regulations however, also known as the "Hospitality Industry Wage Order," apply to workers in the restaurant and hotel industry.

[2] Defendants have not yet moved for summary judgment as to whether Performance Fees are service charges or tips under the NYLL and whether they may be used to offset minimum wage obligations under the New York Labor Law. Pursuant to the Court's order dated October 2, 2013 (Dkt. 464), this issue is to be addressed following the Court's decision on the instant motion, Defendants' Motions for Reconsideration and to Modify the End Date of the Class Period.

not been paid any wages…and the performance fees received from customers did not constitute wages" under the FLSA. Order, p. 51.

The Court held as follows:

> A substantial question arises, however, as to whether the deductions made by Rick's NY were "from wages," as required for there to be liability under the statute. Plaintiffs here have not been paid any wages; and the Court has held that the performance fees received from customers did not constitute wages [under the FLSA]. This may preclude recovery under §193….For the time being, therefore, the Court declines to grant summary judgment to either party as to this claim, and denies both sides' motion as to this claim. The Court will entertain briefing on this open issue on a schedule to be set.

Order, pp. 51-52. Pursuant to the Court's Order, on September 27, 2013 the parties proposed a briefing schedule on this legal issue, and on October 2, 2013, the Court entered an Order (Dkt. 464) directing the parties to file cross-motions for summary judgment on this legal issue on or before October 15, 2013.

## ARGUMENT

### Because The Court Has Held that Plaintiffs Were Not Paid Wages, Defendants are Not Liable for Deductions "From Wages" Under NYLL §193

The Court cited to the decision in *Xuedan Wang v. Hearst Corp.*, No. 12 CV 793 HB, 2013 WL 105784, at *2 (S.D.N.Y. Jan. 9, 2013) in declining to grant summary judgment to Plaintiffs on the Fifth Claim of their Complaint. In *Xuedan Wang*, the Court recently dismissed a plaintiff's cause of action under NYLL § 193 because the plaintiff was not paid "wages" by the employer. As the Court held in *Xuedan Wang*, where a plaintiff does not receive any wages, there can be no deduction from wages within the meaning of NYLL §193, as "there is nothing from which to take away or subtract." *Id.* at *3. Similarly, as is the case here, because Plaintiffs were not paid wages by Rick's NY, there can be no claim for deductions "from wages."

NYLL § 193(2) provides as follows:

> No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction *from wages* under the provisions of subdivision one of this section. (emphasis added).

Pursuant to NYLL § 190(1), wages are "the earnings of an employee for labor or services rendered..." "Unlike in other areas where the Legislature chose to define broadly the term 'wages' to include every form of compensation paid to an employee...the Legislature elected not to define that term in Labor Law § 190(1) so expansively as to cover all forms of employee remuneration." *Truelove v. Ne. Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224, 715 N.Y.S.2d 366 (2000). As the Court of Appeals explained in *Matter of Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d 342, 347, 660 N.Y.S.2d 700 (1997), §193 of the NYLL was "designed primarily to ensure full and prompt payment of wages to employees."

In *Xuedan Wang*, the plaintiff was an unpaid intern for defendant Hearst Corporation. Plaintiff alleged that because she was required to purchase academic credit as a condition of employment for defendant, such purchase was an unlawful deduction from her wages within the meaning of §193 of the NYLL. The court in *Xuedan Wang* explained, however, that "there can be no 'deduction' within the meaning of the statute when there is nothing from which to take away or subtract." *Xuedan Wang*, 2013 WL 105784, at *3. Because plaintiff received "no wages from which the unlawful deductions could be taken," the court granted the defendant's motion to dismiss the plaintiff's NYLL § 193 claim. *Xuedan Wang*, 2013 WL 105784, at *3. The Court held that "the insurmountable hurdle faced by Plaintiff [was] that Plaintiff did not receive any payment –or anything even arguably close that could constitute 'wages' under Section 193." *Id.* at * 2.

The court in *Xuedan Wang* relied on reasoning that had been affirmed by the Court of Appeals in *Matter of Hudacs*, 90 N.Y.2d 342. In *Matter of Hudacs*, Frito-Lay sales people delivered snack foods to retailers and collected payments from the retailers on behalf of Frito-Lay. The sales people were then responsible for remitting those payments back to Frito-Lay. If there was any discrepancy between the amount owed by the retailers and the amount remitted to Frito-Lay, the sales people were required to reimburse Frito-Lay for the deficit. The issue was whether the sales people's "payment by separate transaction" of the deficit amount was a prohibited payment under §193 of the NYLL. The Court explained that while §193(2) prohibited "any payment by separate transaction," it was clear from the statutory context that the language "any payment" was "actually meant to refer only to payments *from wages*." *Matter of Hudacs*, 90 N.Y.2d at 348 (emphasis added). Because the Court of Appeals determined that the payments made by the plaintiffs were not charges or deductions from *wages*, the employer was not liable under §193 of the NYLL.

Other courts that have addressed the issue of whether an employer violated §193 of the NYLL after *Matter of Hudacs* focus their analysis on whether the alleged deductions were taken from the employee's "wages" under the statute. *Truelove v. Ne. Capital & Advisory Inc.*, 268 A.D.2d 648, 702 N.Y.S.2d 147, 149-150 (3 Dep't 2000), *aff'd*, 95 N.Y.2d 220, 715 N.Y.S.2d 366 (2000) (because the payments set aside for plaintiff were part of a "not vested, bonus award," the moneys at issue were not "wages" within the meaning of the Labor Law); *Levion v. Societe Generale*, 822 F. Supp. 2d 390, 404 (S.D.N.Y. 2011), *aff'd*, 503 F. App'x 62 (2d Cir. 2012) ("Plaintiff's claims under New York Labor Law [§193] fail as a matter of law because…his [bonus] compensation does not constitute "wages" within the meaning of the statute").

Similarly, Plaintiffs here, as alleged by the Plaintiffs and confirmed by the Court, "have not been paid any wages," and as such, there are no "wages" from which any such prohibited deductions could be taken. Plaintiffs have stipulated that "Entertainers who perform at Rick's NY are not paid hourly wages or salaries." Stipulated Facts ¶ 20 (Dkt. 386).[3] The Court has determined that Plaintiffs were not paid any wages. Order, p. 51. Plaintiffs cannot now take a contrary position and claim that Performance Fees paid to entertainers by customers constitute "wages" for purposes of NYLL § 193. Moreover, the legislative history is clear – "the Legislature elected not to define th[e] term [wages] in Labor Law § 190(1) so expansively as to cover all forms of employee remuneration." *Truelove*, 95 N.Y.2d at 224. Like in *Xuedan Wang*, the fact that Plaintiffs did not receive any "wages" is an "insurmountable hurdle" and thus, Defendants' cross-motion for summary judgment dismissing the Fifth Claim of Plaintiffs' Complaint should be granted.

---

[3] It should be noted that Defendants have never argued that the substantial amounts that entertainers earn at Rick's NY are "wages." Rather, Defendants argue that because the fees received and retained by Plaintiffs are mandatory service charges rather than tips, those amounts must offset any wage obligations now asserted by the Plaintiffs based on their position that they are "employees" of Rick's NY. *See* Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, at Point II, pp. 22-41.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' cross-motion for summary judgment dismissing the Fifth Claim of Plaintiffs' Complaint in its entirety.

Dated: New York, New York
October 15, 2013

MEISTER SEELIG & FEIN, LLP

By: _____
Jeffrey A. Kimmel
Racquel Crespi Weintraub
Howard S. Davis
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3500
