UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SABRINA HART and REKA FUREDI,                :     **Case No: 09-CV-3043 (PAE/RLE)**
on behalf of themselves, all others similarly    :
situated, and the New York Rule 23 Class,        :
                                                 :
                            Plaintiffs,          :
                                                 :
            -against-                            :
                                                 :
RICK'S CABARET INTERNATIONAL INC.,               :
RCI ENTERTAINMENT (NEW YORK) INC.                :
and PEREGRINE ENTERPRISES, INC.,                 :
                                                 :
                            Defendants.          :
------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT ON
THE FIFTH CLAIM OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

   I.    NYLL § 193 COVERS ONLY AGREED UPON WAGES
       PAID BY AN EMPLOYER, AND DOES NOT EXTEND
       TO MONETARY SUMS PAID BY A THIRD PARTY...................................................... 2

      A.  Under Relevant Caselaw, NYLL §193 Does not Apply
          to Performance Fees Paid Out By Customers ..................................................... 2

      B.  The Relevant Statutory Sections also Support this Analysis ............................... 5

   II.   PLAINTIFFS' INTERPRETATION OF NYLL §193 "REQUIRING
       PAYMENT BY SEPARATE TRANSACTION" IS FLAWED ........................................ 6

      A.  The Holding in *Xuedan Wang v. Hearst Corp.* is Consistent With NYLL §193 ............... 6

      B.  The Caselaw Cited By Plaintiffs Is Inapposite ................................................... 8

  III.  PLAINTIFFS' ARGUMENT THAT DEFENDANTS VIOLATED
       NYLL § 193 BY MAKING DEDUCTIONS FROM "EARNED"
       WAGES, EVEN THOUGH NO WAGES WERE PAID, ALSO FAILS ........................... 9

CONCLUSION ........................................................................................................................ 11

**TABLE OF AUTHORITIES**

**Cases**

*Angello v. Labor Ready, Inc.*,
   859 N.E.2d 480, 7 N.Y.3d 579 (2006) ..........................................................................11 n.14

*Burke v. Steinmann*,
   No. 03 Civ. 1390 (GEL), 2004 WL 1117891 (S.D.N.Y. May 18, 2004)............................9 n.12

*Cantor Fitzgerald Associates, L.P. v. Mines*,
   1 Misc. 3d 906(A), 781 N.Y.S.2d 622 (Sup. Ct. 2003)................................................................3

*Chenensky v. New York Life Ins. Co.*,
   Nos. 07 Civ. 11504 (WHP), 09 Civ. 3210 (WHP),
   2012 WL 234374 (S.D.N.Y. Jan. 10, 2012)........................................................................8 n.9

*Esmilla v. the Cosmopolitan Club*,
   No. 09 Civ. 10169(DF), 2013 WL 1313771 (S.D.N.Y. Mar. 26, 2013) ...................................10

*Fowler v. Scores Holding Co., Inc.*,
   677 F. Supp. 2d 673 (S.D.N.Y. 2009)..........................................................................8, 9, 9 n.11

*Gennes v. Yellow Book of New York, Inc.*,
   3 Misc. 3d 519, 776 N.Y.S.2d 758 (Sup. Ct. 2004)
   *aff'd,* 23 A.D.3d 520, 806 N.Y.S.2d 646 (2005) .......................................................................10

*Jankousky v. N. Fork Bancorporation, Inc., No.*,
   08 Civ. 1858(PAC), 2011 WL 1118602 (S.D.N.Y. Mar. 23, 2011) .................................2, 3, 10

*Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*,
   No. 08 Civ. 3725(DC), 2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010) ...............................9 n.12

*Maldonado v. La Nueva Rampa, Inc., No.*,
   10 Civ. 8195(LLS)(JLC), 2012 WL 1669341 (S.D.N.Y. May 14, 2012)...............................9, 10

*Matter of Hudacs v. Frito-Lay, Inc.*,
   90 N.Y.2d 342, 660 N.Y.S.2d 700 (1997) .......................................................................6, 7, 8

*Monagle v. Scholastic, Inc.*,
   No. 06 Civ. 14342 (GEL), 2007 WL 766282 (S.D.N.Y. Mar. 9, 2007) ......................................2

