**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SABRINA HART and REKA FUREDI on behalf of themselves and all others similarly situated, and the New York Rule 23 Class,<br><br>Plaintiffs,<br><br>v.<br><br>RICK'S CABARET INTERNATIONAL, INC., RCI ENTERTAINMENT (NEW YORK) INC., PEREGRINE ENTERPRISES, INC.,<br><br>Defendants. | Case No. 09-CV-3043 PAE/RLE<br><br>**DECLARATION OF ANNA P. PRAKASH** |

I, Anna P. Prakash, hereby declare the following:

1. I am one of the attorneys for the Plaintiffs in the above matter.

2. I submit this Declaration in support of Plaintiffs' Opposition to Defendants' Motion to Strike the Expert Reports and Testimony of Dr. David L. Crawford *and* Opposition to Defendants' Motion to Decertify the Rule 23 Class and FLSA Collective.

3. Plaintiffs' brief in opposition to Defendants' motion to strike discusses Dr. Crawford's expert reports. The brief states, among other things, that Dr. Crawford was able to validate approximately 1,322 records by examining the Dance Dollar Reports to see whether the entertainer in question had cashed in a dance dollar that day after her recorded log-out time, and that Dr. Crawford was able to validate an additional approximately 2,718 records because Defendants' Dance Dollar Reports showed that another entertainer had cashed in a dance dollar after the log-out time in question. (Pls.' Br., 7-8.) I understand that these approximate numbers were derived from the underlying data and computer programs Plaintiffs produced to Defendants

with their expert report. Plaintiffs are happy to provide the Court with the underlying data and computer programs upon request. Additionally, the number of records in Calibration Dataset A, as stated in Dr. Crawford's initial report, has dropped by 17 records due to the change noted in Dr. Crawford's second corrected report. (See 2d Crawford Report ¶ 10(a).) The change to Calibration Dataset A was so small that it did not impact the 34-minute average calculated as to the difference between dance dollar cash-in and log-out times. The r value increased very slightly to .907, and the $r^2$ value increased very slightly to 82.2%.

4. The total amount listed on the Forms 1099 issued by Peregrine for the Named Plaintiffs' employment matches their total dance dollar redemption amounts according to Defendants' Clubtrax records.

5. Over the course of this five year litigation, Named Plaintiffs Sabrina Hart and Reka Furedi have kept in close contact with Plaintiffs' Counsel, communicating with Counsel's office via phone, email, text, and/or in person on no fewer than 141 occasions combined. They have both assisted in the prosecution of this case and answered considerable written discovery, including supplementing responses multiple times and producing tax documents. Both Named Plaintiffs sat for full day depositions, with Plaintiff Hart flying from Florida to New York for her deposition. Defendants deposed Plaintiff Hart's mother and husband. Defendants subpoenaed and received documents from Plaintiff Furedi's former employer and deposed her boyfriend. Plaintiff Furedi attended mediation in this case in person in March of 2011 in New York.

6. There have been a total of 58 FLSA consent forms filed in this action. The majority of dismissals and withdrawals of opt-in plaintiffs occurred well into this case, after opt-in discovery commenced and opt-ins were required to do more than absent Class Members. Of the approximately 1,900 Class Members who were sent Class Notice in 2011, only 38 submitted

requests to be excluded. Plaintiffs' Counsel is aware of absent Class Members that are interested in and keep informed of this action.

7. A true and correct copy of the following documents are attached hereto as exhibits:

**EXHIBIT 1:** **Expert Report of David L. Crawford, Ph.D. ("Crawford Report")**.

**EXHIBIT 2:** **Stipulation of the Parties, Executed January 15, 2014**.

**EXHIBIT 3:** **Example of Clubtrax Reports.**

*Previously filed as Plaintiffs' Summary Judgment Exhibits 265-267, ECF No. 400-16.*

**EXHIBIT 4:** **Cited excerpts from the Deposition of Ed Anakar as 30(b)(6) designee for Defendant Peregrine**.

**EXHIBIT 5:** **Cited evidence at Plaintiffs' 56.1 Statement ¶¶ 210-219, ECF No. 386, regarding mandatory tip out requirements**

*Previously filed as Plaintiffs' Summary Judgment Exhibits 51, 53, ECF Nos. 390-13, 390-15, 402-405, 407* (Sistrunk Dep. Exs. 15; Paula Decl. p. 2; Silk Dep. 162; W Imbeault Decl. ¶ 9; Hart Decl. ¶ 19; Furedi Decl. ¶ 19; N. Imbeault Decl. ¶ 19).[1]

