UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SABRINA HART and  REKA FUREDI,      :

on behalf of themselves, all others similarly    :

situated, and the New York Rule 23 Class,    :

          :

            Plaintiffs,    :

          :

       -against-    :

          :

RICK'S CABARET INTERNATIONAL INC.,  :

RCI ENTERTAINMENT (NEW YORK) INC.  :

and PEREGRINE ENTERPRISES, INC.,    :

          :

        Defendants.    :

-------------------------------------------------------------X

**Case No: 09-CV-3043 (PAE/RLE)**

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING
VARIOUS COURT DECISIONS**

---

Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................. ii

I. INTRODUCTION .......................................................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................................ 1

III. ARGUMENT ............................................................................................................................... 2

A.     THE COURT DECISIONS ARE INADMISSIBLE BECAUSE THEY ARE
       IRRELEVANT  ...................................................................................................................... 3

B.     THE COURT DECISIONS ARE INADMISSIBLE BECAUSE THEIR PROBATIVE
       VALUE IS OUTWEIGHED BY THE DANGER OF PREJUDICE.................................... 5

IV. CONCLUSION............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*350 W.A. LLC v. Chubb Grp. of Ins.*,
   No. 05CV75 WQH (CAB), 2007 WL 4365502 (S.D. Cal. 2007) ................................................ 5

*Arlio v. Lively*,
   474 F.3d 46 (2d Cir. 2007)........................................................................................... 3

*Beth Israel Med. Ctr. V. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
   448 F.3d 573 (2d Cir. 2006)......................................................................................... 3

*Blue Cross and Blue Shield of N.J., Inc. v. Phillip Morris, Inc.*,
   141 F. Supp. 2d 320 (E.D.N.Y. 2001) ........................................................................ 4

*Highland Capital Mgmt., L.P. v. Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008)......................................................................... 5

*Kuebel v. Black & Decker Inc.*,
   643 F.3d 352 (2d Cir. 2011)..................................................................................... 2, 4

*McLean v. Garage Mgmt. Corp.*,
   No. 09 CIV. 9325 DLC, 2012 WL 1358739 (S.D.N.Y. Apr. 19, 2012)................................. 2, 4

*Simstad v. Scheub*,
   No. 2:07-CV-407 JVB, 2014 WL 6674596 (N.D. Ind. Nov. 25, 2014) ...................................... 5

*United States v. Beech-Nut Nutrition Corp.*,
   871 F.2d 1181 (2d Cir. 1989)...................................................................................... 5

*United States v. Bermudez*,
   529 F.3d 158 (2d Cir. 2008)........................................................................................ 5

*United States v. Carter*,
   801 F.2d 78 (2d. Cir. 1986)........................................................................................ 5

*United States v. Gelzer*,
   50 F.3d 1133 (2d Cir. 1995)........................................................................................ 5

*Wilson v. Hartford Ins. Co. of the Midwest*,
   C10-993RAJ, 2011 WL 2670199 (W.D. Wash. July 7, 2011) ................................................. 6

**Statutes**

29 U.S.C. § 201 et seq................................................................................................ 1, 2, 3, 4

N.Y. Lab. Law (McKinney)......................................................................................... 1, 2, 3, 4

**<u>Rules</u>**

Fed. R. Evid. 401 ........................................................................................................... 1, 3

Fed. R. Evid. 402 ........................................................................................................... 1, 3

Fed. R. Evid. 403 ........................................................................................................... 1, 5

Pursuant to the Federal Rules of Evidence ("FRE") 401, 402, and 403, Rick's Cabaret International Inc. ("RCII"), RCI Entertainment (New York) Inc. ("RCI NY"), and Peregrine Enterprises, Inc. ("Peregrine") (collectively, the "Defendants") hereby respectfully submit the following Memorandum of Law in support of their Motion *in Limine* to exclude evidence or argument concerning any court decisions Sabrina Hart, Reka Furedi and other class members (collectively, the "Plaintiffs") wish to introduce at trial for the purpose of proving any willfulness and/or lack of good faith on the part of Defendants with respect to violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Defendants state as follows:

## I.      INTRODUCTION

By this motion, Defendants seek to exclude at trial any court decisions from other cases and other court districts relating to whether entertainers should be considered employees under the FLSA and NYLL ("Court Decisions").   Such Court Decisions are utterly irrelevant to any issue at trial, including whether Defendants acted willfully or with a lack of good faith in connection with any violations of the NYLL and FLSA and are of no probative value in this case.  Moreover, introducing Court Decisions at trial is likely to confuse the jury and unfairly prejudice Defendants' case.  Accordingly, the Court Decisions should be excluded as evidence at trial.

