UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SABRINA HART and  REKA FUREDI,               :         **Case No: 09-CV-3043 (PAE/RLE)**
on behalf of themselves, all others similarly   :
situated, and the New York Rule 23 Class,       :
                                                :
                         Plaintiffs,            :
                                                :
            -against-                           :
                                                :
RICK'S CABARET INTERNATIONAL INC., :
RCI ENTERTAINMENT (NEW YORK) INC.  :
and PEREGRINE ENTERPRISES, INC.,        :
                                                :
                         Defendants.            :
-------------------------------------------------------X

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING
OFFERS OF JUDGMENT AND OTHER SETTLEMENT COMMUNICATIONS**

---

Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

I. INTRODUCTION ............................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................................... 2

A.     THE SETTLEMENT INFORMATION PLAINTIFFS SEEK TO ADMIT ..................... 2

B.     SETTLEMENT OF THE NICOLE IMBEAULT ACTION
       BY MS. IMBEAULT'S ACCEPTANCE OF OFFER OF JUDGMENT ........................... 3

C.     DEFENDANTS' OFFERS OF JUDGMENT IN THE
       INSTANT ACTION, TO PLAINTIFFS HART AND FUREDI ....................................... 6

D.     SETTLEMENT OF THE WILLIAM IMBEAULT ACTION
       BY COURT-MEDIATED AGREEMENT, KEPT UNDER SEAL ................................... 7

III. ARGUMENT ..................................................................................................................... 8

A.     THE TERMS OF THE OFFERS OF JUDGMENT AND WILLIAM IMBEAULT
       SETTLEMENT MAKE CLEAR THAT THEY ARE INADMISSIBLE AT TRIAL ........ 8

B.     FRE 408 AND FRCP 68 BAR THE SETTLEMENT INFORMATION ........................... 9

C.     THE SETTLEMENT INFORMATION IS INADMISSIBLE
       BECAUSE IT IS IRRELEVANT, AND ITS PROBATIVE VALUE
       IS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE,
       CONFUSING THE ISSUES, MISLEADING THE JURY, AND WASTING TIME ...... 14

IV. CONCLUSION .................................................................................................................. 19

# **TABLE OF AUTHORITIES**

**Cases**

*Alpex Computer Corp. v. Nintendo Co.*,
   770 F. Supp. 161 (S.D.N.Y. 1991 *on reconsideration*, No. 86 CIV. 1749 (KMW), 1994 WL
   139423 (S.D.N.Y. Mar. 18, 1994), *vacated in part*, No. 86 CIV. 1749 (KMW), 1994 WL
   381659 (S.D.N.Y. July 21, 1994) .................................................................................. 13- 14

*Highland Capital Mgmt., L.P. v. Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008).............................................................................. *passim*

*Nicole Imbeault v. Rick's Cabaret Int'l, Inc et al.*,
   08-CV-5458 (GEL) (S.D.N.Y. filed June 6, 2008)......................................................... *passim*

*Playboy Enterprises, Inc. v. Chuckleberry Pub., Inc.*,
   486 F. Supp. 414, 423 n. 10 (S.D.N.Y. 1980), aff'd, 687 F.2d 563, 564
   (2d Cir. 1982)..................................................................................................... 11, 12, 12 n.7

*Sears v. PHP of Alabama, Inc.*,
   No. 2:05CV304-ID, 2006 WL 1223302 (M.D. Ala. May 5, 2006) ............................. 13, 13 n.8

*United States v. Bermudez*,
   529 F.3d 158 (2d Cir. 2008)....................................................................................... 14

*United States v. Gelzer*,
   50 F.3d 1133 (2d Cir. 1995)....................................................................................... 14

*Wajcman v. Inv. Corp. of Palm Beach*,
   No. 07-80912-CIV, 2009 WL 465071 (S.D. Fla. Feb. 23, 2009) ............................. 10

*William Imbeault v. Rick's Cabaret Int'l, Inc et al.*,
   No. 09-CV-4425 (PKC/AJP) (S.D.N.Y. filed May 7, 2009) ............................. *passim*

**Statutes**

28 U.S.C. § 636(c) ...................................................................................................... 8

**Rules**

Fed. R. Civ. P. 68 et seq............................................................................................ *passim*

Fed. R. Evid. 401 ...................................................................................................... *passim*

Fed. R. Evid. 402 ...................................................................................................... *passim*

Fed. R. Evid. 403 .......................................................................................... 1, 14, 16

Fed. R. Evid. 408 et seq ........................................................................................... *passim*

Fed. R. Evid. 801 ................................................................................................................... 10

Pursuant to Federal Rules of Evidence ("FRE") 401, 402, 403, and 408, Federal Rules of Civil Procedure ("FRCP") 68, and pursuant to the terms of the offers of judgment and settlement agreement discussed herein, Rick's Cabaret International Inc. ("RCII"), RCI Entertainment (New York) Inc. ("RCI NY"), and Peregrine Enterprises, Inc. ("Peregrine") (collectively, the "Defendants") hereby respectfully submit the following Memorandum of Law in support of their Motion *in Limine* to exclude any evidence or argument concerning Defendants' settlement offers, communications, and agreements in this and any other action — which evidence not only has no relevance to the issues set for trial and would result in prejudice to Defendants, but is expressly barred by FRE 408, FRCP 68, and by the terms of the settlement offers and agreements — and state as follows:

