```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SABRINA HART and REKA FUREDI, *on behalf of*
*themselves and all others similarly situated, and the New*
*York Rule 23 Class*,

                        Plaintiffs,

             -v-

RCI HOSPITALITY HOLDINGS, INC.
f/k/a Rick's Cabaret International Inc.,
RCI ENTERTAINMENT (NEW YORK), INC., and
PEREGRINE ENTERPRISES, INC.,

                        Defendants.
------------------------------------------------------------------X

09 Civ. 3043 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The parties in this case have reached a settlement agreement, subject to the Court's approval. On April 1, 2015, plaintiffs submitted an unopposed motion for preliminary approval of the proposed settlement, as well as a memorandum of law in support, a declaration, and an affidavit. Dkt. 730–33. In a separate order issued today, the Court has granted plaintiffs' motion for preliminary approval of the proposed settlement, approved the settlement notices for distribution, and scheduled the final fairness hearing for **September 18, 2015 at 9:30 a.m.**

As a result of this development, the Court hereby adjourns all deadlines in the case that are not related to the settlement process. For avoidance of doubt, this adjournment includes all trial-related deadlines, including the April 7, 2015 deadline for various pretrial submissions, and the trial itself, which had been scheduled to begin on April 27, 2015.

Separately, plaintiffs have also moved to file, under seal, in its entirety, Exhibit I to the settlement agreement, and have filed a memorandum of law in support of that motion. Dkt. 728–

29. The Exhibit at issue contains a table setting out the anticipated allocation of the net settlement proceeds among the class. The table includes the name of each class member and the corresponding amount she stands to receive if the Court approves the settlement. After carefully reviewing the Exhibit at issue and considering plaintiffs' arguments, the Court denies plaintiffs' motion to file the entire Exhibit under seal. However, the Court authorizes plaintiffs to file this Exhibit with all personally identifiable information as to individual class members redacted. Plaintiffs may thus redact all class members' names, but not the monetary amounts listed alongside those names.

By way of explanation, the Court agrees with plaintiffs that they "have a strong privacy interest" in not disclosing their names, and that "Class Members face a significant risk of unwanted media exposure if their names and settlement allocations are made public." Dkt. 729, at 3–4. But the relief requested is substantially broader than necessary to protect class members' privacy. The redaction that the Court authorizes protects class members' privacy, but makes public the information of legitimate public interest, to wit, the distribution of the net settlement proceeds among the class, and the incidence of particular recoveries within the class. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("In addition to the common law right of access [to judicial documents], it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004))). The pertinence of Exhibit I is clear from the fact that the plaintiffs chose to submit it in connection with their proposed settlement agreement.

Plaintiffs argue that publishing "the names and settlement allocations of individual Class Members will increase the risk of fraudulent claims as unscrupulous persons may be tempted to

2

pose as Class Members given the significant amount of money that some Class Members are entitled to receive." Dkt. 729, at 4. Insofar as this argument is based on the concern that disclosing particular class members' names alongside a corresponding damages allocation may induce fraudulent claims, the Court has addressed this concern by authorizing redaction of class members' names. In the Court's judgment, however, this concern is not significant if the public is told the specific amounts of individual recoveries with no names attached. And in their filings, plaintiffs have *already* publicly disclosed and summarized such information, albeit at a somewhat more generic level. As they point out, "the gross settlement amount, total estimated amounts for distribution to the Class, and the range and average of allocations is listed in Plaintiffs' Unopposed Memorandum in Support of their Motion for Preliminary Approval of the Proposed Settlement and an explanation of how individual allocations were calculated is listed in the parties' settlement agreement and Dr. Crawford's Declaration filed in support . . . ." *Id.* at 2; *see also* Dkt. 731, at 9 (setting forth, *inter alia*, the range of individual allocations ($11 to $83,087), the number of plaintiffs who would receive more than $10,000 (289), and the average allocation ($4,247)).

Accordingly, by April 9, 2015, plaintiffs are directed to file Exhibit I on the docket in this case, but may redact this Exhibit as authorized herein.

In sum, the Court (1) grants plaintiffs' motion for preliminary approval of the parties' settlement; (2) approves the settlement notices for distribution; (3) schedules the final fairness hearing for September 18, 2015 at 9:30 a.m.; (4) adjourns all deadlines in the case that are not related to the settlement process; and (5) denies plaintiffs' motion to file under seal, in its entirety, Exhibit I to the settlement agreement, directs plaintiffs to file this Exhibit by April 9, but authorizes plaintiffs to redact the class members' names from this Exhibit.

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 728 and 730.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 2, 2015
       New York, New York