```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
SABRINA HART and REKA FUREDI, on behalf of                        :
themselves and all others similarly situated, and the New         :
York Rule 23 Class,                                               :      09 Civ. 3043 (PAE)
                                                                  :
                                    Plaintiffs,                   :      FINAL JUDGMENT
                                                                  :
                 -v-                                              :
                                                                  :
RCI HOSPITALITY HOLDINGS, INC. (F/K/A RICK'S                      :
CABARET INTERNATIONAL, INC.), RCI                                 :
ENTERTAINMENT (NEW YORK), INC., and                               :
PEREGRINE ENTERPRISES, INC.,                                      :
                                                                  :
                                    Defendants.                   :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/15

PAUL A. ENGELMAYER, District Judge:

Plaintiffs have moved for an order finally approving the parties' settlement in this class and collective action brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs have also moved for attorneys' fees and expenses, service payments for the two named plaintiffs, and discovery participant service payments for those FLSA opt-in plaintiffs who were deposed in this matter. No class member has objected to any of the relief sought and both motions are unopposed. On September 18, 2015, a fairness hearing was held, at which the Court stated that it intended to rule shortly. The Court now grants the relief sought by plaintiffs in its entirety.

The Court finds that the settlement meets the requirements of Fed. R. Civ. P. 23, in that the settlement is fair, adequate, and reasonable, and not a product of collusion. The Court also finds that the settlement should be approved under the FLSA, as the settlement reflects a fair and reasonable compromise of disputed issues that were reached as a result of contested litigation.

Additionally, the Court finds that the requested attorneys' fees, expenses, service payments, and discovery participant service payments are reasonable and warranted. Accordingly, Plaintiffs' motion for final settlement approval is GRANTED, Plaintiffs' motion for attorneys' fees and expenses, service payments and discovery participant service payments is GRANTED, and it is hereby ORDERED:

1. The following amounts are approved for distribution in the timeframe and manner specified by the parties' settlement agreement:

    a. Net Settlement Fund of $6,874,685.07, to be allocated among all Non-Verification Class Members who have not been excluded from this settlement and to all Verification Class Members whose Verification Forms the parties have agreed to honor;

    b. Class Representative Service Payments of $15,000 each to Class Representatives Sabrina Hart and Reka Furedi;

    c. Discovery Participant Service Payments of $2,000 each to the 25 FLSA Collective Members who were deposed in this matter;

    d. $5,500,000 to Class Counsel, the law firm of Nichols Kaster, PLLP;

2. Subject to the provisions provided in the parties' settlement agreement at paragraphs 155-157 and 176, and with the exception of the 19 class members who have been excluded from this settlement, each class and collective member on behalf of herself, agents, assigns, heirs, executors, administrators, beneficiaries, trustees, legal representatives shall be deemed to have actually, knowingly and voluntarily, released, acquitted and forever discharged Defendants, their successors and/or assigns, including their directors, officers, shareholders, employees and affiliates from any and all claims, actions, or causes of action of whatever nature, character or description, whether known, unknown, suspected or unsuspected, which arise out of, or are in any way based on, connected with or related to the matters alleged in the Third Amended Complaint in this action arising and accruing prior to November 1, 2012; and

3. As contemplated by the parties' settlement agreement at paragraphs 118, 171, and 173, the Court retains jurisdiction to enforce the settlement agreement.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 22, 2015
       New York, New York