*Moras v. Marco Polo Network, Inc.*,
   No. 11 Civ.2081 (PAE), 2012 WL 6700231 (S.D.N.Y. Dec. 20, 2012)..................................2, 3

*Padilla v. Manlapaz*,
  643 F. Supp. 2d 302 (E.D.N.Y. 2009)..................................................................................11 n.14

*Reich v. Circle C. Investments, Inc.*,
  998 F.2d 324 (5th Cir. 1993)................................................................................................11 n.14

*Reich v. Priba*,
  890 F. Supp. 586 (N.D. Tex. 1995).....................................................................................11 n.14

*Sherald v. Embrace Technologies, Inc.*,
  11 CIV. 939 TPG, 2013 WL 126355 (S.D.N.Y. Jan. 10, 2013), *reconsideration denied*, 11 CIV. 939 KBF, 2013 WL 3527989 (S.D.N.Y. July 11, 2013) ...................................8

*Truelove v. Ne. Capital & Advisory, Inc.*,
  95 N.Y.2d 220, 715 N.Y.S.2d 366 (2000) ................................................................................5

*Wagner v. Edisonlearning, Inc.*,
  No. 09 Civ. 831(SAS), 2009 WL 1055728 (S.D.N.Y. Apr. 17, 2009) ..............................3, 4 n.4

*Xuedan Wang v. Hearst Corp.*,
  No. 12 CV 793 (HB), 2013 WL 105784 (S.D.N.Y. Jan. 9, 2013) ..................................... *passim*

## Statutes

N.Y. Lab. Law § 190 (1) ...............................................................................................4 n.4, 5

N.Y. Lab. Law § 193 *et seq.* ........................................................................................ *passim*

N.Y. Lab. Law § 196-d ..................................................................................................9, 9 n.8

N.Y. Exec. Law (McKinney).............................................................................................. 8- 9

## Rules

Fed. R. Civ. P. 12(b)(6)..............................................................................................................9

Defendants Rick's Cabaret International Inc. ("RCII"), RCI Entertainment (New York) Inc. ("Rick's NY") and Peregrine Enterprises, Inc. ("Peregrine") (RCII, RCI NY and Peregrine are collectively referred to herein as "Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs' cross-motion for summary judgment on the Fifth Claim of Plaintiffs' Third Amended Complaint (the "Complaint") (Dkt. 153), pursuant to the Court's September 10, 2013 Opinion and Order (Dkt. 460) ("Order"), and the Order of the Court dated October 2, 2013 (Dkt. 464).[1]

## PRELIMINARY STATEMENT

Rather than respond to the Court's directive in the Order and brief the legal issue of "whether the deductions by Rick's NY, which were made from performance fees paid by customers, were from wages, as the NYLL requires," Plaintiffs primarily advance unrelated arguments. To the extent Plaintiffs address the issue, they contend that certain caselaw that is clearly not on point nevertheless supports Plaintiffs' position. In fact, Plaintiffs have not pointed to any case law that supports their contention that under NYLL § 193, any "deductions" that they claim were taken from the "performance fees" that Plaintiffs received from customers constituted "deductions from wages" under NYLL §193. As stated in Defendants' moving papers and as suggested by this Court, for deductions to be prohibited, they have to be "*from wages.*"

Because the recent decision in *Xuedan Wang v. Hearst Corp.*, No. 12 CV 793 (HB), 2013 WL 105784, at *2 (S.D.N.Y. Jan. 9, 2013) is fatal to Plaintiffs' position, Plaintiffs speciously argue that the decision "improperly narrows the inquiry and, thus, should not be followed."[2] In *Xuedan Wang*, the Court dismissed a plaintiff's cause of action under NYLL § 193 because the

---

[1] Defined terms herein have the same meaning ascribed to them in Defendants' cross-motion for summary judgment (Dkt. 474), as well as in the papers submitted in support of Defendants' motion for summary judgment (Dkts. 416 and 442) and opposition to Plaintiffs' motion for summary judgment (Dkt. 424).