**EXHIBIT 6:** **Cited excerpts from the Deposition of Ed Anakar.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 18, ECF Nos. 388-2,-3,4.*

**EXHIBIT 7:** **Cited excerpts from the Deposition of Paul F. White, Ph.D.**

**EXHIBIT 8:** **Second Corrections to the Expert Report of David L. Crawford, Ph.D. ("2d Corrected Crawford Report")**.

**EXHIBIT 9:** **Cited excerpts from the Deposition of David L. Crawford.**

**EXHIBIT 10:** **Corrections to the Expert Report of David L. Crawford ("1st Corrected Crawford Report")**.

**EXHIBIT 11:** **Expert Report of Paul F. White, Ph.D. ("White Report")**, titled "Review of Peregrine Enterprises, Inc.'s Login/Logout, "Dance Dollars" and Charge Summary Data."

---

[1] Sistrunk Dep. Exs. 7-9 and 12 filed separately as Exhibits 16-18 and 22 to this Declaration.

**EXHIBIT 12:** **Rebuttal Expert Report of David L. Crawford, Ph.D. ("Crawford Rebuttal Report")**.

**EXHIBIT 13:** **Cited evidence at Plaintiffs' 56.1 Statement ¶¶ 57-58, ECF No. 386, regarding working certain days at Rick's NY.**

*Previously filed as Plaintiffs' Summary Judgment Exhibits 19-20, 22-23, 25-26 28-29, 31-34, 36, 43-46, 48-52, 54-56, ECF Nos. 388-5 to 7, 388-10, 388-15 to 16, 389-1 to 3, 389-5 to 9, 389-11, 390-2 to 7, 390-9 to 14, 390-16 to 391-6* (Hart Dep. 53-54; Furedi Dep. 118-120; Bashore-Canzoneri Dep. 192; Bateman Dep. 68-69; Chunikhina Dep. 129-130; Clark Dep. 77, 82-83; Daniels Dep. 171; Dilag Dep. 151-154; Finsterwald Dep. 98-99; Hemmes Dep. 124-124; Hernandez Dep. 43; Jurman Dep. 36; Lamb Dep. 91-92; McCleary Dep. 52; Miller Dep. 161; Mullen Dep. 99-100; Pestova Dep. 155; Rivers Dep. 39-40; Romero Dep. 60-61; Royer Dep. 60-61; Shulman Dep. 57-58; Silk Dep. 81-82; Simon Dep. 119-121; Venizelos Dep. 199-200; Trapani Dep. 34-35).

**EXHIBIT 14:** **Cited evidence at Plaintiffs' 56.1 Statement ¶¶ 47 and 97, ECF No. 386, regarding day and night shifts.**

*Previously filed as Plaintiffs' Summary Judgment Exhibits 91, 112, 115-116, 147, 150, ECF Nos. 392-22, 393-20, 393-24 to 24, 395-1 395-4* (PER005105; PER003651; PER003661; PER003497; PER003659-3660; PER005095-5096).

**EXHIBIT 15:** **Cited excerpts from the Deposition of Kenneth Sistrunk.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 53, ECF No. 390-15*.

**EXHIBIT 16:** **Exhibits 12 and 13 to the Deposition of Kenneth Sistrunk.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 53, ECF No. 390-15.*

**EXHIBIT 17:** **<u>Oliva v. Infinite Energy, Inc.</u>, No. 1:11-cv-232-MP-GRJ (N.D. Fla. October 12, 2012).**

**EXHIBIT 18:** **Exhibit 9 to the Deposition of Kenneth Sistrunk**.

*Previously filed as Plaintiffs' Summary Judgment Exhibit 53, ECF No. 390-15.*

**EXHIBIT 19:** **Cited excerpts from the Deposition of Melinda Trapani.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 55, ECF No. 391-1 to 4.*

**EXHIBIT 20:** **Rick's NY sign regarding dance dollar cash-out: Document P0198.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 53, ECF No. 390-15.*

**EXHIBIT 21:** **Example of the 126 form entertainer affidavits obtained by Defendant**.

*Previously filed as Exhibit 6 to Plaintiffs' Class Certification Motion, ECF No. 157-5.*

**EXHIBIT 22:** **Exhibits 7 and 8 to the Deposition of Kenneth Sistrunk**.

*Previously filed as Plaintiffs' Summary Judgment Exhibit 53, ECF No. 390-15*.

**EXHIBIT 23:** **Paul F. White, Jeff Goodman, and Sarah Graves, "The Overtime Bomb—Employee Class Actions," <u>2012 Professional Development Seminar Series</u>.**

**EXHIBIT 24:** **Expert Rebuttal Report of Paul F. White ("White Rebuttal Report")**, titled "Review of Plaintiffs' Economic Expert's Report."