## II.      FACTUAL BACKGROUND[1]

The Court has already decided that Plaintiffs were misclassified as independent contractors rather than employees and that Peregrine is liable to pay Plaintiffs back wages.  In addition to back wages, the Plaintiffs are seeking an award of liquidated damages under the NYLL and the FLSA.  Plaintiffs are also seeking to extend the statute of limitations under the

---

[1] Due to the extensive briefing by all parties in various motions, including the summary judgment motions, Defendants will not reiterate all the alleged facts underlying this action.

1

FLSA such that they can collect unpaid wages going back three years instead of two.

For violations of the NYLL prior to November 24, 2009, liquidated damages are only available to Plaintiffs if it is determined that Defendants' failure to pay minimum wages to the Plaintiffs was "willful" under the NYLL. *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011). An employer willfully violates the NYLL if the employer either knew it was violating the law at the time or acted with reckless disregard for a known legal requirement when it violated the NYLL. *Id.* The test for willfulness to extend the statute of limitations under the FLSA is the same as the pre-November 24, 2009 NYLL test. *Id.*

For violations of the NYLL from November 24, 2009 through October 31, 2012, and violations of the FLSA, Plaintiffs are entitled to liquidated damages only if it is established that Defendants did not have a good faith basis to believe that they were not violating the NYLL. NYLL § 198(1)(1-a). To establish the requisite subjective good faith, a defendant must show that it took active steps to ascertain the bounds of the NYLL and had an honest intention to comply with the law. *McLean v. Garage Mgmt. Corp.*, No. 09 CIV. 9325 (DLC), 2012 WL 1358739, at *5 (S.D.N.Y. Apr. 19, 2012).

Plaintiffs seek to introduce Court Decisions that they believe support the proposition that entertainers should be treated as employees and hope to use these Court Decisions to prove that Defendants willfully violated the law (or lacked good faith).[2] Defendants now move *in limine* to preclude this inadmissible evidence.

## III.   ARGUMENT

In the Proposed Pretrial Order, Plaintiffs request to introduce Court Decisions, from both within and without this jurisdiction, that state, among other things, that entertainers should be treated as employees under the FLSA and NYLL. Plaintiffs evidently believe that presenting

_____

[2] Plaintiffs' Proposed Pretrial Order ("Proposed Pretrial Order"), Exhibits P347-P370.

such Court Decisions as evidence at trial will somehow demonstrate that Defendants acted willfully and/or not in good faith in failing to pay Plaintiffs wages under the FLSA and NYLL, and in connection with any other violations of the NYLL.  However, such Court Decisions are irrelevant as to whether Defendants acted willfully or not in good faith, and admitting Court Decisions on the issue of entertainers' classification would be unfairly prejudicial to the Defendants, and would confuse and mislead the jury.  Thus, the Court Decisions should not be admissible at trial.

## A.  THE COURT DECISIONS ARE INADMISSIBLE BECAUSE THEY ARE IRRELEVANT

The threshold question in the admissibility of any evidence at trial is whether it is relevant to the jury's determination of the issues in dispute.  As defined in Federal Rule of Evidence ("FRE") 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  FRE 402 provides in relevant part that "[e]vidence which is not relevant is not admissible."  FED. R. EVID. 402.  "If an item of evidence tends to prove a fact that is of consequence to the determination of the action, it is relevant.  If it does not prove a material fact it is irrelevant."  *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (*citing* 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* §401.04[2][a], at 401-19 (2d ed. 2006)).  "A material fact is one that would 'affect the outcome of the suit under the governing law.'"  *Beth Israel Med. Ctr. V. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006) (internal citation omitted).  The Court Decisions Plaintiffs seek to introduce at trial do not prove a material fact, and are irrelevant and therefore not admissible.

"[J]udicial findings in other cases proffered as evidence are generally characterized as

3

inadmissible evidence" and therefore the Court Decisions Plaintiffs wish to present at trial should be excluded. *Blue Cross and Blue Shield of N.J., Inc. v. Phillip Morris, Inc.*, 141 F. Supp. 2d 320, 322 (E.D.N.Y. 2001). In Plaintiffs' Proposed Pretrial Order, Plaintiffs list over twenty (20) Court Decisions which they intend to use as exhibits at trial, evidently to prove that Defendants' violations of the FLSA and NYLL were "willful" or not made in "good faith."[3] These Court Decisions have no relevance, as the test for willfulness is whether Defendants acted with actual knowledge of the state of the law, and in deliberate disregard of a legal requirement. *Kuebel*, 643 F.3d at 366. Defendants were not aware of a legal requirement with respect to treating entertainers as employees and did not know that they were acting in violation of the NYLL or FLSA. In order to show willfulness for liquidated damages under the NYLL, Plaintiffs will have to show that Defendants were aware of a requirement that under the NYLL Plaintiffs were employees <u>and </u>that the fact that Plaintiffs earned in excess of minimum wage in performance fees did not satisfy wage requirements. The Court Decisions will not prove or disprove any of the relevant factors. The Court Decisions are also irrelevant with respect to whether Defendants lacked "good faith" under the NYLL or FLSA. Introducing Court Decisions that may support the proposition that entertainers should be treated as employees, does not establish that Defendants did not act in good faith or have an honest intention to comply with the law. *McLean*, 2012 WL 1358739, at *5.