## I.      INTRODUCTION

By this motion, Defendants seek to exclude at trial any evidence pertaining to Defendants' settlement offers, communications, and agreements in this and any other action, including Defendants' offers of judgment in 2009 to Plaintiffs Sabrina Hart and Reka Furedi in this action (which offers were not accepted), and any evidence pertaining to actions brought separately by Nicole Imbeault and William Imbeault (both represented by current Plaintiffs' counsel) that Defendants settled in 2009 — Nicole's by offer of judgment, and William's by sealed settlement on the record before Magistrate Judge Peck (the "Settlement Information").

The admissibility of the Settlement Information is not only clearly barred by the language on the face of the offers of judgment and in the William Imbeault settlement, but also by FRE 408(a) and FRCP 68(b), which encourage settlement of litigation by restricting the admissibility of settlement information in the action from which it arose and in subsequent actions.  The

Settlement Information would unfairly prejudice Defendants' case, confuse the issues, mislead the jury, and waste time.  Accordingly, such information should be excluded at trial.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     THE SETTLEMENT INFORMATION PLAINTIFFS SEEK TO ADMIT

Through their Proposed Joint Pretrial Order, Plaintiffs not only seek to use Defendants' offers of judgment to Nicole Imbeault, Sabrina Hart, and Reka Furedi as exhibits at trial (P37, P116, and P117, respectively), but also seek to present evidence as to the confidential, sealed settlement of the action that William Imbeault (Ms. Imbeault's husband) brought against the Defendants.  *See* Plaintiffs' Proposed Joint Pretrial Order at 21, ¶ 149.

Plaintiffs also seek to solicit testimony from Eric Langan as to "the decision to make Rule 68 offers of judgment in the Nicole Imbeault matter and in this matter and the amount of those offers" (*id.* at 22 (item (10))), as well as "the decision to settle the William Imbeault matter" (*id.* at 22 (item (11))).  And while the testimony Plaintiffs seek from Ms. Hart and Ms. Furedi is limited to four topics (*see id.* at 26-27), Plaintiffs seek testimony from William Imbeault on *nine* topics, including the open-ended category, "Defendants' written discovery responses in this litigation, as well as other exhibits on Plaintiffs' exhibit list," which category would presumably include Settlement Information.  *Id.* at 25-26 (item (12)).[1]

---

[1]     To the extent that the category of testimony, ""Defendants' written discovery responses in this litigation, as well as other exhibits on Plaintiffs' exhibit list" — used throughout Plaintiffs' summary of trial witness testimony — encompasses Settlement Information, Defendants seek to preclude such testimony.  *See* Plaintiffs' Proposed Joint Pretrial Order at 21-26 (including category in planned testimony of Eric Langan, Phil Marshall, Ken Sistrunk, Ed Anakar, Steven DeAngelo, Melinda Trapani, William Imbeault, and Tatiana Anakar).

Plaintiffs also seek to stipulate as to ten paragraphs of facts concerning "Offers of judgment/settlement in this case and other cases." *Id.* at 20-21, ¶¶ 141-150.[2]

Additionally, Plaintiffs seek to introduce evidence with regard to both of the Imbeault actions that is not only irrelevant and prejudicial, but would, if admitted, confuse the jury and lead it to speculate as to the resolution of those actions. *See id.* at 32-33 (listing as exhibits, "Nicole Imbeault Amend. Compl." (P35), "Defs.' Answer in N. Imbeault case" (P36), "William Imbeault Amend. Compl." (P38), "Defs.' Answer in W. Imbeault case" (P39), "Anakar Answer in W. Imbeault case" (P40), "Sistrunk Answer in W. Imbeault case" (P41), "William Imbeault notice of dismissal" (P42)).

Importantly, with regard to the settlement offers and agreements discussed herein, which were all dated between February and November 2009, Plaintiffs' counsel — Nicholas Kaster, PLLP — represented the plaintiffs (*i.e.*, the Plaintiffs here, and the Imbeaults). Plaintiffs' counsel have thus known for more than five years that the settlement material they now seek to use at trial is not admissible.

The three actions in which Settlement Information is at issue are discussed below, in the order in which the actions were commenced (*i.e.*, first Ms. Imbeault, and then Plaintiffs and Mr. Imbeault).