[2] *See* Plaintiffs' Memorandum of Law in support of their Cross-Motion for Summary Judgment ("Plaintiffs' Memo") at p. 1 (Dkt. 472).

plaintiff was not paid "wages" by the employer. *Xuedan Wang*, which relies on New York Court of Appeals precedent, demonstrates that Plaintiffs' arguments are not convincing. Thus, as discussed herein and for the reasons set forth in Defendants' cross-motion for summary judgment, Plaintiffs' cross-motion for summary judgment on their Fifth Claim of the Complaint should be denied in its entirety.[3]

## ARGUMENT

### I. NYLL § 193 COVERS ONLY AGREED UPON WAGES PAID BY AN EMPLOYER, AND DOES NOT EXTEND TO MONETARY SUMS PAID BY A THIRD PARTY

It is well-settled that NYLL § 193 covers only deductions from "agreed upon wages." *Jankousky v. N. Fork Bancorporation, Inc.*, No. 08 Civ. 1858 (PAC), 2011 WL 1118602, at *4. (S.D.N.Y. Mar. 23, 2011). This is supported not only by the language of NYLL § 193, but also by both federal and state caselaw interpreting that statute, as well as the definition of "wages" as used in NYLL §§190 *et seq*.

#### A. Under Relevant Caselaw, NYLL §193 Does not Apply to Performance Fees Paid Out By Customers

"Section 193…govern[s] the specific subject of making deductions from wages." *Moras v. Marco Polo Network, Inc.*, No. 11 Civ.2081 (PAE), 2012 WL 6700231, at *11 (S.D.N.Y. Dec. 20, 2012)(citing *Monagle v. Scholastic, Inc.*, No. 06 Civ. 14342 (GEL), 2007 WL 766282, at * 2 (S.D.N.Y. Mar. 9, 2007). Section 193(1) covers only deductions from "agreed upon wages" and is "inapplicable where [the] dispute deal[s] with [a] disagreement between parties over how

---

[3] In the Fifth Claim of Plaintiffs' Complaint, Plaintiffs do not specify which subsection of NYLL §193 they claim that Defendants violated. *See* Dkt. 153. In their Memorandum of Law in support of their motion for summary judgment (pp. 32-33) (Dkt. 385), they refer to the statutory sections previously codified at NYLL §§ 193(1) and 193(2). Now, on this cross-motion for summary judgment, it appears that Plaintiffs argue that Rick's NY required Plaintiffs to make a "payment by separate transaction" from Plaintiffs' own funds. The statute under which Plaintiffs purport to seek relief, which was codified at §193(2) at the time the Complaint was filed, is now NYLL §193(3)(a). In addition, the NYSDOL final wage deduction regulations became effective on October 9, 2013, and these relate most notably to deductions resulting from inadvertent overpayments to employees and for salary and wage advances and are not relevant to the issue before the Court.

wages should be calculated." *See Moras*, 2012 WL 6700231, at *11 (citing *Jankousky*, 2011 WL 1118602). The prohibition against unauthorized deductions from any payment has been interpreted as referring only to payments from "wages." *Xuedan Wang*, 2013 WL 105784, at *2; *Cantor Fitzgerald Associates, L.P. v. Mines*, 1 Misc. 3d 906(A), 781 N.Y.S.2d 622 (Sup. Ct. 2003) (holding that because the loan at issue was not wages, the repayment of the loan was not an unauthorized deduction from wages under NYLL § 193).

In *Jankousky*, which involved cross-motions for summary judgment on, *inter alia*, a cause of action under NYLL §193, the court framed the dispute as one "deal[ing] with what are [plaintiff's] wages." *Jankousky,* 2011 WL 1118602, at *4. In *Jankousky*, the parties had differing views on how "wages" should be calculated. The plaintiff claimed that the defendant/employer reduced, and then failed to pay altogether, certain contractually guaranteed incentive compensation. Because NYLL § 193 "covers only deductions from agreed upon wages," the court held that this type of dispute cannot be the basis for a claim under NYLL § 193(1), denied the plaintiffs' motion for summary judgment and granted the defendants' summary judgment motion. The court determined that "[u]ntil the wages are agreed upon, there can be no deduction within the meaning of the NYLL." *Id.*