**EXHIBIT 25:** **House Fee Schedule: Document P0176.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 53, ECF No. 390-15.*

**EXHIBIT 26:** **Excerpts from the Deposition of Steven DeAngelo.**

**EXHIBIT 27:** **Declaration of Steven DeAngelo.**

**EXHIBIT 28:** **Exhibit 3-6 to the Deposition of Steven DeAngelo.**

**EXHIBIT 29:** **Firm Resume of Nichols Kaster, PLLP.**

**EXHIBIT 30:** **Cited evidence at Plaintiffs' 56.1 Statement ¶¶ 157, 200, 240-244, ECF No. 386, regarding control over dressing room and entertainers at the club**.

*Previously filed as Plaintiffs' Summary Judgment Exhibits 18, 53, 20-21, 23, 25, 31-34, 36, 48-51, 54-55, 164, and 171, ECF Nos. 388-2 to 4, 388-7 to 9, 388-11, 388-13 to 14, 389-5 to 7, 389-9, 389-11, 390-9 to 13, 395-18, 395-25, 390-15 to 391-4, 407-408* (Paula Decl. p. 3; Thompson Decl. pp. 5-7; Bateman Dep. 75-79; Chen Dep. 83-84, 186; Clark Dep. 84-85; Daniels Dep. 215-216; Hart Dep. 62, 66-67; Hemmes Dep. 167-168; Jurman Dep. 111; Lamb Dep. 143-144; Rivers Dep. 79-80, 85; Romero Dep. 84; Royer Dep. 96; Shulman Dep. 81-82; Silk Dep. 96-97; Trapani Dep. 37-40, 72-73; Anakar Dep. 62-63, 71-72; Sistrunk Dep. 166-167; PER7506; PER005178-5179; Sistrunk Dep. Exs. 7-8, 12-13).[2]

**EXHIBIT 31:** **Peregrine's Supp. Response to Interrog. No. 13.**

[2] Sistrunk Dep Exs. 7-8, 12-13 are filed separately as Exhibits 16, 18, and 22 to this Declaration.

*Previously filed as Plaintiffs' Summary Judgment Exhibit 211, ECF No. 397-11.*

**EXHIBIT 32:** **Chart discussing semantic, not factual disputes**.

*Previously filed as Plaintiffs' Summary Judgment Exhibit 286, ECF No. 438-1.*

**EXHIBIT 33:** **Affidavit of Anna P. Prakash (June 15, 2010).**

*Previously filed at ECF No. 201.*

**EXHIBIT 34:** **Cited excerpts from the Deposition of Alrea Royer.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 50, ECF No. 390-11 to 12.*

**EXHIBIT 35:** **Cited excerpts from the Deposition of Maria Chunikhina.** (

*Previously filed as Plaintiffs' Summary Judgment Exhibit 22, ECF No. 388-10.*

**EXHIBIT 36:** **Cited excerpts from the Deposition of Emily Finsterwald.**

Previously filed as Plaintiffs' Summary Judgment Exhibit 28, ECF No. 389-1.

**EXHIBIT 37:** **Cited excerpts from the Deposition of Ashley Jurman.**

Previously filed as Plaintiffs' Summary Judgment Exhibit 34, ECF No. 389-9.

**EXHIBIT 38:** **Cited excerpts from the Deposition of Reka Furedi.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 29, ECF No. 398-2 to 3.*

**EXHIBIT 39:** **Cited excerpts from the Deposition of Phillip Marshall.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 42, ECF No. 390-1.*

**EXHIBIT 40:** **Cited evidence at Plaintiffs' 56.1 Statement ¶ 379, ECF No. 386, regarding entertainers' receipt of dance dollars.**

*Previously filed as Plaintiffs' Summary Judgment Exhibits 20-21, 28, 33, 48, 50, ECF Nos. 388-7 to 9, 389-1, 389-8, 390-9, 390-11 to 12* (Bashore-Canzoneri Dep. 219; Chen Dep. 154; Finsterwald Dep. 167; Hernandez Dep. 72; Rivers Dep. 77; Royer Dep. 117).

**EXHIBIT 41:** **Defendants' stated First Dance Dollar Version: Document PER003119.**

**EXHIBIT 42:** **Second Dance Dollar Version: Document PER2647.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 59, ECF No. 391-9.*

**EXHIBIT 43:** **Third Dance Dollar Version: PER2648.**

*Previously filed as Plaintiffs' Summary Judgment Exhibit 60, ECF No. 391-10.*

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

Dated: March 31, 2014

s/Anna P. Prakash
Anna P. Prakash