It should also be noted that the majority of the Court Decisions Plaintiffs list in their Proposed Pretrial Order are from jurisdictions outside the Second Circuit and have no bearing on the law of this Court. Defendants are not under any obligation to have knowledge of individual cases within this jurisdiction, let alone outside of this jurisdiction. Any argument that Defendants acted with reckless disregard for the law of another jurisdiction, or were required to

---

[3] Proposed Pretrial Order, Exhibits P347-P370.

*2680-006 #3938*

take active steps to seek out the law of another jurisdiction (which would not even apply to them) is preposterous, unfounded and irrelevant.  *See 350 W.A. LLC v. Chubb Grp. of Ins.*, No. 05CV75 WQH (CAB), 2007 WL 4365502 (S.D. Cal. 2007) (excluding California state court decisions in a trial held in the Southern District of California, because state court rulings and judgments did not have relevance to the federal case and any relevance was outweighed by the danger of unfair prejudice, confusion, or misleading the jury); *see also Simstad v. Scheub*, No. 2:07-CV-407 JVB, 2014 WL 6674596, at *3 (N.D. Ind. Nov. 25, 2014). (excluding decisions of Indiana state court because they have no bearing on the federal court trial and the issues being adjudicated).  Consequently, the Court Decisions should not be admissible at trial.

## B.  THE COURT DECISIONS ARE INADMISSIBLE BECAUSE THEIR PROBATIVE VALUE IS OUTWEIGHED BY THE DANGER OF PREJUDICE

Under FRE 403, the trial court has "broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative."  *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989) (*citing* FED. R. EVID. 403; *United States v. Carter*, 801 F.2d 78, 83 (2d Cir. 1986).  FRE 403 also provides for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice."  FED. R. EVID. 403.  Evidence is prejudicial under FRE 403 if it "involves some adverse effect… beyond tending to prove the fact or issue that justified its admission into evidence."  *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173 (S.D.N.Y. 2008) (*citing United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995).  The Second Circuit has instructed that the "[d]istrict courts have broad discretion to balance the probative value against possible prejudice" under FRE 403.  *United States v. Bermudez*, 529 F.3d 158 (2d Cir. 2008).

Any slight probative value offered by introducing the Court Decisions at trial is

5

*2680-006 #3938*

substantially outweighed by the danger of unfair prejudice.  At best, the Court Decisions are marginally relevant to an issue that has already been decided by this Court and is not disputed at this trial (whether entertainers should be treated as employees or independent contractors). Introducing the Court Decisions at trial will "waste[] jury time by requiring an explanation of the background of each case and confuse[] the jury by suggesting that someone other than this court will instruct them as to the law."  *Wilson v. Hartford Ins. Co. of the Midwest*, No. C10-993 (RAJ), 2011 WL 2670199, at *4 (W.D. Wash., July 7, 2011).  Moreover, the Court Decisions will prejudice Defendants by misleading the jury into believing that knowledge of individual cases is relevant to the willfulness/good faith analysis for liquidated damages, when, in fact, it is not.

Courts have held that the "probative value of [court decisions] is substantially outweighed by their potential for prejudice and waste of time."  *Id.*  Allowing Plaintiffs to introduce Court Decisions with respect to Defendants' willfulness and/or lack of good faith will undoubtedly confuse the jury, waste time and prejudice Defendants.  Accordingly, the Court Decisions should be held inadmissible and excluded as evidence from the trial.

6

*2680-006 #3938*

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court exclude

evidence or argument concerning the Court Decisions Plaintiffs wish to introduce at trial

concerning Defendants' willfulness and/or lack of good faith.

Dated:  New York, New York
            February 6, 2015

<div style="margin-left:40%">

MEISTER SEELIG & FEIN LLP
            /s/ Jeffrey A. Kimmel
By: Jeffrey A. Kimmel
       Racquel Crespi Weintraub
       Christopher J. Major
125 Park Avenue, 7th Floor
New York, New York 10017
212-655-3500

*Attorneys for Defendants*

</div>

7