## B.   SETTLEMENT OF THE NICOLE IMBEAULT ACTION
##      BY MS. IMBEAULT'S ACCEPTANCE OF OFFER OF JUDGMENT

On June 17, 2008, Nicole Imbeault, a former entertainer at RCI NY, filed a complaint against RCII, RCI NY, Peregrine — the Defendants here — in the Southern District of New

---

[2]      Plaintiffs seek to stipulate that the defendants in the actions brought by the Imbeaults were "all represented by the same counsel" who represent Defendants here, but Plaintiffs neglect to mention that Plaintiffs' counsel here also represented the Imbeaults in their suits against Defendants. *See id.* at 20-21, ¶¶ 145, 148.

York, in an action captioned *Nicole Imbeault v. Rick's Cabaret Int'l, Inc et al.*, No. 08-CV-5458

(GEL) (S.D.N.Y. filed June 6, 2008). As Plaintiffs contend, "[t]he Nicole Imbeault case

involved misclassification and minimum wage claims substantively identical to those in the

instant action." Plaintiffs' Proposed Joint Pretrial Order at 20, ¶ 142. Defendants answered Ms.

Imbeault's amended complaint on September 29, 2008.

Defendants sent an "Offer of Judgment" dated February 9, 2009 to "Attorneys for Nicole

Imbeault," which offer stated in full:

> Peregrine Enterprises, Inc., a defendant in this action, offers to
> allow judgment to be taken against it by the plaintiff for the sum of
> Thirty-Six Thousand Dollars ($36,000.00), plus costs, including
> reasonable attorneys' fees, accrued to this date. ***This offer is made
> pursuant to Rule 68 of the Federal Rules of Civil Procedure, and
> evidence of this offer is not admissible except in a proceeding to
> determine costs***. ***This offer is not to be construed either as an
> admission that the Defendants are liable in this action, or that
> the Plaintiff has suffered any damage.*** If this offer is not
> accepted in writing within ten (10) days after it is served, it will be
> deemed withdrawn.

*See Nicole Imbeault* Docket No. 17 at Exh. A (emphasis added).[3]

Ms. Imbeault's counsel accepted the offer by "Notice of Acceptance of Offer of

Judgment" dated February 19, 2009, which notice — signed by Plaintiffs' counsel E. Michelle

Drake — stated in full:

> To: Defendant Peregrine Enterprises, Inc. and its attorney Meister
> Seelig & Fein, LLP
>
> Pursuant to Rule 68 of the Federal Rules of Civil Procedure,
> Plaintiff Nicole Imbeault hereby accepts the offer of judgment
> served by Defendant Peregrine Enterprises, Inc. on February 9,
> 2009, whereby Plaintiff Nicole Imbeault may take judgment

---

[3]   Ms. Imbeault's counsel was well aware of the limited admissibility of the offer of
judgment — *i.e.*, only for "a proceeding to determine costs" — and indeed used the offer of
judgment as an exhibit to their March 9, 2009 Petition for Award of Attorneys' Fees and Costs.
*See Nicole Imbeault* Docket No. 22-2.

> against Defendant Peregrine Enterprises, Inc. for the sum of Thirty-Six Thousand Dollars ($36,000.00), plus costs including reasonable attorneys fees, accrued to the date of the offer. ***There are no terms or conditions, implied or otherwise, not expressly contained herein and in the Offer of Judgment*** attached hereto as Exhibit A.

*See Nicole Imbeault* Docket No. 17 (emphasis added).

Judge Gerard E. Lynch entered judgment against Peregrine on February 20, 2009, noting that the Rule 68 offer was made "without any admission of liability" and "in full and final resolution of all claims against all defendants in this action." *See Nicole Imbeault* Docket No. 19.

On December 9, 2014, at a conference before Judge Paul A. Engelmayer in the instant litigation, counsel for Plaintiffs, Ms. Drake — the signatory on Ms. Imbeault's Notice of Acceptance of Offer of Judgment — stated, without mentioning her firm's representation of Ms. Imbeault — that Plaintiffs sought to use the offer of judgment made to Ms. Imbeault (and offers made in the instant case) at trial:

> MS. DRAKE:    I just want to flag one other issue.... I hope this is one the parties can resolve through the pretrial order. One significant piece of evidence is the fact that when defendant was sued for this issue before by a woman named Nicole Imbeault on a classwide basis, they immediately made a Rule 68 offer. They also made Rule 68 offers in this case which are part of the record.
>
> THE COURT:    You think a Rule 68 offer goes before the jury?
>
> MS. DRAKE:    I do. When you get sued for something in 2008 for misclassifying an independent contractor on a classwide basis and you respond by paying them off and not changing your practices, *that is great evidence on willfulness*. It is at this club. She worked at this club. She was in the same situation as these entertainers.

*See* Docket No. 629 (12/9/14 Tr.) at 31:7-22 (emphasis added).[4]

## C.   DEFENDANTS' OFFERS OF JUDGMENT IN THE INSTANT ACTION, TO PLAINTIFFS HART AND FUREDI

On March 30, 2009, just a month after Nicole Imbeault accepted Defendants' offer of

judgment, Plaintiff Sabrina Hart — represented by Nicholas Kaster, PLLP — filed the initial

complaint against the very same Defendants in the instant action.  On June 5, 2009, when Ms.