Moreover, "[m]erely because an individual is an employee generally covered by the protections of the Labor Law does not establish that she has a claim under it." *Wagner v. Edisonlearning, Inc.*, No. 09 Civ. 831(SAS), 2009 WL 1055728, at *2 (S.D.N.Y. Apr. 17, 2009) (stating that the plaintiffs' contention that she was entitled to six months of wages by operation of a provision in the Offer Letter does not make that payment "wages"). In *Wagner*, the plaintiff contended that a provision in an Offer Letter providing for certain payments at termination constituted "wages," and that withholding that payment constituted an impermissible deduction

from wages under NYLL § 193. The court disagreed and dismissed the plaintiff's Labor Law claims. In the decision, the court stated that the "deduction is only prohibited if the wages at issue are actually wages within the statutory definition." *Id.*[4]

Here, the Performance Fees do not constitute wages and NYLL §193 does not apply. The Court has held that Performance Fees are not wages.[5] Order at p. 51. The parties *stipulated* that Plaintiffs were not paid wages. *See* Stipulated Facts, ¶ 20 (Dkt. 454). Moreover, there were no "agreed upon wages" between Plaintiffs and Defendant. Rather, the agreement between the parties was that they would not receive wages from Rick's NY but would instead be paid Performance Fees by customers for whom they chose to perform dances.[6]

> For example, plaintiff Emily Venizelos testified as follows at her deposition:
>
> Q. And you knew, when you first began performing at Rick's, that you were not going to be receiving an hourly wage?
> A. Yes.
> Q. You knew, when you first began performing at Rick's, that you would not be receiving a paycheck from the club; is that correct?
> A. Yes.

Venizelos Tr. 172:20-173:4.

Moreover, plaintiff Amberly Miller testified as follows at her deposition;

> Q. Okay. And you knew when you began performing at Rick's that you wouldn't be receiving a minimum wage; is that correct?
> A. Yes.
> Q. And you knew when you began performing at Rick's that you wouldn't be receiving a paycheck from Rick's; is that correct?
> A. Yes.

Miller Tr. 211:18- 25

---

[4] The court in *Wagner* held that the plaintiff alleged no facts or authority "that render her claim that this unearned, future, contingent payment constitutes wages under section 190(1) plausible." *Wagner*, 2009 WL 1055728, at *2.

[5] While the issue of whether Performance Fees offset Defendants' minimum wage obligations under New York law is not presently before this Court, Defendants disagree with Plaintiffs' analysis of this issue in its moving brief, including but not limited to Plaintiffs' discussion in footnote 3.

[6] *See, e.g.*, Stipulated Facts, ¶¶ 142-144 (Dkt. 454.)

Similarly, plaintiff T'Lesa Clark testified as follows:

> Q. When you began dancing at Rick's you knew you wouldn't be getting an hourly wage, correct?
> A. Correct.
> Q. And no health benefits or anything like that, correct?
> A. Correct.
> Q. And no salary, correct?
> A. Correct.

Clark Tr. 116:5-13.[7] Thus, there can be no dispute that sums paid by customers in the nature of Performance Fees do not constitute wages under NYLL § 193.[8]

### B. The Relevant Statutory Sections also Support this Analysis

The legislative history regarding the term "wages" in NYLL § 190(1) supports the conclusion that any alleged deductions from Performance Fees received by Plaintiffs from customers do not constitute "deductions from wages" under NYLL § 193. As the Court of Appeals stated in *Truelove v. Ne. Capital & Advisory, Inc.*, 95 N.Y.2d 220, 715 N.Y.S.2d 366 (2000):

> Unlike in other areas where the Legislature chose to define broadly the term 'wages' to include every form of compensation paid to an employee … the Legislature elected not to define that term in Labor Law § 190 (1) so expansively as to cover all forms of employee remuneration.

*Truelove*, 95 N.Y.2d at 224 (holding that payments set aside for an employee as a bonus were not "wages" within the meaning of NYLL §193 generally prohibiting "deductions from wages"). The Court of Appeals in *Truelove* specifically reviewed the legislative history of the statute and determined that it confirmed the Court's conclusion. The Court of Appeals stated that the basic

---

[7] The deposition transcripts of Emily Venizelos, Amberly Miller and T'Lesa Clark are respectively annexed as Exhibit 56 (Dkt. 391), 44 (Dkt. 390) and 23 (Dkt. 388) to the Affidavit of Anna P. Prakash in Support of Plaintiffs' Motion for Summary Judgment .