Hart was the only named plaintiff in this action, Defendants' counsel filed an offer of judgment,

providing:

> Peregrine Enterprises, Inc., a defendant in this action, offers to
> allow judgment to be taken against it by the plaintiff for the sum of
> Thirty Thousand Dollars ($30,000.00), inclusive of all attorneys'
> fees accrued to this date, plus costs, in full and final resolution of
> all claims asserted by Plaintiff in this action against all Defendants.
> ***This offer is made pursuant to Rule 68 of the Federal Rules of
> Civil Procedure, and evidence of this offer is <u>not admissible</u>
> except in a proceeding to determine costs.  This offer is <u>not to be
> construed either as an admission</u> that the Defendants are liable
> in this action, <u>or that the Plaintiff has suffered any damage</u>.***  If
> this offer is not accepted in writing within ten (10) days after it is
> served, it will be deemed withdrawn.

*See* Docket No. 14 (emphasis added).  Ms. Hart did not accept the offer within the time set forth

therein.  Instead, she moved for conditional certification and judicial notice on June 15, 2009

---

[4]     As Plaintiffs' counsel know, it is inaccurate to suggest that Defendants "immediately
made a Rule 68 offer" to Ms. Imbeault (Defendants did so eight months into litigation), or that
Defendants "pa[id] [her] off."  Ms. Imbeault could have easily chosen to continue litigating (as
did Ms. Hart and Ms. Furedi, when Defendants made similar offers of judgment to them), but,
apparently with the advice of her counsel, Ms. Imbeault chose to accept Defendants' offer.
     The suggestion by Plaintiffs' counsel that Defendants' offer of judgment to Ms. Imbeault
is "great evidence on willfulness" ignores that Defendants disclaimed liability in the offer and
that Ms. Imbeault accepted the offer's terms as-is, affirming that "[t]here are no terms or
conditions, implied or otherwise, not expressly contained herein and in the Offer of Judgment
…"  See *Nicole Imbeault* Docket No. 17.  Additionally, the fact only one month passed between
settlement of the Nicole Imbeault action and Plaintiffs' initiation of the present action deflates
Plaintiffs' counsel's claim that there is "great evidence of willfulness" based on the club "not
changing [its] practices" in the interim.

(*see* Docket No. 15), which was, as Defendants noted in opposition, merely "a defensive measure by Plaintiff to avoid a motion to dismiss in this case based on mootness and lack of subject matter jurisdiction as a result of Plaintiff's rejection of [the offer of judgment]."  Docket No. 29 at 1.

On July 24, 2009, Plaintiffs filed their "First Amended Class Action Collective Action Complaint" [Docket No. 41], naming Reka Furedi as a plaintiff for the first time.

By letter dated November 20, 2009 from Defendants' counsel to counsel for Plaintiff Reka Furedi (Nicholas Kaster, PLLP), and served via email and Federal Express, Defendants "enclosed defendant Peregrine Enterprises, Inc.'s Rule 68 Offer of Judgment to plaintiff Reka Furedi dated November 20, 2009."  The offer of judgment to Furedi differed in substance from the Hart offer only in that it offered judgment in the amount of $21,000 (as opposed to $30,000 offered to Hart).[5]

## D.     SETTLEMENT OF THE WILLIAM IMBEAULT ACTION BY COURT-MEDIATED AGREEMENT, KEPT UNDER SEAL

On May 7, 2009, William Imbeault, the husband of Nicole Imbeault and a former DJ at RCI NY — represented by Nicholas Kaster, PLLP — filed a complaint against RCII, RCI NY,

---

[5]     Defendants' offer of judgment to Furedi stated in full:

> Peregrine Enterprises, Inc., a defendant in this action, offers to allow judgment to be taken against it by plaintiff Reka Furedi ("Furedi") for the sum of Twenty One Thousand Dollars ($21,000.00), plus costs, including reasonable attorneys' fees incurred by Furedi, accrued to this date.  This offer is made pursuant to Rule 68 of the Federal Rules of Civil Procedure, and evidence of this offer is not admissible except in a proceeding to determine costs.  This offer is not to be construed either as an admission that the Defendants are liable in this action, or that the Plaintiff has suffered any damage.  If this offer is not accepted in writing within ten (10) days after it is served, it will be deemed withdrawn.