[8] While the Court stated in the Conclusion of the Order that "Rick's NY statutory duty to pay minimum wages was not satisfied by the Plaintiffs' receipt of performance fees," the Court recognized elsewhere in the Order that Defendants did not yet seek summary judgment as to whether Performance Fees are service charges or tips under New York state law and whether they may be used to offset minimum wage obligations under the New York Labor Law.

interpretation of the term "wages," which had been construed narrowly, "has remained intact throughout the legislative history" and "[t]hat strongly militates against the broad interpretation of 'wages' urged by plaintiff." *Id.* at 225. Thus, based on the legislative history of the statute, Performance Fees paid by customers would not constitute wages.

## II. PLAINTIFFS' INTERPRETATION OF NYLL §193 "REQUIRING PAYMENT BY SEPARATE TRANSACTION" IS FLAWED

### A. The Holding in *Xuedan Wang v. Hearst Corp.* is Consistent With NYLL §193

Because it is fatal to their position, Plaintiffs contend that the decision in *Xuedan Wang* is inconsistent with NYLL § 193, and should not be followed. To support this position, Plaintiffs claim that because any payments they made to Rick's NY came from "their own funds," such payments are not required to be "from wages" to be prohibited under NYLL §193. However, Plaintiffs' reading of NYLL §193 is both contrary to the holding in *Xuedan Wang* and the holdings of other courts addressing this issue, and is contrary to the plain language of the statute.

NYLL § 193(3a), formerly NYLL §193(2), provides as follows:

> No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction *from wages* under the provisions of subdivision one of this section. (emphasis added).

Although Plaintiffs take the position that the language in NYLL §193 - that no employer shall "require an employee to make any payment by separate transaction" - does not contain a requirement that such payment come from wages, this position has already been rejected by the caselaw that has addressed this statute. The caselaw that has interpreted NYLL §193 has held that the language "any payment" in the phrase "any payment by separate transaction," was "actually meant to refer only to payments ***from wages***." *Matter of Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d 342, 348, 660 N.Y.S.2d 700 (1997) (emphasis added). In this regard, *Matter of Hudacs*,

discussed in Defendants' memorandum of law in support of their cross-motion for summary judgment at pp. 4-5 (Dkt. 475), held as follows:

> [W]hile §193(2) on its face prohibits 'any payment by separate transaction', it is clear from the statutory context that 'any payment' is actually meant to refer only to payments from wages."

*Matter of Hudacs*, at 348.  Thus, *Matter of Hudacs* found no violation of NYLL § 193 because "the payments at issue are not in any sense charges or deductions *from wages*." *Id.* (emphasis added).

In *Xuedan Wang*, the court dismissed the plaintiff's complaint based on the fact that plaintiff did not receive "wages," and that there were no wages from which the unlawful deductions could be taken. *Xuedan Wang*, 2013 WL 105784, at *3.  Incredibly, Plaintiffs improperly partially quote certain language from the decision out of context to suggest a complete misreading of the Court's statement.  While the court in *Xuedan Wang* discusses the plaintiff's interpretation of NYLL § 193 and whether the statute could apply if wages are not paid, the court provides only one situation where NYLL § 193(3)(a) could apply if wages are not paid, *i.e.*, if their non-payment resulted from unlawful deductions that equaled or exceeded actual wages.  The court goes on to say that this "scenario is not Plaintiff's situation, where there are no wages to begin with." *Xuedan Wang*, 2013 WL 105784, at *3.  That is the same scenario in the case at bar.  It is shocking that Plaintiffs could quote only part of the court's statement to entirely distort its clear meaning.

Consequently, while Plaintiffs would like this Court to disregard the holding and analysis in *Xuedan Wang*, *Xuedan Wang* is not a "singular exception" as Plaintiffs claim, and to the contrary, relies on controlling legal authority from this State's highest court.  In concluding that there could not be a violation of NYLL § 193 where no wages were paid, *Xuedan Wang* cited to

*Matter of Hudacs* to support the conclusion that "[s]ection 193(3)(a) does not prohibit 'any payment by separate transaction' in itself but such a payment 'as a deduction *from wages*.'" *Xuedan Wang,* 2013 WL 105784, at *2 (emphasis added); s*ee also Matter of Hudacs*, 90 N.Y.2d at 347.[9]