Peregrine, and Messrs. Ed Anakar and Kenneth Sistrunk, in an action captioned *William Imbeault v. Rick's Cabaret Int'l, Inc et al.*, No. 09-CV-4425 (PKC/AJP) (S.D.N.Y. filed May 7, 2009). As Plaintiffs contend in their Proposed Joint Pretrial Order, "William Imbeault alleged misclassification, minimum wage violations under the FLSA and NYLL, unlawful 'kick-back' violations under NYLL, violations relating to gratuities under NYLL, race discrimination and defamation." Plaintiffs' Proposed Joint Pretrial Order at 21, ¶ 147. Following William Imbeault's amendment of his complaint and defendants' answer, the court scheduled a settlement conference before Magistrate Judge Andrew J. Peck on August 14, 2009, at which a settlement was reached on the record and recorded in a transcript that was subsequently sealed by the court. *See William Imbeault* Docket No. 17 (docket entry states: "SEALED DOCUMENT placed in vault.(jri) (Entered: 09/11/2009)"). Magistrate Judge Peck's Order of Dismissal on Consent, dated August 14, 2009, provides:

> Based on the settlement agreement reached by all parties and transcribed by the court reporter on August 14, 2009, and on the stipulation of the parties pursuant to 28 U.S.C. § 636(c), IT IS HEREBY ORDERED THAT this action is dismissed with prejudice and without costs, provided, however, that the Court retains jurisdiction pursuant to the terms of the settlement agreement.

*See William Imbeault* Docket No. 16.

Defendants now move *in limine* to preclude the inadmissible Settlement Information.

## III.   ARGUMENT

### A.   THE TERMS OF THE OFFERS OF JUDGMENT AND WILLIAM IMBEAULT SETTLEMENT MAKE CLEAR THAT THEY ARE INADMISSIBLE AT TRIAL

Even without resort to the FRE and FRCP and the well-established policies supporting the inadmissibility of settlement communications and agreements (all discussed *infra*), the Settlement Information should be precluded because each offer of judgment makes clear on its

face that it cannot be admitted except to determine costs, and the William Imbeault settlement is strictly confidential and under seal.

Each offer of judgment states on its face:

> This offer is made pursuant to Rule 68 of the Federal Rules of Civil Procedure, and evidence of this offer is **not admissible** except in a proceeding to determine costs.  This offer is **not to be construed either as an admission that the Defendants are liable** in this action, **or that the Plaintiff has suffered any damage**.

*See, supra,* Part II (emphasis added).  When Nicole Imbeault accepted Defendants' offer, she even added that "[t]here are no terms or conditions, implied or otherwise, not expressly contained herein and in the Offer of Judgment."  *Nicole Imbeault* Docket No. 17.  The non-acceptance by Plaintiffs Hart and Furedi of Defendants' offers of judgment to them does not alter the stated inadmissibility of such offers.  Finally, the agreement settling William Imbeault's action — which was negotiated by Plaintiffs' counsel, who presumably have a copy of the sealed transcript — is, by its terms, strictly confidential, as further evidenced by its having been filed under seal.

## B.  FRE 408 AND FRCP 68 BAR THE SETTLEMENT INFORMATION

FRE 408 provides, in full:

> **Rule 408. Compromise Offers and Negotiations**
>
> **(a) Prohibited Uses.  *Evidence of the following is not admissible*-**-on behalf of any party--either ***to prove*** or disprove ***the validity*** or amount ***of a disputed claim*** or to impeach by a prior inconsistent statement or a contradiction:
>
> > **(1)** furnishing, promising, or ***offering*--*or accepting***, promising to accept, or offering to accept--***a valuable consideration in compromising*** or attempting to compromise ***the claim***; and
> >
> > **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a

> criminal case and when the negotiations related to a claim
> by a public office in the exercise of its regulatory,
> investigative, or enforcement authority.
>
> **(b) Exceptions.** The court may admit this evidence for another
> purpose, such as proving a witness's bias or prejudice, negating a
> contention of undue delay, or proving an effort to obstruct a
> criminal investigation or prosecution.

FRE 408.[6]   Accordingly, Plaintiffs would be making a "Prohibited Use" of the Settlement

Information under Rule 408(a) if they sought to use settlement offers or agreements to prove

"willfulness" or any aspect of liability or damages.  FRE 408(a); *see Highland Capital Mgmt.,*

*L.P. v. Schneider*, 551 F. Supp. 2d 173, 197 (S.D.N.Y. 2008) (Rule 408 governs documents

"concern[ing] compromise or offers of compromise," and "such evidence may not be offered to

prove liability or damages"); *see Wajcman v. Inv. Corp. of Palm Beach*, No. 07-80912-CIV,

2009 WL 465071, at *2 (S.D. Fla. Feb. 23, 2009) ("[U]nless Plaintiffs can demonstrate that

evidence of other poker facilities' FLSA settlements" with plaintiffs and other poker deals

"should be admitted for some purpose other than to suggest that those facilities, and likewise

Defendant, have violated the FLSA, the Court will not permit the evidence to be introduced at

trial.").

The Advisory Committee Notes to Rule 408 explain the basis for the rule:

> [E]xclusion may be based on two grounds.  (1) The evidence is
> irrelevant, since the offer may be motivated by a desire for peace
> rather than from any concession of weakness of position.  The
> validity of this position will vary as the amount of the offer varies
> in relation to the size of the claim and may also be influenced by

---

[6]      Plaintiffs have not asserted that a Rule 408(b) exception applies here, and indeed, none
apply.  Even if evidence did fall into a 408(b) exception, "its admissibility remains governed by
the general principles of Rules 402, 403, 801, etc."  FRE 408 Adv. Cmte. Notes; *see Highland
Capital Mgmt.*, 551 F. Supp. 2d at 196, 197 (granting motion *in limine* to preclude defendants
"from offering any evidence or testimony at trial reflecting compromise or offers of compromise
where defendants "have not demonstrated that any of these documents evidence bias, prejudice,
or any other permissible purpose under Rule 408.").