### B. The Caselaw Cited By Plaintiffs Is Inapposite

Plaintiffs cite to *Sherald v. Embrace Technologies, Inc.*, 11 CIV. 939 TPG, 2013 WL 126355, *7 (S.D.N.Y. Jan. 10, 2013) *reconsideration denied,* 11 CIV. 939 KBF, 2013 WL 3527989 (S.D.N.Y. July 11, 2013)013) for the proposition that the "'from wages' requirement under §193(3)(a) means 'payment from an employees' own funds." Plaintiffs' Memo at p. 7. However, Plaintiffs' reliance on *Sherald* is misguided. When the court in *Sherald* referred to an employee's "own funds," it was simply making the point that an employee's wages are the employee's own funds. The court was not suggesting that where no wages are paid, a payment out of an employee's "own funds" is somehow covered under NYLL § 193. In *Sherald*, the plaintiff, a data technician, sued his employer, a telecommunications company, claiming, among other things, that the defendant employer reduced his wages by not reimbursing him for certain tools and supplies he personally purchased for work in violation of NYLL §193. *Sherald* is distinguishable, because here, as Plaintiffs agreed, they did not receive any wages or salary from Rick's NY. In *Sherald*, it was not disputed that the employee received wages.

Moreover, Plaintiffs contend that the decision in *Fowler v. Scores Holding Co., Inc.*, 677 F. Supp. 2d 673 (S.D.N.Y. 2009) supports their position.[10] However, Plaintiffs' argument is not supported by *Fowler*. In *Fowler*, the complaint alleged claims under the New York Human

---

[9] Although Plaintiffs claim that the decision from this District in *Chenensky v. New York Life Ins. Co.*, Nos. 07 Civ. 11504 (WHP), 09 Civ. 3210 (WHP), 2012 WL 234374 (S.D.N.Y. Jan. 10, 2012) is distinguishable, the court in *Chenensky* denied summary judgment to the plaintiff because whether the commissions at issue were wages depended on the agreement between the parties.
[10] *See* Plaintiffs' Memo at p. 9.

Rights Law and under NYLL §196-d, which addresses unlawful deductions from gratuities. The defendant moved to dismiss the plaintiff's complaint pursuant to F.R.C.P. 12(b)(6). The issue of whether the plaintiffs received wages or whether there were deductions "from wages" under § NYLL § 193 was not before the Court. Although Plaintiffs argue that the decision in *Fowler* supports their argument that this District has upheld claims under NYLL § 193 in a circumstance similar to the one at bar, the complaint in *Fowler* does not plead a cause of action under NYLL § 193.[11] The issue of deductions from non-wages under NYLL § 193 was not an issue in *Fowler* at all. Thus, contrary to Plaintiffs' argument, because the plaintiffs in *Fowler* did not assert a claim under NYLL § 193, this decision does not support their position at all and is irrelevant on the instant motion.[12]

### III. PLAINTIFFS' ARGUMENT THAT DEFENDANTS VIOLATED NYLL § 193 BY MAKING DEDUCTIONS FROM "EARNED" WAGES, EVEN THOUGH NO WAGES WERE PAID, ALSO FAILS

Plaintiffs argue that Defendants should be liable under NYLL §193 because Defendants should have paid wages based on this Court's Order (citing to Court's Order holding that Plaintiffs are entitled to be paid minimum wage). However, this position is entirely without support.

The cases cited by Plaintiffs on pages 15-16 of their brief do not support their position.[13] *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195(LLS)(JLC), 2012 WL 1669341 (S.D.N.Y. May 14, 2012), which concerned an inquest on damages, involved plaintiffs who, in

---

[11] Plaintiffs have attached a copy of the complaint in *Fowler* to the affirmation of Anna Prakash in support of their cross-motion (Dkt. 473) as Exhibit 3.

[12] *Burke v. Steinmann*, No. 03 Civ. 1390 (GEL), 2004 WL 1117891, *6 (S.D.N.Y. May 18, 2004) cited on p. 8 of Plaintiffs' Memo, is also irrelevant on this point and provides no guidance on the "from wages" issue before this Court. The decision in *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08 Civ. 3725 (DC), 2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010) is also distinguishable. In *Jin M. Cao*, plaintiffs had obtained a default judgment against defendants, and certain of the individual defendants opposed plaintiffs' subsequent application for damages. Although the court cited to NYLL § 193 in addition to NYLL § 196-d, the case concerns claims as to retention of portions of waiters/restaurant workers' tips.