> other circumstances.  (2) A more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes.

FRE 408 Adv. Cmte. Notes.

Here, as to the first ground, the offers of judgment and the settlement with William Imbeault were all "motivated by a desire for peace rather than from any concession of weakness of position," as evidenced by their having been made early in the federal litigation process (*i.e.*, in all cases, mere *months* into litigation), and, in the case of Ms. Hart, Ms. Furedi, and Ms. Imbeault, by the offers' relatively small amounts compared to the potential exposure a defendant faces in a class and collective action.  *See Playboy Enterprises, Inc. v. Chuckleberry Pub., Inc.*, 486 F. Supp. 414, 423 n. 10 (S.D.N.Y. 1980), *aff'd*, 687 F.2d 563, 564 (2d Cir. 1982) ("A host of factors may affect a litigant's decision to settle.").

As to the second basis for FRE 408, Defendants made use of the embodiments of the "public policy favoring the compromise and settlement of disputes" (FRE 408 Adv. Cmte. Notes), employing judicial settlement mechanisms to resolve (or attempt to resolve) their disputes with Plaintiffs and the Imbeaults.  *See id.* ("The purpose of this rule is to encourage settlements which would be discouraged if such evidence were admissible."); *Highland Capital Mgmt.*, 551 F. Supp. 2d at 196 ("Rule 408 embodies the strong federal policy favoring settlement of disputes by precluding the use of settlement-related materials as a means of establishing or disproving liability.") (internal quotation marks omitted).  The public policy would be thwarted were Defendants to be punished now for attempting to settle (and successfully settling) litigation five years ago.

The Advisory Committee Notes to FRE 408 make clear that where, as here, a defendant has previously settled litigation with non-parties to the instant litigation, such completed settlements are as protected as offers made to a current plaintiff:

> While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto.  This latter situation will not, of course, ordinarily occur except when a party to the present litigation has compromised with a third person.

FRE 408 Adv. Cmte. Notes; *Playboy Enterprises, Inc.*, 486 F. Supp. at 423 n.10 (where defendant sought to introduce evidence of a litigation settlement between the plaintiff and a non-party, the court held: "To consider the terms of that settlement in this action would be improper and unjustified.  It is well-established that statements made for purposes of settlement negotiations are inadmissible, and Rule 408 of the Federal Rules of Evidence extends the exclusion to completed compromises when offered against the compromiser.").[7]

The Advisory Committee Notes to FRE 408 acknowledge that "[t]he same policy" in favor of settlement that is embodied in FRE 408 also "underlies the provision of Rule 68 of the Federal Rules of Civil Procedure that evidence of an unaccepted offer of judgment is not

---

[7]         In affirming, the Second Circuit explained:

> [Plaintiff] Playboy Enterprises has in fact consented to [non-party] PLAYGIRL's continued publication and has conceded in a settlement agreement in another lawsuit "that PLAYGIRL in itself is not confusingly similar to PLAYBOY or PLAYMATE."  We agree with the district judge's refusal to view this concession as undermining plaintiff's claim that source confusion exists between PLAYMEN and PLAYBOY.  Plaintiff's settlement dealings with PLAYGIRL are not admissible as evidence probative of the issues in this case, see Fed.R.Evid. 408, …

*Playboy Enterprises*, 687 F.2d at 568-69.

admissible except in a proceeding to determine costs." FRE 408 Adv. Cmte. Notes. Indeed, FRCP 68 provides: "***Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.***" FRCP 68(b) (emphasis added). That rule thus applies here with regard to the offers of judgment made to Plaintiffs Hart and Furedi, which (in any event) stated on their face: "This offer is not to be construed either as an admission that the Defendants are liable in this action, or that the Plaintiff has suffered any damage." *See supra,* Part II; *see Sears v. PHP of Alabama, Inc.*, No. 2:05CV304-ID, 2006 WL 1223302, at *1 (M.D. Ala. May 5, 2006) ("Rule 68 of the Federal Rules of Civil Procedure expressly prohibits the admissibility of an offer of judgment which is rejected. The reasoning underlying the exclusion of settlement evidence applies equally to evidence regarding rejected offers of judgment. The court, therefore, concludes that Defendant is precluded from introducing any evidence pertaining to its partial offer of judgment made on October 12, 2005, including Plaintiff's rejection of that offer.") (internal citations omitted).[8]

Finally, it bears noting that the public disclosure (*e.g.*, public filing) of offers of judgment does not affect their inadmissibility under FRE 408. "The issue of whether a party to a settlement agreement has publicized the existence or the terms of that agreement outside the context of the trial at hand does not enter into a court's decision under Rule 408." *Alpex Computer Corp. v. Nintendo Co.*, 770 F. Supp. 161, 163 (S.D.N.Y. 1991), *on reconsideration,*