[13] Plaintiffs' Memo at pp. 14-15.

part, sought reimbursement for the purchase of bicycles and related equipment used for their employment and for sums that were deducted from a plaintiff's *wages* after he had been robbed of the amount of such sums. There was no issue of claimed deductions from wages that were "earned" and not paid. Although Plaintiffs cite *Maldonado* to support their argument that Defendants took deductions from the wages that should have been paid, that was not the issue in *Maldonado*, where the plaintiffs were paid a salary or wages by their employer on a weekly basis. The court cited to *Jankousky*, 2011 WL 1118602, see p. 8 *supra*, for the proposition that wages have to be earned before any deductions taken are deemed to be improper.

*Esmilla v. The Cosmopolitan Club*, No. 09 Civ. 10169(DF), 2013 WL 1313771 (S.D.N.Y. Mar. 26, 2013) similarly does not support Plaintiffs' argument. The issue in *Esmilla* was whether a bonus payment, which the employer allegedly promised to pay to the employee, constituted "wages" for purposes of NYLL § 193. Moreover, *Gennes v. Yellow Book of New York, Inc.*, 3 Misc. 3d 519, 776 N.Y.S.2d 758 (Sup. Ct. 2004), *aff'd*, 23 A.D.3d 520, 806 N.Y.S.2d 646 (2005) also does not address the issue of deductions from non-wages. In *Gennes*, the plaintiffs, employees who were paid a base salary in addition to a small commission payment by their employer, claimed that the employer charged them for their failure to renew certain accounts. The court held that "'[t]he purpose of section 193 is to prohibit employers deducting from employees' *paychecks* any wages already earned….." *Id.* at 521 (emphasis added).

Here, Plaintiffs did not receive paychecks nor any "wages" from Rick's NY and never expected to be paid wages. There is no support for Plaintiffs' argument that where no wages were ever paid or contemplated, deductions from wages that "should have been paid" are covered under NYLL §193. Thus, NYLL § 193 is inapplicable and summary judgment should

be granted in favor of Defendants on this issue.[14]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' cross-motion for summary judgment in its entirety.

Dated: New York, New York
October 29, 2013

                                            MEISTER SEELIG & FEIN, LLP

                                   By:   /s/ Jeffrey A. Kimmel
                                           Jeffrey A. Kimmel
                                           Racquel Crespi Weintraub
                                           Howard S. Davis
                                           2 Grand Central Tower
                                           140 East 45th Street, 19th Floor
                                           New York, New York 10017
                                           (212) 655-3500

---

[14] Plaintiffs also cite to *Angello v. Labor Ready, Inc.*, 859 N.E.2d 480, 7 N.Y.3d 579 (2006). In *Angello*, the plaintiffs were employees of a temporary employment firm and could opt to be paid their salary by receiving a cash voucher then redeeming it in a cash dispensing machine operated by the employer. The plaintiffs contended that certain fees that were deducted from their salary when they redeemed the voucher in the cash dispensing machine constituted deductions from wages under NYLL §193. The Court of Appeals affirmed the lower court decision and held that "the fee deduction and payment of wages were inseparably connected and interrelated and the direct deduction of a fee for the service of providing cash wages was a violation of NYLL § 193." *Id.* at 482. *Padilla v. Manlapaz,* 643 F. Supp. 2d 302 (E.D.N.Y. 2009) is also inapposite. In *Padilla*, the defendant employer withheld the plaintiff employees' wages for an approximate 9 month period in order to pay a fine the restaurant incurred for serving alcohol to a minor. There was no dispute in *Padilla* as to whether the sums paid to the employee were wages. In addition, the cases involving adult entertainers to which Plaintiffs cite on pp. 16-17 of their brief, *Reich v. Priba,* 890 F. Supp. 586, 595 (N.D. Tex. 1995) and *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 330 (5th Cir. 1993), were not decided under NYLL § 193 and thus are irrelevant to the issue before this Court.