---

[8]     The *Sears* court considered a scenario where "Defendant desires to introduce evidence of the fact that it made an offer of judgment presumably to show that Plaintiff rejected that offer, and Plaintiff wants to introduce evidence to the effect that Defendant admits liability as to her FLSA claim …" *Sears*, 2006 WL 1223302, at *1. The court ruled that "Defendant's motion in limine, asserted in paragraph 1, is hereby GRANTED with the additional caveat that evidence pertaining to and arising from Defendant's partial offer of judgment also is hereby EXCLUDED." *Id.*

No. 86 CIV. 1749 (KMW), 1994 WL 139423 (S.D.N.Y. Mar. 18, 1994), *vacated in part,* No. 86

CIV. 1749 (KMW), 1994 WL 381659 (S.D.N.Y. July 21, 1994).[9]

## C.   THE SETTLEMENT INFORMATION IS INADMISSIBLE BECAUSE IT IS IRRELEVANT, AND ITS PROBATIVE VALUE IS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSING THE ISSUES, MISLEADING THE JURY, AND WASTING TIME

The threshold question in the admissibility of any evidence at trial is whether it is relevant to the jury's determination of the issues in dispute.  As defined in FRE 401, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  FRE 402 provides in relevant part that "[i]rrelevant evidence is not admissible."

FRE 403 also provides for the exclusion of even relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, [or] wasting time …" FRE 403.  Evidence is prejudicial under FRE 403 if it "involves some adverse effect… beyond tending to prove the fact or issue that justified its admission into evidence."  *Highland Capital Mgmt.*, 551 F. Supp. 2d at 176-177 (*quoting United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995).  "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  FRE 403 Adv. Cmte. Note.  The Second Circuit has instructed that the "[d]istrict courts have broad discretion to balance the probative value of evidence against possible prejudice" under FRE 403.  *United States v. Bermudez,* 529 F.3d 158 (2d Cir. 2008).

---

[9]      It should also be noted that, per FRE 408(a), not only do Defendants "dispute[]" "the validity or amount of" Plaintiffs' claims in this action, but that they also disputed the Imbeaults' claims in their answers to the Imbeaults' actions (and in the offer of judgment to Nicole Imbeault).  Defendants did not admit fault or liability in the William Imbeault action.

Here, the Settlement Information should be precluded under FRE 401 and 402 because it lacks probative value and is therefore irrelevant as to either liability or damages.   William Imbeault agreed that his settlement would be confidential, with no admission of fault or liability by Defendants, and each offer of judgment states: "***This offer is not to be construed either as an admission that the Defendants are liable in this action, or that the Plaintiff has suffered any damage***."   *See supra*, Part II (emphasis added).   Indeed, each offer of judgment was "motivated by a desire for peace" (FRE 408 Adv. Cmte. Notes), and is not a reflection of the merits of the claims asserted.

Furthermore, even if Nicole and William Imbeault had asserted claims that are similar to those at issue here, the complaints and answers filed in their actions (marked as P35-36, 38-42) are unsworn statements as to liability and damages (denied in the defendants' answers) in actions settled without any admissions of liability or damages. [10]   Accordingly, the filings have no probative value.

In   *Highland Capital Mgmt.*, 551 F. Supp. 2d at 198, the court granted the motion *in limine* by third-party defendant/counterclaimant RBC, "pursuant to Rules 401, 402, 403, and 408

---

[10]   Plaintiffs' contention there is probative value as to willfulness in Nicole Imbeault's allegations against and settlment with Defendants is completely wrong, as Ms. Imbeault — represented by Plaintiffs' counsel — accepted an offer of judgment that stated that Defendants were not liable and that Ms. Imbeault incurred no damages.   Moreover, the offer of judgment cannot be, as Plaintiffs' counsel proclaimed, "great evidence" of *anything* in this action because it stated on its face that it was "not admissible except in a proceeding to determine costs" (which this is not), and Ms. Imbeault's counsel agreed to those terms.   *See* Docket No. 629 (12/9/14 Tr.) at 31:20).
To the extent that Plaintiffs assert that any of the filings in the Imbeault cases (including the notice of dismissal in Mr. Imbeault's matter) have probative value, such relevance is substantially outweighed by the prejudice of causing the jury to focus on claims by non-parties in long-settled actions, and — assuming Ms. Imbeault's accepted offer of judgment and Mr. Imbeault's agreement are barred — speculate as to how those cases were resolved.
Finally, as Plaintiffs seek trial testimony from William Imbeault, they will potentially be able to obtain relevant, non-prejudicial testimony from him that does not relate to his settlement with Defendants or the action that led to such settlement.

of the Federal Rules of Evidence to prevent the [defendant/third-party plaintiffs] Schneiders from offering any evidence, testimony, argument, or reference at trial to [a NASD] arbitration between RBC and [non-party] Glen Rauch Securities, Inc. ('GRS') and the subsequent settlement agreement." *See* id. at 199 ("RBC's motion is GRANTED and the Schneiders are precluded from offering evidence, testimony, argument, or reference to the NASD arbitration and subsequent settlement agreement between RBC and GRS.").   The court refused to admit even RBC's statement of claim in the arbitration — analogous to the complaints in the Imbeault actions — finding that "even if it has some probative value, the danger of unfair prejudice substantially outweighs the probative value.  There is a substantial risk that the jury would give undue weight to the arbitration proceedings and be confused by the evidence, testimony, or argument, in deciding the Schneiders' liability." *Id.* at 198.

The *Highland Capital* court held that the settlement agreement, which did "not contain any admissions of liability," was "not relevant to this case," and that the Court's "determinations apply to not only the settlement agreement itself, but also the fact of settlement and the terms of settlement." *Id.* at 199.  "Furthermore, under Rule 403, any probative value that the settlement agreement might have is far outweighed by the significant risk of unfair prejudice.  There is a significant risk that the jury would infer from the settlement agreement that GRS or [Glen] Rauch [who acted as an agent for the Schneiders] were the wrongdoers and consider that in determining the Schneiders' liability." *Id.* at 199. Similarly, granting RBC's "motion to exclude any evidence or testimony at trial reflecting compromise or offers of compromise between RBC and Highland" concerning a separate litigation, the court considered that "there is a substantial risk that the jury will be confused by the legal claims at issue between RBC and Highland….

16

There is a significant risk that the jury would consider the potential claims between RBC and Highland in determining the claims against the Schneiders." *Id.* at 198.

Here, evidence regarding the Settlement Information is not relevant and therefore lacks any probative value. Even if it were deemed to have slight probative value, such value would be substantially outweighed by the danger of unfair prejudice to Defendants because it would, *inter alia*:

    (a)    confuse and mislead the jury in its determinations with respect to liability and damages by:

        (i)    leading the jury to consider as relevant evidence Defendants' offers of judgment in this action, which were motivated by a desire for peace and are specifically rendered inadmissible here by FRE 408(a) and FRCP 68(b),

        (ii)    leading the jury to as relevant evidence claims by Nicole Imbeault against Defendants, which were settled more than five years ago, with no admission of liability or damages, and which are specifically rendered inadmissible here by FRE 408(a) and the terms of the offer of judgment, as accepted by Ms. Imbeault's counsel,

        (iii)    leading the jury to consider as relevant evidence claims by William Imbeault against Defendants that were settled more than five years ago, with no admission of liability or damages, and which are specifically rendered inadmissible here by FRE 408(a) and by Mr. Imbeault's agreement that the settlement terms would be strictly confidential and under seal, and

(iv)    leading the jury to consider the amounts offered in the three offers of judgment, and the terms of the William Imbeault settlement, in determining the amount of damages to award in this action, if any, and Defendants' ability to pay damages;

(b)    deprive Defendants of the benefits of the public policy, FRE and FRCP provisions, and case law that encourage settlement of litigation by restricting the admissibility of settlement material in the same action and in subsequent actions, and specifically by depriving Defendants of the benefits of the terms of the offers of judgment made in this action and the terms of the settlements agreed to with the Imbeaults;

(c)    result in the admission of evidence that is, on the face of the offers of judgment, inadmissible in a proceeding other than "to determine costs";

(d)    impermissibly suggest to the jury, without any basis, that Defendants were "willful" or lacked good faith, in connection with determinations of liability and damages under the Fair Labor Standards Act and the New York Labor Law;

(e)    violate the confidentiality of the William Imbeault settlement; and

(f)    violate the attorney-client privilege by soliciting testimony from Eric Langan as to "the decision to make Rule 68 offers of judgment in the Nicole Imbeault matter and in this matter and the amount of those offers" (Plaintiffs' Proposed Joint Pretrial Order at 22 (item (10)), as well as "the decision to settle the William Imbeault matter" (*id.* at 22 (item (11))).

Introducing the Settlement Information at trial would prejudice the jury, confuse the issues, and mislead the jury by causing the jury to believe that such evidence is relevant to

Defendants' liability and the damages sought here by Plaintiffs, which it is not.  In any event, presenting witness testimony and exhibits that lack probative value would waste time.

Accordingly, the Settlement Information should be held inadmissible and excluded as evidence from the trial.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court exclude any evidence or argument concerning the Settlement Information that Plaintiffs wish to introduce at trial, which information is irrelevant, highly prejudicial to Defendants, barred by its terms, and barred by the FRE and FRCP.


Dated:  New York, New York
        February 6, 2015

MEISTER SEELIG & FEIN LLP
_____/s/ Jeffrey A. Kimmel_____
By: Jeffrey A. Kimmel
    Racquel Crespi Weintraub
    Christopher J. Major
125 Park Avenue, 7th Floor
New York, New York 10017
212-655-3500

*Attorneys for Defendants*